IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL -7 2000

Michael N. Milby
Clerk of Court,

| | |
|---|---|
| DAN MORIN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARGARITA FLORES, DECEASED | § § § § § |
| V. | § § |
| RALPH D. MOORE, JOSEPH VASQUEZ,  JIM SCHOEPNER | § § § |
| AND | § § |
| CITY OF HARLINGEN, TEXAS | § |

CIVIL ACTION NO.

B - 00 - 104

## COMPLAINT

Now comes Plaintiffs and file this original complaint as against Ralph D. Moore,

Joseph Vasquez, Jim Schoepner and the City of Harlingen Texas and in support thereof

would show the Court as follows:

I.

## Preliminary Statement

1.      Dan Morin is the surviving son of Margarita Flores and is a United States citizen.

The Plaintiff and decedent were subjected to the deadly use of force in violation of rights

guaranteed to them by the Fourth and Fourteenth Amendments to United States

Constitution.  Plaintiffs commence this action pursuant to 42 U.S.C. Section 1983.

Plaintiff seeks compensatory damages, punitive damages and attorneys fees as authorized

by 42 U.S.C. Section 1988.  Plaintiff also seek damages pursuant to the Texas Tort

Claims Act and the Texas Wrongful Death and Survival statutes.

## II.

## Jurisdiction

2.      42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 provide jurisdiction over Plaintiffs' constitutional claims for redress, which are conferred on this Honorable Court by 28 U.S.C. Section 1343 (a) (3).  Federal question jurisdiction is conferred on this Honorable Court by 28 U.S.C. Section 1331, because this action arises under the Constitution and laws of the United States.  This Honorable Court has pendant jurisdiction over all claims asserted under the laws of the State of Texas pursuant to 28 U.S.C. Section 1367 (a).

## III.

## Jury Trial Demand

3.      Plaintiffs demand a trial by jury.

## IV.

## Parties

## Plaintiffs

4.      Plaintiff Dan Morin is an individual residing in Rio Hondo, Cameron County, Texas.

## Defendants

5.      Police Detective Ralph D. Moore is and was at all relevant times a resident of Cameron County Texas, was employed as a police officer and detective by the City of Harlingen, Texas, and acted under color of law as a police officer and detective employed by the City of Harlingen.

Defendant Moore may be served with process by serving Harlingen City Manager Natalie Prim, 118 E. Tyler, Harlingen, Texas 78550, or at the Harlingen Police Department, 1102 S. Commerce Street, Harlingen, Texas 78550.

6.      Captain Joseph Vasquez is and was at all relevant times a resident of Cameron County Texas, was employed as a police officer by the City of Harlingen Texas and acted under color of law as a police officer employed by the City of Harlingen.  Captain Vasquez may be served with process by serving Harlingen City Manager Natalie Prim, 118 E. Tyler, Harlingen, Texas 78550, or at the Harlingen Police Department, 1102 S. Commerce Street, Harlingen, Texas 78550.

7.      Chief of Police Jim Schoepner is and was employed as a police officer by the City of Harlingen, Texas, and acted under color of law as a the Chief of Police employed by the City of Harlingen.   Defendant Schoepner may be served with process by serving Harlingen City Manager Natalie Prim, 118 E. Tyler, Harlingen, Texas 78550, or at the Harlingen Police Department, 1102 S. Commerce Street, Harlingen, Texas 78550.

8.      The City of Harlingen Texas, is a municipality and a political subdivision of the State of Texas, located within the boundaries of the Brownsville division of the United States District Court for the Southern District of Texas, where all acts and omissions alleged herein occurred.  This Defendant may be served with process by serving the Harlingen City Manager, Natalie Prim, 118 E. Tyler, Harlingen, Texas 78550.

9.      For all things, all officers and employees of the City of Harlingen who are identified by name or referenced herein at all times acted in bona fide pursuance of general authority to act for the City of Harlingen on the subjects and matters to which their acts relate, which acts were and are imputed to the City of Harlingen.

# IV.

## FACTUAL BACKGROUND

10.     Prior to September of 1997, Harlingen police officer, Defendant Joseph Vasquez came into possession of a semi-automatic weapon, namely an MAC-90 Sporter, serial number 9339798, also known as an "AK-47" assault rifle, during his employment with the Harlingen Police Department.   In September of 1997, Vasquez transferred possession of the AK-47 rifle to Defendant Ralph D. Moore.  Both Vasquez and Moore were aware that the weapon would likely come into the possession of Defendant Moore's son, Ernest Moore.

11.     Neither officer Vasquez nor Detective Moore were initially trained or qualified in the proficient use of the AK-47 assault rifle before the incident in question.  These omissions failed to meet existing minimum statewide proficiency standards for this type of weapon.

12.     The AK-47 assault rifle was stored at Defendant Moore's residence.  Defendant Moore specifically stored the rifle in the bedroom of this son, Ernest Moore, in a rifle safe.

13.     Defendant Moore's son, Ernest Moore, was known to be physiologically unstable, a cocaine user and the recipient of prescription psychological drugs.

14.     Defendants Moore and Vasquez knew that his son, Ernest Moore, had access to the contents of the rifle safe and to the AK-47 assault rifle.

15.     On the morning of July 7, 1998, Ernest Moore procured the AK-47 assault rifle from the rifle safe in his bedroom and went to the home of decedent Margarita Flores in Rio Hondo, apparently upset over his ex-girlfriend's relationship with Plaintiff, Dan Morin.  Ernest Moore opened fire on Plaintiff Dan Morin, Margarita Flores and Delia Morin.  As a result,  Margarita Flores and Delia Morin were killed, and Plaintiff Dan Morin was critically injured.

16.     Later that morning, Ernest Moore returned to his home and used another automatic weapon stored in the same rifle safe to fatally shoot two border patrol agents.

## V.

## Federal Claims and Causes of Action

17.     Plaintiffs herein assert that the City of Harlingen and its Chief of Police, Defendant Schoepner violated the Plaintiff's and decedent Margarita Flores' Fourteenth Amendment due process rights to liberty and property by creating a dangerous environment that provided an opportunity that otherwise would not have existed for Ernest Moore to murder Margarita Flores and Delia Morin, and to critically injure Dan Morin.  Specifically, the City of Harlingen and Defendant Schoepner maintained unconstitutional policies and failed to enforce existing procedures which ultimately allowed Defendants, Joseph Vasquez and Ralph D. Moore to take possession of the AK-47 assault rifle despite the fact that they were not trained to safely use or store the weapon.

# VI.

## State Law Claims

18.     The City of Harlingen is liable to Plaintiff under Section 101.021 of the Texas

Civil Practice and Remedies Code (The Texas Tort Claims Act) because of the negligent

and other wrongful uses by Defendants Vasquez and Moore of the AK-47 assault rifle as

tangible personal property, which, singularly or any combination with one another,

approximately caused and resulted in injuries to Dan Morin and the death of Margarita

Flores and in all resulting damages to Plaintiffs, which include the following acts and

omissions:

   A.     Allowing Defendant Vasquez to take possession of the AK-47 assault rifle.

   B.     Allowing Defendant Vasquez to transfer possession of the assault rifle to

          Defendant Ralph D. Moore;

   C.     Physically storing the assault rifle in an operable condition ready for use,

          while it was accessible to someone other than Defendant Moore (including

          Ernest Moore);

   D.     The negligent implementation of those policies that resulted in or contributed

          to and proximately caused the injuries of Dan Morin and the death of

          Margarita Flores including, but not limited to a policy of not implementing or

          enforcing procedures and regulations concerning the disposition, possession

          and use of weapons;

   E.     The failure to implement and/or enforce appropriate procedures and polices

          regarding the disposition, possession and use of weapons.

ClibPDF - www.fastio.com

19.    Plaintiff asserts that Defendant Joseph Vasquez was guilty of additional acts and omissions of negligence which proximately caused Plaintiff's damages, including accepting and possessing the AK-47 assault rifle, and transferring said rifle to our detective, Ralph D. Moore, knowing that detective Moore had not been previously trained on its proper and safe usage and storage, and knowing that Ernest Moore would likely take possession of or have access to the weapon.

20.    Plaintiff assert that Defendant Ralph D. Moore is guilty of acts and omissions of negligence that proximately caused plaintiffs damages, including accepting and possessing the AK-47 assault rifle without prior training on its proper and safe usage and storage;  failing to properly store the weapon in a location where others such as Ernest Moore would not have access;  and negligently entrusting the weapon to Ernest Moore, knowing that Ernest Moore was a highly unstable person, a drug user, and was upset regarding the activities of his ex-girlfriend in the time frame surrounding this incident.

21.    Plaintiff asserts that Defendant Schoepner was guilty of additional acts and omissions of negligence which proximately caused Plaintiff's damages, including the failure to implement and/or enforce appropriate procedures and polices regarding the possession and use of weapons by Harlingen police officers.

## VII.

### Damages

22.    As a proximate result of this incident, Plaintiff Dan Morin sustained severe bodily injuries consisting of bullets wounds to multiple parts of his body.

He hereby sues for damages for past and future medical expenses, past and future pain and suffering and mental anguish, past and future physical impairment, past and future disfigurement and past and future loss of earning capacity.

23.     Plaintiff Dan Morin was a witness and bystander to the shooting deaths of his mother, Margarita Flores and sister, Delia Morin.  As a result, Plaintiff suffered and will continue to suffer mental anguish as a result of being a bystander to his mother's and sister's deaths.

24.     Decedent Margarita Flores was 52 years of age at the time of her death.   She suffered conscious pain and suffering prior to her death on July 7, 1998 and her estate incurred reasonable funeral expenses and medical expenses reasonable and necessarily incurred in attempt to save her life.

25.     Dan Morin, a  surviving son of Margarita Flores, has suffered damages resulting from the death of his mother, including loss of companionship and society, mental anguish, pecuniary losses and loss of inheritance.

## VIII.

## Exemplary Damages

26.     The acts and omissions giving rise to the claims stated herein were committed with the amount of conscious indifference which shows or tends to show malice or ill intent on the part of the defendants named herein, so as to constitute gross negligence and warrant the award of exemplary damages against the defendants herein.

# IX.

## Prayer

WHEREFORE, Plaintiff herein prays that the this Honorable Court enter judgment against Defendants, jointly and severally on behalf of Plaintiff for compensatory damages, punitive damages and all damages arising under all applicable laws cited herein.  Plaintiffs further request a trial by jury and any additional relief to which they may show themselves justly entitled, including prejudgment interest and postjudgment interest at the highest legal rate allowed by law.

Respectfully submitted,

PATTERSON & ASSOCIATES

By: _____

Robert J. Patterson
State Bar No. 15604500
Federal I.D. 748
Ray Alexander
State Bar No. 00997025
Federal I.D. 8442
101 N. Shoreline, Suite 210
Corpus Christi, Texas 78401
(361) 887-1881
(361) 887-6761 (Facsimile)

# IX.

## Prayer

WHEREFORE, Plaintiff herein prays that the this Honorable Court enter judgment against Defendants, jointly and severally on behalf of Plaintiff for compensatory damages, punitive damages and all damages arising under all applicable laws cited herein.  Plaintiffs further request a trial by jury and any additional relief to which they may show themselves justly entitled, including prejudgment interest and postjudgment interest at the highest legal rate allowed by law.

Respectfully submitted,

PATTERSON & ASSOCIATES

By:

Robert J. Patterson
State Bar No. 15604500
Federal I.D. 748
Ray Alexander
State Bar No. 00997025
Federal I.D. 8442
101 N. Shoreline, Suite 210
Corpus Christi, Texas 78401
(361) 887-1881
(361) 887-6761 (Facsimile)

ClibPDF - www.fastio.com

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## DISTRICT OF _____

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased
              V.        **PLAINTIFF**
Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and City of Harlingen, Texas
              **DEFENDANTS**

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **B-00-104**

**TO:** (Name and address of defendant)

Ralph D. Moore,through Harlingen City Manager Natalie Prim, 118 E. Tyler,
Harlingen, Texas 78550 or at the Harlingen Police Department, 1102 S.
Commerece Street, Harlingen, Texas  78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas   78401

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Michael N Milby, Clerk                          7-7-00

CLERK                                           DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## DISTRICT OF

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased

PLAINTIFF

**V.**

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and
City of Harlingen, Texas

DEFENDANTS

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

*B-00-104*

TO: (Name and address of defendant)

The City of Harlingen, through its Harlingen City Manager, Natalie Prim,
118 E. Tyler, Harlingen, Texas  78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas  78401

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Michael N Milby, Clerk

7-7-00

CLERK                                                         DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased
                    PLAINTIFF
            V.

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and
City of Harlingen, Texas
            DEFENDANTS

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

B-00-104

TO: (Name and address of defendant)

Jim Schoepner, through Harlingen City Manager Natalie Prim,
118 E. Tyler, Harlingen, Texas  78550 or at the Harlingen Police
Department, 1102 S. Commerece Street, Harlingen,  Texas  78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Michael N. Milby, Clerk

7-7-00

CLERK                                                         DATE


(BY) DEPUTY CLERK

ClibPDF - www.fastio.com

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## ──── DISTRICT OF ────

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased
                    V.         PLAINTIFF

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and
City of Harlingen, Texas
                         DEFENDANTS

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **B-00-104**

TO: (Name and address of defendant)

Joseph Vasquez, through Harlingen City Manager Natalie Prim,
118 E. Tyler, Harlingen, Texas  78550 or at the Harlingen Police
Department, 1102 S. Commerce Street, Harlingen,  Texas  78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas  78401

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Michael N Milby, Clerk

| CLERK | | DATE |
|---|---|---|
| (BY) DEPUTY CLERK | | 7-7-00 |