6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 1 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN, ET AL | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | **(ORAL HEARING IS REQUESTED)** |
| CITY OF HARLINGEN, ET AL | { | |

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
COMPLAINT UNDER FRCP 12(b)(4,5) and UNDER FRCP 12(b)(6)

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R. D. MOORE,
JOSEPH VASQUEZ and JIM SCHEOPNER

WALTER PASSMORE
Federal ID No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE,
JIM SCHEOPNER, In Their Individual Capacity

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

I.  Statement of Nature and Stage of the Proceedings . . . . . . . . . . . . . . .   1

II.  Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

III.  Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

    A.  Service of Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

IV.  Plaintiff Morin Failed to Properly
Serve Complaint on Individual Defendants . . . . . . . . . . . . . . . . . .   4

V.  Complaint Fails to State Claims Under 4th and 14th Amendments . . . . . . . . .   5

    A.  Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

    B.  Supreme Court and Fifth Circuit Have Not
Extended Due Process to Require Defendants
Prevent Harm By A Private Citizen . . . . . . . . . . . . . . . . . . . . .   5

    C.  Amended Complaint Fails to State Facts Showing Defendants
Put Morin Family In A Dangerous Environment
and Strip Them of the Ability to Defend Themselves . . . . . . . . . . .   7

        1.  Defendants Did Not Create A Risk Of
Third Party Crime That Did Not Already Exist . . . . . . . . . .   7

        2.  Defendants Did Not Force the Morins Into Harm's Way
Or Stripped Them of the Means of Self-Defense or Escape . .   9

        3.  Defendants Did Not Know Of Any
Immediate Danger Facing A Known Victim . . . . . . . . . . .   9

VI.  <u>State Law Claims</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

<u>CERTIFICATE OF SERVICE</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

INDEX OF AUTHORITIES

Cites:                                                                                    Page

*Amen v. City of Dearborn*, 532 F.2d 554 (6th Cir. 1976) . . . . . . . . . . . . . . . . . . . . 5

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Balistreri v. Pacifica Police Dept.*,
   901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*DeShaney v. Winnebago County Dept. of Soc. Serv.*,
   489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) . . . . . . . . . . . . . . 2, 6

*Doe v. Hillsboro ISD*, 113 F.3d 1412 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . 6, 7

*Estate of Brown v. Barian*, 43 F.Supp.2d 1008 (E.D.Wisc. 1999) . . . . . . . . . . . . . 8

*Graham v. Connor*, 490 U.S. 396 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . 5

*Johnson v. Dallas ISD*, 38 F.3d 198
   (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995) . . . . . . . . . . . . . . . . 6-8

*Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1997) . . . . . . . . . . . . . . 7

*Kennedy v. Baird*, 682 S.W.2d 377
   (Tex. App.- El Paso 1984, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lefall v. Dallas ISD*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Losinski v. City of Trempealeau*,
   946 F.2d 544 (7th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mark v. Borough of Hatboro*, 51 F.3d 1137 (3rd Cir. 1995), *cert denied*,
   516 U.S. 858 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) . . . . . . 5

iv

*Nat'l Convenience Stores v. T.T. Barge Cleaning Co.*,
883 S.W.2d 684 (Tex. App.-Texarakana, 1994, writ denied) . . . . . . . . . . 10

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997)
*cert. denied* 525 U.S. 822 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Saenz v. Heldenfels Bros., Inc.*,
183 F.3d 389 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Salinas v. Gen'l Motors Corp.*, 857 S.W.2d 944
(Tex.App.-Houston [1st Dist.] 1993, no writ) . . . . . . . . . . . . . . . . . . . . 10

*Wofford v. Blomquist*, 865 S.W.2d 612
(Tex. App.-Corpus Christi 1993, writ denied) . . . . . . . . . . . . . . . . . . . . 11

Statutes:

42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

Texas Civil Practices & Remedies Code:

Chap. 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure:

Rule 4(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Rule 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5
Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

United States Constitution:

14th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

6

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUL 3 1 2000

Michael N. Milby
Clerk of Court

DAN MORIN, ET AL        {

                   {         CIVIL ACTION NO. B-00-104

V.                  {

                   {       **(ORAL HEARING IS REQUESTED)**

CITY OF HARLINGEN, ET AL    {

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FRCP 12(b)(4,5) and UNDER FRCP 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants CITY OF HARLINGEN, TEXAS, R.D. MOORE, JOSEPH VASQUEZ and JIM SCHEOPNER, and file this their **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FRCP 12(b)(4,5) and UNDER FRCP 12(b)(6)** and would show the Court as follows:

I.  Statement of Nature and Stage of the Proceedings

Plaintiff Morin sues for his mother's death and his own injuries under the (1) Texas Tort Claims Act (Tex. Civ. Prac. & Rem. Code, Chap. 101) and (2) 42 USC § 1983. He alleges Ernest Moore obtained a rifle from Defendant R.D. Moore's possession and that Defendant Moore obtained it from Defendant Vasquez. Morin alleges Ernest used that rifle to shoot Morin and kill his mother.

1

CVAPDF - www.fxvisa.com

Defendants Scheopner, Moore and Vasquez move to dismiss all claims under Fed.R.Civ.Pr. 12(b)(4,5).   Subject to that motion, all Defendants move to dismiss all claims under Fed.R.Civ.P. 12(b)(6).

## II.  Statement of the Issues

1.      Whether the case against individual Defendants should be dismissed for failure to serve the Summons and Complaint on them personally.

2.      Whether the Complaint pleads any exception to the holding in *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), that the 14th Amendment's Due Process Clause does not impose a duty on public officials to prevent a third party from injuring Plaintiff.

3.      Whether an exception exists to *DeShaney* for a risk of harm of criminal violence by a private citizen allegedly created by the Defendants if (1) they did not force the Morins to encounter the danger, and (2) they did not remove the Morins' ability to protect  themselves or escape the risk.

4.      Whether Defendants had a duty under state law to prevent a private citizen from acquiring a rifle and using it to commit a crime.

5.      Whether any state tort exists for negligently (1) failing to safeguard a rifle, and (2) transferring possession of the rifle.

III. Background

    A.    Service of Complaint

On July 12, 2000, Plaintiffs' process server served the Summons and Complaint for Defendants Scheopner, Vasquez and Moore on the City of Harlingen's City Manager, Natalie Prim. See Exhibit 1.[1/] The summons for each of them stated that it was to be served on each by serving Ms. Prim. Attachments 1-4 to Exh. 1.

    B.    Plaintiffs' Allegations

Morin's Complaint alleges that in 1997, Defendant Vasquez "came into possession" of a AK-47 rifle in the course of his employment for the city. Complaint, ¶ 10. He alleges in September, 1997, Defendant Vasquez "transferred" the weapon to Defendant Moore. Complaint, ¶ 10. He alleges both were not trained and not properly qualified to use an AK-47 rifle. Complaint, ¶ 11.

Morin alleges that Defendant Moore stored the rifle in a rifle safe at his residence in the bedroom of his son, Ernest. Complaint, ¶ 12. Morin alleges that Defendants Vasquez and Moore knew that Ernest had access to the safe. Complaint, ¶ 14. Morin alleges Ernest Moore was psychologically unstable, a cocaine user and using prescription drugs. Complaint, ¶ 13.

Morin alleges that on or about July 7, 1999, Ernest Moore "procured" the AK-47 from the rifle safe, went to the Morin household in Rio Hondo, apparently upset over Dan

---

[1/] Exhibit is the Affidavit of Natalie Prim. It is offered *solely* for the purpose of the Motion to Dismiss for improper service; it is not offered as part of the Motion to Dismiss for Failure to State a Claim.

Morin's relationship with Ernest's former girlfriend.  Complaint, ¶ 15.  Moore shot Dan Morin, and killed Margarita Flores (Morin's mother) and Delia Morin (Morin's sister).

The Complaint does not state who *owned* the AK-47.  It does not allege the AK-47 belonged to the Harlingen Police Department.  It does not allege how Defendant Vasquez acquired the weapon, e.g., whether it was issued to him, recovered as stolen property, borrowed from Moore, etc.

Likewise, the Petition states only that Vasquez "transferred possession" of the AK-47 to R.D. Moore.  It does not say whether he is returning to Moore his own property, selling it, making a gift, etc.

### IV.  Plaintiff Morin Failed to Properly Serve Complaint on Individual Defendants

Defendants Scheopner, Moore and Vasquez move to dismiss under Fed.R.Civ.P. 12(b)(4,5) due to Plaintiff's failure to serve the Original Complaint on them.  Fed.R.Civ.P. 4(e) provides that service on an individual may be effected by:

- ■ Means authorized by Texas law

- ■ Delivering it to the the individual personally

- ■ Delivering it to a person of suitable age and discretion at the individual's dwelling place

- ■ Serving an agent appointed by the individual or by law.

The Harlingen City Manager is not an agent for service under federal or state law for the R.D. Moore, Joseph Vasquez, or Jim Scheopner.  Likewise, Ms. Prim was obviously not

a member of their personal household nor was she served at their residence.  Individual

city employees cannot be served by serving the city manager.  *See, e.g., Amen v. City of

Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976).

V.  Complaint Fails to State Claims Under 4th and 14th Amendments

A.  Standard of Review

Subject to a ruling on dismissal under Rule 12(b)(4,5), all Defendants seek

dismissal of the Complaint under Rule 12(b)(6).

Under Rule 12(b)(6), the court must accept the allegations as true and must view

them in the light most favorable to plaintiffs, drawing all reasonable inferences in favor

of the pleader.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal under Rule

12(b)(6) is correct when it appears that no relief can be granted under any set of facts that

could be proven consistent with the allegations.  *Meadowbriar Home for Children, Inc.

v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996).  However, the Complaint must state facts, not

conclusions, to survive a Rule 12(b)(6) challenge.  *Guidry v. Bank of LaPlace*, 954 F.2d

278, 281 (5th Cir. 1992).

B.  Supreme Court and Fifth Circuit Have Not
Extended Due Process to Require Defendants
Prevent Harm By A Private Citizen

42 USC § 1983 is not itself a source of substantive rights.  *Graham v. Connor*, 490

U.S. 396, 393 (1989).  The first inquiry is to isolate the precise provision of the federal

Constitution that is allegedly infringed.  *Graham*, 490 U.S. at 394.

5

The Complaint apparently relies solely upon the "state created danger" exception. Neither the U.S. Supreme Court nor the Fifth Circuit has recognized this as a valid exception to *DeShaney*; the Supreme Court has strongly indicated it will not recognize the exception. Even if the exception became law later, Morin's claim does not fit within it.

In *DeShaney*, the Supreme Court plainly stated that the 14th Amendment's Due Process Clause was triggered only by affirmative government action and put no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197, 109 S.Ct. at 1004. The court neither approved nor disapproved of a rule imposing liability if the State created the risk of harm to which it forced the claimant to suffer, i.e., an exception for "stated-created" danger. *Id.*

Though often asked to do so, the Fifth Circuit has consistently declined to adopt the "state-created danger" rule. *Randolph v. Cervantes*, 130 F.3d 727, 731 (5th Cir. 1997), *cert. denied,* 525 U.S. 822 (1998); *Doe v. Hillsboro ISD*, 113 F.3d 1412, 1415 (5th Cir. 1997) (en banc); *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995). The Fifth Circuit has cast doubt on whether it is a viable exception to *DeShaney*. *Lefall v. Dallas ISD*, 28 F.3d 521, 530 (5th Cir. 1994). The Supreme Court stated that the rationale for any exception is that the state exercises its authority to restrain the individual's liberty so as to render him unable to protect himself. *DeShaney*, 489 U.S. at 200. In *Johnson*, the Court questioned whether it could ever meet the "demanding standard for constitutional liability." 38 F.3d at 201.

6

C.    Amended Complaint Fails to State Facts Showing Defendants
Put Morin Family In A Dangerous Environment
<u>and Stripped Them of the Ability to Defend Themselves</u>

Though the Fifth Circuit has declined to adopt the "state-created danger" rule, it has described its elements as:

1.    The government officials must create the dangerous situation;

2.    They must know the situation is dangerous;

3.    The danger must create an opportunity for a third party to commit a crime which would not otherwise exist; and

4.    They must affirmatively place the plaintiff in a position of danger in such a way as to strip the plaintiff of his ability for self defense.

*Randolph*, 130 F.3d at 731; *Johnson*, 38 F.3d at 201.  The officials' actions must place the plaintiff at a specific risk, as opposed to a risk that affects only the public generally. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1997); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1153 (3rd Cir. 1995), *cert denied*, 516 U.S. 858 (1995).  The official must have actual knowledge that the risk of harm exists. *Doe*, 113 F.3d at 1415.

1.    Defendants Did Not Create A Risk Of
<u>Third Party Crime That Did Not Already Exist</u>

Here, the alleged risk of harm was that Ernest Moore would obtain a rifle and shoot the Morins during a jealous rage.  The pleadings must show Defendants had created the opportunity for Ernest's crimes that otherwise would not have existed. *Randolph*, 130 F.3d at 731; *Johnson*, 38 F.3d at 201.  Therefore, Morin must plead facts showing that Defendants actually knew they had created an extreme risk that Ernest would take the rifle

7

and shoot the rival for his girlfriend and shoot innocent bystanders. *Johnson*, 38 F.3d at 201-2; *Lefall*, 28 F.3d at 531.

First, because Morin's pleading is vague about the rifle's ownership, there are no facts alleged showing that any Defendant knowingly created the risk. If the rifle was personal rather than public property, then the City and Scheopner did not create the risk because they cannot be responsible for what Vasquez or Moore do with their own private property. If the AK-47 originally belonged to R.D. Moore or Ernest Moore, Vasquez had no legal right to withhold it from them; if they already owned the AK-47, any risk existed before Vasquez gave it back. If the AK-47 belonged to Vasquez, there are no facts alleged that Vasquez knew or was substantially certain that Ernest would take the weapon and use it to shoot people over losing his girlfriend. If Ernest owned the Ak-47, Morin alleges no facts raising a constitutional duty owed by Defendants to the Morin family.

Second, the Complaint alleges nothing to show that Defendants incited Ernest Moore to take the AK-47 or to shoot the Morins. The pleadings state no facts showing that, unless Ernest Moore took the AK-47, he would not shoot Morin. Not transferring possession of the AK-47 to Det. Moore may have prevented Ernest from having that specific rifle, but the pleadings do not allege he did not have access to any other rifle. This is not the same thing as creating an opportunity to commit those crimes which Ernest would not have had otherwise. Failing to prevent a crime is not the same thing as causing it. *Estate of Brown v. Barian*, 43 F.Supp.2d 1008, 1019 (E.D.Wisc. 1999).

Third, any alleged knowledge that Ernest Moore might be dangerous or likely to harm people does not create the risk of harm.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1990); *Losinski v. City of Trempealeau*, 946 F.2d 544, 551 (7th Cir. 1991).

2.      Defendants Did Not Force the Morins Into Harm's Way
<u>Or Strip Them of the Means of Self-Defense or Escape</u>

Morin alleges nothing that would suggest that Defendants (1) forced Morins to confront Ernest Moore, or (2) took from them any means of self-defense or escape.  The Complaint, ¶ 13, claims Ernest went to the Morins' in a jealous fit that Dan Morin was dating his former girlfriend.  Defendants did not send Ernest in their direction, nor did they cause the Morins to be present where Ernest could confront them.

Morin alleges nothing to suggest that Defendants did anything to impair self-defense or escape from Ernest.  He does not even allege the Defendants knew or even suspected Ernest was going to confront Morin or shoot his family.  If Defendants did not know the Morins were in danger, they could not warn them, much less block the Morins' escape or prevent others from helping them.

3.      Defendants Did Not Know Of Any
<u>Immediate Danger Facing A Known Victim</u>

The "state created danger" doctrine will not apply where the government actor is not aware of any immediate danger facing a known victim.  *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389 at 392 ((5th Cir. 1999).  There, the Fifth Circuit clearly stated that the "state created danger" theory is inapposite without a known victim.  *Id.* at 392.

9

In *Saenz*, the Fifth Circuit upheld summary judgment in favor of two sheriff's deputies who declined to arrest an obviously drunk driver. 183 F.3d at 390. About 15 minutes after the deputies declined to arrest him, the drunk driver had an accident causing two fatalities. *Id*. The Fifth Circuit affirmed, holding there was no Due Process violation for increasing the risk of harm to unidentifiable members of the public. *Id*. at 391.

Here, there is no allegation Defendants even knew the Morins existed, much less knew they were in any danger. Morin alleges no facts showing the Defendants knew or suspected that the Ernest Moore would use any rifle to harm the Morins.

## VI.  State Law Claims

Morin alleges only a negligence claim against Defendants. He does not allege that Defendants intentionally gave the rifle to Ernest Moore. Rather, they rely on a theory that Ernest just took it. The alleged negligence focuses solely on the inadequate security for the rifle, not entrustment to Ernest Moore.

First, Texas cases have held that negligent entrustment of a firearm to an incompetent user may actionable. *Kennedy v. Baird*, 682 S.W.2d 377, 388 (Tex. App.- El Paso 1984, no writ). However, *Kennedy* does not state that there can be liability for failing to prevent the weapon from being taken without permission.

Second, there is no tort for negligently transferring ownership (e.g., sale, gift) of personal property analogous to negligent entrustment. No cause of action exists for negligently selling or giving as a gift personal property to someone who is incompetent to use it safely. *Salinas v. Gen'l Motors Corp.*, 857 S.W.2d 944, 947-49 (Tex.App.-

10

Houston [1st Dist.] 1993, no writ)(dealer that sold car to elderly woman who was not a competent driver, held not liable for injury she cause while driving car); *Nat'l Convenience Stores v. T.T. Barge Cleaning Co.*, 883 S.W.2d 684, 686 (Tex. App.-Texarakana, 1994, writ denied); *Wofford v. Blomquist*, 865 S.W.2d 612, 614-15 (Tex. App.-Corpus Christi 1993, writ denied)(grandmother gave car as a gift to grand-daughter with bad driving history, not liable resulting auto accident).   Therefore, if the AK-47 belonged to Ernest at the time he shot the Morins, there is cause of action for transferring possession to him.   If the AK-47 belonged to R.D. Moore no one can have liability for transferring possession of it to him.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN, TEXAS, R.D. MOORE, JOSEPH VASQUEZ, and JIM SCHEOPNER pray the above and foregoing be taken under submission and upon hearing same, the Court grant the relief requested, dismiss the Complaint, dismiss all or part of the claims alleged, or grant any other such further relief to which they may show themselves entitled.

11

Respectfully submitted,

By: _____

TOM LOCKHART
Federal ID No. 2257
State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX· 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R.D. MOORE,
JOSEPH VASQUEZ and JIM SCHEOPNER

WALTER PASSMORE
Federal ID No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE and
JIM SCHEOPNER, In Their Individual Capacity

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this _31_ day of July, 2000, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, DAN MORIN, et al:

    Mr. Robert J. Patterson            <u>CMRRR No. 7099 3220 0001 0357 9621</u>
    PATTERSON & ASSOCIATES
    101 N. Shoreline, Ste. 201
    Corpus Christi, TX 78401

Attorney of record for Defendants MOORE and SCHEOPNER, individually

    Mr. Walter Passmore                       <u>Regular Mail</u>
    PASSMORE, WALKER & TWENHAFEL, L.L.P.
    P. O. Drawer 3766
    McAllen, TX 78502-3766

    ROGER W. HUGHES

13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DAN MORIN, INDIVIDUALLY            {
AND AS REPRESENTATIVE OF THE       {
ESTATE OF MARGARITA FLORES,        {
DECEASED                           {
                                   {        CIVIL ACTION NO. B-00-104
V.                                 {
                                   {
RALPH D. MOORE, JOSEPH             {
VASQUEZ, JIM SCHOEPNER             {
                                   {
AND                                {
                                   {
CITY OF HARLINGEN, TEXAS           {

## AFFIDAVIT OF NATALIE PRIM

STATE OF TEXAS              §
                           §
COUNTY OF CAMERON          §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this

day personally appeared NATALIE PRIM, known to be to be the person whose name is

subscribed hereto, who being first duly sworn in the manner provided by law, on oath

stated as follows:

"My name is NATALIE PRIM, I am over the age of 18 years and am
competent to make this affidavit.

---

On July 12, 2000, I was at the City of Harlingen City Hall in Harlingen, Texas. A process server came to my office and stated that he had to serve a summons in a case on me. The process server then gave me four summons with Complaints attached to them in Civil Action No. B-00-104 in the federal court in Brownsville, Texas. Attached are Exhibits 1, 2, 3 and 4 and true and correct copies of the summons that were attached to the Complaints, which he gave to me. He asked for me to sign the return and I did.

The above and foregoing is true to my personal knowledge."

Further, Affiant sayeth not.

_____
NATALIE PRIM

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said Affiant, on the ___14th___ day of July, 2000, to certify which witness my hand and seal of office.

RITA BALLI
MY COMMISSION EXPIRES
February 11, 2001

_____
Notary Public, State of Texas
Printed Name:__Rita Balli___
My Commission Expires:_02-01-01_

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

### DISTRICT OF

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased

                    PLAINTIFF

                    V.

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and
City of Harlingen, Texas

                    DEFENDANTS

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

B-00-104

TO: (Name and address of defendant)

The City of Harlingen, through its Harlingen City Manager, Natalie Prim,
118 E. Tyler, Harlingen, Texas  78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas  78401

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Michael N. Milby, Clerk

CLERK

(BY) DEPUTY CLERK

7-7-00

DATE

Exh., 1 to Affidavit of Prim

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## DISTRICT OF

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased

**V.    PLAINTIFF**

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and
City of Harlingen, Texas

**DEFENDANTS**

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

**B - 00 - 104**

TO: (Name and address of defendant)

Jim Schoepner, through Harlingen City Manager Natalie Prim,
118 E. Tyler, Harlingen, Texas  78550 or at the Harlingen Police
Department, 1102 S. Commerece Street, Harlingen,  Texas  78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Michael N Milby, Clerk

CLERK

(BY) DEPUTY CLERK

DATE

7 - 7 - 00

Exh. 2 to Affidavit of Prim

AO 440 (Rev. 10/93) Summons in a Ci    on

# United States District Court

### DISTRICT OF

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased

**V.        PLAINTIFF**

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and
City of Harlingen, Texas

**DEFENDANTS**

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B - 00 - 104

**TO:** (Name and address of defendant)

Joseph Vasquez, through Harlingen City Manager Natalie Prim,
118 E. Tyler, Harlingen, Texas  78550 or at the Harlingen Police
Department, 1102 S. Commerce Street, Harlingen,  Texas  78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas  78401

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael N Milby, Clerk**

CLERK

7 - 7 - 00

DATE

(BY) DEPUTY CLERK

Exh. 3 to affidavit of Prim

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased

**PLAINTIFF**

V.

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and City of Harlingen, Texas

**DEFENDANTS**

### SUMMONS IN A CIVIL CASE

CASE NUMBER: **B-00-104**

TO: (Name and address of defendant)

Ralph D. Moore, through Harlingen City Manager Natalie Prim, 118 E. Tyler,
Harlingen, Texas 78550 or at the Harlingen Police Department, 1102 S.
Commerece Street, Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

(BY) DEPUTY CLERK

DATE   7-7-00

Exh. 4 ;to Affidavit of Prim