United States District Court
Southern District of Texas
FILED

**JUL 3 1 2000**

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DAN MORIN, ET AL.                    {

V.                                   {        CIVIL ACTION NO. B-00-104

                                     {        **(ORAL HEARING IS REQUESTED)**

CITY OF HARLINGEN, ET AL.            {


INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
COMPLAINT UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY


TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
CITY OF HARLINGEN, R.D. MOORE,
JOSEPH VASQUEZ and JIM SCHOEPNER

WALTER PASSMORE
Federal No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE, and
JIM SCHEOPNER, In Their Individual Capacity

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

II.  Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

III. Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

IV. Defendant Moore, Vasquez, and Scheopner Are Entitled to Qualified
    Immunity Against § 1983 Claims Raised by Amended Complaint . . . . . . . . .  3

        A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

        B.    Individual Defendants Entitled to Qualified
              Immunity Unless Clearly Established Law Would Have
              Informed Them That Their Alleged Actions Were Unconstitutional .  4

        C.    Plaintiff Has Not Alleged a Constitutional Right . . . . . . . . . . . . .  6

        D.    Any Alleged Right Not
              "Clearly Established" In July 1998 . . . . . . . . . . . . . . . . . . . . .  7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

INDEX OF AUTHORITIES

Cites:                                                                                  Page

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998)
        *aff'd* 168 F.3d 197 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 6

*Bridges v. City of Dallas*,
        1998 WL 320286 (N.D.Tex., June 8, 1998) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Callis v. Sellars*, 931 F.Supp. 504 (S.D.Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . 7

*Campbell v. City of San Antonio*,
        43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*DeShaney v. Winnebago County Dept. of Soc. Serv.*,
        489 U.S. 189 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996) (en banc) . . . . . . . . . . . . . . . . . . . . . . 5

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . 4

*Gutierrez v. City of San Antonio*,
        139 F.3d 441 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Johnson v. Dallas ISD*, 38 F.3d 198 (5th Cir. 1994) *cert. denied*
        514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995) . . . . . . . . . . . . . . 7

*Kaiser v. Garrett*, 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lassiter v. Alabama A & M Univ. Bd. of Trustees*,
        28 F.3d 1146 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CMuPDF - www.fasfas.com

*Leffall v. Dallas I.S.D.*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 7

*Martin v. City of League City*, 23 F.Supp.2d 720
    (S.D.Tex., Sept. 30, 1998) (Kent, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Meadowbriar Home for Children, Inc. v. Gunn*,
    81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997),
    *cert. denied* 525 U.S. 822 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . 7

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . . . . . . . . . . . . . 4

*Siegert v. Gilley*, 500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Soto v. Flores*, 103 F.3d 1056 (1st Cir. 1997) *cert. denied*,
    522 U.S. 819 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Summar v. Bennett*, 157 F.3d 1054 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 8


Statutes:

    42 U.S.C., § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4-6


Federal Rules of Civil Procedure:

    Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Rule 7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4


United States Constitution:

    Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7

CSXPDF - www.texlia.com

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUL 3 1 2000

Michael N. Milby
Clerk of Court

DAN MORIN, ET AL.       {

                          {

V.                             {

                          {

CITY OF HARLINGEN, ET AL.    {

CIVIL ACTION NO. B-00-104

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
## UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants JIM SCHEOPNER, JOSEPH VASQUEZ, and R.D.
MOORE and file this their **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12/(b)(6) BASED ON QUALIFIED IMMUNITY** and would show the
Court as follows:

I.   Statement of the Nature and Stage of These Proceedings

Morin has sued for injury to himself and the death of his mother under (1) 42
U.S.C., § 1983; and (2) state tort law. Morin claims that he was shot and his mother and
sister were killed by a private citizen, Ernest Moore, allegedly using a AK-47 rifle that
he "procured" from his father who in turn received possession of it from another
Harlingen Police Officer. Subject to their motions to dismiss for improper service,
Defendants Scheopner, Vasquez and Moore move to dismiss under Rule 12(b)(6) for

1

claims against them individually, based on qualified immunity; they also ask the Court to order Plaintiffs reply to their defense of qualified immunity, persuant to Fed.R.Civ.P. 7(a).

## II.  Statement of the Issues

1.     Whether the Complaint states facts that defeat the defense of qualified immunity against a Fourteenth Amendment Due Process claim that Morin and his family members were shot by private citizen using a rifle taken from the possession or control of a City employee.

2.     Whether a Fourteenth Amendment "state created danger" claim will lie for injuries caused by a third party if Defendants did not force the Morin family to encounter that harm and did not remove their ability to protect themselves or avoid the danger.

3.     Whether the alleged constitutional rights were "clearly established" in July 1998 for the purposes of qualified immunity.

## III.  Plaintiff's Allegations

Morin's Complaint alleges that in 1997, Defendant Vasquez "came into possession" of an AK-47 rifle in the course of his employment with the city.  Complaint, ¶ 10.  He alleges in September, 1997, Defendant Vasquez "transferred" the weapon to Defendant Moore.  Complaint, ¶ 10.  He alleges both were not trained and not properly qualified to use an AK-47 rifle.  Complaint, ¶ 11.

Morin alleges that Defendant Moore stored the rifle in a rifle safe at his residence in the bedroom of his son, Ernest, in the course of his employment for the City. Complaint, ¶ 12.  Morin alleges that Defendants Vasquez and Moore knew that Ernest had

2

access to the safe. Complaint, ¶ 14. Morin alleges Ernest Moore was psychologically unstable, a cocaine user and using prescription drugs. Complaint, ¶ 13.

Morin alleges that on or about July 7, 1999, Ernest Moore "procured" the AK-47 from the rifle safe, went to the Flores household in Rio Hondo, apparently upset over Dan Morin's relationship with Ernest's former girlfriend. Complaint, ¶ 15. Moore shot Dan Morin, and killed Margarita Flores (Morin's mother) and Delia Morin (Morin's sister).

The Complaint doesnot state who *owned* the AK-47. It does not allege the AK-47 belonged to the Harlingen Police Department. It does not allege how Defendant Vasquez acquired the weapon, e.g., whether it was issued to him, recovered as stolen property, borrowed from Moore, etc.

Likewise, the Petition states only that Vasquez "transferred possession" of the AK-47 to R.D. Moore. It does not say whether he is returning to Moore his own property, selling it, making a gift, etc.

## IV. Defendants Moore, Vasquez, and Scheopner Are Entitled to Qualified Immunity Against § 1983 Claims Raised by Amended Complaint

### A. Standard of Review

If the Court denies their motion to dismiss under Rule 12(b)(4,5), Defendants Scheopner, Vasquez, and Moore move to dismiss the federal claims based on qualified immunity.

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor

3

of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff has a heightened burden to plead specific facts defeating Defendants' qualified immunity from § 1983 claims. *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). The complaint must state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433.

The court may order Plaintiff to file a reply under Fed.R.Civ.Pr. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

> B.    Individual Defendants Entitled to Qualified
>        Immunity Unless Clearly Established Law Would Have
>        Informed Them That Their Alleged Actions Were Unconstitutional

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc).

4

The U.S. Supreme Court has set out a clear, two step process to determine whether the complaint can defeat qualified immunity.  Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all.  *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998).  The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable.  *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms.  *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995).  The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law.  *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent.  *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999).  If reasonable officials could disagree, the officer has qualified immunity.  *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).  If caselaw has not staked out a bright line, qualified immunity almost always protects;

5

public officers have no duty to draw creative analogies from prior cases. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

C.   Plaintiff Has Not Alleged a Constitutional Right

The law today stands where it did in July 1998. The Fifth Circuit has declined to recognize a § 1983 claim for failing to protect one citizen from the violent acts of another. *Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997), *cert. denied*, 525 U.S. 822 (1998). Though invited to adopt it several times since 1990, it has declined, expressing doubt that such a theory is viable. Assuming *arguendo* the Fifth Circuit does find such a theory is valid, the constitutional law concerning Defendants' alleged conduct was not "clearly established" in July 1998.

Regardless of the label on Plaintiffs' § 1983 theory, a private citizen caused the injury and death, not a public official. The law concerning § 1983 liability for failing to prevent injuries inflicted by third parties was, at best, highly unsettled in July 1998.

The state's failure to protect an individual against violence caused by another citizen generally does not state a claim under the Fourteenth Amendment's "Due Process" Clause. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189 (1989). Fourteenth Amendment "Due Process" is triggered only by affirmative government acts and puts no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197. The Supreme Court did not approve or disapprove of a rule imposing liability if the state created a risk of harm which it forced the claimant to suffer, i.e., "state-created danger." *Id.*

6

While the Supreme Court may have left this question open, the Fifth Circuit has consistently declined to adopt such a "state-created danger" exception to *DeShaney*. *Randolph*, 130 F.3d at 731; *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995).  In *Johnson*, the court indicated that it was not inclined to recognize such an exception.  38 F.3d at 201.  The Fifth Circuit has expressed extreme skepticism that the exception will ever be recognized.  *Leffall v. Dallas I.S.D.*, 28 F.3d 521, 530 (5th Cir. 1994).

Defendants' Motion to Dismiss Under Rule 12(b)(6) sets out in more detail the reasons why the Complaint fails to plead any claim under the Fourteenth Amendment.

D.   Any Alleged Right Not
     "Clearly Established" In July 1998

Precisely because the Fifth Circuit has declined to adopt the "state-created danger" exception, it and courts within its circuit have found qualified immunity against such claims.  *Salas v. Carpenter*, 980 F.2d 299, 308-309 (5th Cir. 1992); *Callis v. Sellars*, 931 F.Supp. 504, 519-520 (S.D.Tex. 1996) (Atlas, Jr.); *Bridges v. City of Dallas*, 1998 WL 320286, *4 (N.D.Tex., June 8, 1998).  Even in those circuits recognizing the exception, its unsettled nature has led them to uphold qualified immunity against such claims.  *Soto v. Flores*, 103 F.3d 1056, 1065 (1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997); *Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998).  Only a few months after this incident, a court in the Southern District echoed that no Fifth Circuit cases had upheld the "state-created danger" theory.  *Martin v. City of League City*, 23 F.Supp.2d 720 (S.D.Tex.,

7

Sept. 30, 1998) (Kent, J.).  Whatever rule the 5th Circuit may adopt later, the law was not "clearly established" in July 1998.

WHEREFORE, PREMISES CONSIDERED, Defendants Jim Scheopner, Joseph Vasquez, and R.D. Moore pray the Court grant the relief requested, and any other such further relief to which they may show themselves entitled.

8

Respectfully submitted,

By: _____

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX· 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R.D. MOORE,
JOSEPH VASQUEZ, and JIM SCHEOPNER

WALTER PASSMORE
Federal No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendant, R.D. MOORE and
JIM SCHEOPNER, In Their Individual Capacity

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 31 day of July, 2000, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, DAN MORIN:

      Mr. Robert J. Patterson         **Via CMRRR No. 7099 3220 0001 0357 9621**
      PATTERSON & ASSOC.
      101 N. Shoreline, Ste. 210
      Corpus Christi, TX 78401

Attorney of record for Defendants Scheopner and Moore, Individually:

      Mr. Walter Passmore         **Via Regular Mail**
      PASSMORE, WALKER & TWENHAFEL, LLP
      P. O. Drawer 3766
      McAllen, TX 78502-3766

ROGER W. HUGHES

10