13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 2 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARGARITA FLORES, DECEASED | § § § § § | |
| V. | § § | CIVIL ACTION NO. B-00-104 |
| RALPH D. MOORE, JOSEPH VASQUEZ, JIM SCHOEPNER | § § § § | |
| AND | § § | |
| CITY OF HARLINGEN, TEXAS | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS UNDER FRCP 12 (b)(4,5) and (6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Plaintiff Dan Morin and files this Response to Defendants' Motions to Dismiss and in support thereof would respectfully show the Court as follows:

I.

Service of Complaint

The Defendants' Schoepner, Moore and Vasquez have moved to dismiss under FRCP 12(b)(4,5) due to Plaintiff's failure to properly serve his original complaint on them. Plaintiff served said Defendants by and through the Harlingen City Manager, Ms. Natalie Prim. While plaintiff disputes defendants' allegation of improper service in this regard, any such impropriety has be resolved in view of the fact that Defendants' Schoepner, Moore and Vasquez have been re-served directly at the Harlingen Police Department. (See citations with proof of service attached hereto as Exhibits A, B & C).

## II.

## State Law Claims Against Defendant R.D. Moore

Plaintiff contends in his petition that Defendant R.D. Moore owned the AK-47 in question and is liable for negligent storage and negligent entrustment of the weapon to his son, Ernest Moore. Plaintiff asserts that all of the elements of negligent entrustment as to Defendant R.D. Moore are satisfied, namely: 1) entrustment of a chattel by an owner; 2) to an incompetent person; 3) that the owner knew or should of known was incompetent; 4) the person was negligent; and 5) that the persons' negligence proximately cause the accident. National Convenience Stores Inc. v. T.T. Barge Cleaning Co., 883 S.W. 2nd 684 (Tex.App.- Dallas 1994, writ denied). Specifically, R.D. Moore was well aware that his son Ernest was a highly unstable person who took Prozac, used cocaine and marijuana, and decorated his room with neo-nazi propaganda; as such, Defendant Moore could have reasonable foreseen that Ernest would use the weapon to hurt someone.

In addition, as this Court acknowledged in its March 31, 2000 order entered in Civil Action No. B-98-162 Arturo Salinas et al v. City of Harlingen et al, R.D. Moore, individually, had a duty to properly store and safeguard a highly dangerous instrumentality such as AK-47 semi-automatic weapon. Plaintiff asserts that Defendant Moore negligently failed to fulfill his duty in this regard, which proximately caused Plaintiff's injuries and the deaths of his mother and sister.

## III.

### State Law Claims Against Defendant City of Harlingen

Plaintiff asserts that the City of Harlingen is liable under the Texas Tort Claims Act for Defendant Moore's negligent and wrongful use of the AK-47 rifle in the scope of his employment. Tex. Civ. Prac. & Rem. Code Sec. 101.021 (Vernon 1986). Plaintiff has specifically alleged that the property in question (AK-47 assault weapon) was misused by Defendant Moore acting within the scope of his employment with the City of Harlingen, and that such misuse was a contributing factor to Plaintiffs' injuries and the deaths of his mother and sister. Plaintiff alleges that Defendant Moore either knew or had a strong suspicion that his son Ernest planned to travel to Rio Hondo on July 7, 1998 with the semi automatic weapon with intentions of committing violent acts. Plaintiff asserts that this knowledge or suspicion automatically triggered Defendant Moore's duty as a Harlingen police officer to take necessary steps to prevent such a crime from being committed with Defendant Moore's own weapon. Thus, Defendant Moore was acting in the course and scope of his employment with the City of Harlingen when he chose to violate his duty as a Harlingen Police Officer to prevent the crime in question. Defendant Moore's failure to carry out such duty was a proximate cause of the Rio Hondo shootings and Plaintiffs' damages.

Plaintiff has therefore stated a viable claim against the City of Harlingen under the Tort Claims Act based on Defendant Moore's negligent entrustment of the weapon to his son Ernest and his failure to carry out his duty to prevent Ernest Moore from committing a crime which he had a reasonable suspicion may occur.

## IV.

### Federal Cause of Action Against The City of Harlingen

Plaintiff asserts in his amended petition that the City of Harlingen violated Plaintiffs' and Decedents' rights under 42 U.S.C Section 1983 as a result of an official practice or policy of the City of Harlingen. Liability in this regard can be premised on a wide spread practice of employees which may not be officially adopted, but is so common that actual or constructed knowledge can be attributed to final policy makers. Estevs v. Brock, 106 F.3d 674, 677 (5th Cir. 1997). Plaintiff has stated a viable cause of action against the City based on an official practice of the City to permit police officers to purchase, possess and use semi-automatic assault weapons despite the fact that they receive no specialize training in safe use or storage of such weapons. The practices of the City of Harlingen ultimately allowed a military assault rifle to fall into the hands of a person who is not a police officer and who was extremely dangerous. It is reasonable to conclude that a military style rifle would not have been available to Ernest Moore if Defendant Moore had not been allowed to keep one in his home. Plaintiffs have pled sufficient facts supporting a state-created danger claim against the City of Harlingen based on an official city policy or practice.

WHEREFORE, premises considered, Plaintiff prays that upon hearing of Defendants' Motions to Dismiss, the Court deny the Defendants' motions based on FRCP 12(b)(4,5) and further deny Defendants' motion based on FRCP 12 (b)(6) and on the doctrine of qualified immunities.

Respectfully submitted,

PATTERSON & ASSOCIATES

By: _____

Robert J. Patterson
State Bar No. 15604500
Federal I.D. 748
Ray Alexander
State Bar No. 00997025
Federal I.D. 8442
101 N. Shoreline, Suite 210
Corpus Christi, Texas 78401
(361) 887-1881
(361) 887-6761 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of August, 2000, a true a correct copy of the above and foregoing instrument was forwarded to all counsel of record.

Mr. Tom Lockhart
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, LLP
P.O. Drawer 3766
McAllen, Texas 78502-3766

_____
Robert J. Patterson



# United States District Court

_____ DISTRICT OF _____

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased
          PLAINTIFF

V.

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and
City of Harlingen, Texas
          DEFENDANTS

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B-00-104

TO: (Name and address of defendant)

Jim Schoepner, through the Harlingen Police Department,
1102 S. Commerce Street, Harlingen, Texas  78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas  78401

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk          8-4-00
CLERK                            DATE

(BY) DEPUTY CLERK



EXHIBIT A



AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased
             PLAINTIFF
        V.
Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and City of Harlingen, Texas
             DEFENDANT

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-104

TO: (Name and address of defendant)

Ralph D. Moore, through the Harlingen Police Department,
1102 S. Commerce Street, Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk         8-4-00

CLERK                            DATE

_/s/ Maurie Garza_
(BY) DEPUTY CLERK

EXHIBIT B

# United States District Court

_____ DISTRICT OF _____

ORIGINAL COPY

Dan Morin, Individually and as
Representative of the Estate
of Margarita Flores, Deceased
             V.  PLAINTIFF

Ralph D. Moore, Joseph Vasquez,
Jim Schoepner and City of Harlingen, Texas
             DEFENDANT

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B-00-104

United States District Court
Southern District of Texas
RECEIVED

AUG 0 9 2000

Michael N. Milby, Clerk of Court

TO: (Name and address of defendant)

Joseph Vasquez, through the Harlingen Police Department,
1102 S. Commerce Street, Harlingen, Texas  78550

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert J. Patterson
Patterson & Associates
101 N. Shoreline, Ste 210
Corpus Christi, Texas  78401

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk
_____
CLERK

8-4-00
_____
DATE

_Maurie Garza_
(BY) DEPUTY CLERK

EXHIBIT C