16



United States District Court
Southern District of Texas
FILED

SEP 1 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN, ET AL | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | **(ORAL HEARING IS REQUESTED)** |
| CITY OF HARLINGEN, ET AL | { | |

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
AMENDED COMPLAINT UNDER FRCP 12(b)(6)

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R. D. MOORE, JOSEPH VASQUEZ and JIM SCHEOPNER

WALTER PASSMORE
Federal ID No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE,
JIM SCHEOPNER, In Their Individual Capacity

ClibPDF - www.fastio.com



# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I. Statement of Nature and Stage of the Proceedings . . . . . . . . . . . . . . . . . . . . 1

II. Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. Plaintiffs' Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. Complaint Fails to State Claims Under 4th and 14th Amendments . . . . . . . . . 3

A. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B. No Fourth Amendment Claim Absent A "Seizure" by Government Officers . . . . . . . . . . . . . . . . . . . . . 4

C. Supreme Court and Fifth Circuit Have Not Extended Due Process to Require Defendants Prevent Harm By A Private Citizen . . . . . . . . . . . . . . . . . . . . . 5

D. Amended Complaint Fails to State Facts Showing Defendants Put Morin Family In A Dangerous Environment and Stripped Them of the Ability to Defend Themselves . . . . . . . . 6

1. Defendants Did Not Create A Risk Of Third Party Crime That Did Not Already Exist . . . . . . . . . . 7

2. Defendants Did Not Force the Morins Into Harm's Way Or Strip Them of the Means of Self-Defense or Escape . . . . 8

3. Defendants Did Not Know Of Any Immediate Danger Facing A Known Victim . . . . . . . . . . . . 9

ClibPDF - www.fastio.com

  V. State Law Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

A. Defendant R.D. Moore . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B. Defendant Vasquez . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

C. Defendant Scheopner . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

D. City of Harlingen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

ClibPDF - www.fastio.com

# INDEX OF AUTHORITIES

Cites: Page

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . 3

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . 8

*Brower v. Inyo*, 489 U.S. 593 (1989) . . . . . . . . . . 4

*County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1716 (1998) . . . . . . . . . . 4, 5

*Crider v. U.S.*, 885 F.2d 294 (5th Cir. 1989), *cert. denied*, 495 U.S. 956 (1990) . . . . . . . . . . 10

*DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) . . . . . . . . . . 2, 5, 6

*Doe v. Hillsboro ISD*, 113 F.3d 1412 (5th Cir. 1997) . . . . . . . . . . 6, 7

*Estate of Brown v. Barian*, 43 F.Supp.2d 1008 (E.D.Wisc. 1999) . . . . . . . . . . 8

*Graham v. Connor*, 490 U.S. 396 (1989) . . . . . . . . . . 5

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . 4

*Johnson v. Dallas ISD*, 38 F.3d 198 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995) . . . . . . . . . . 6, 7

*K & G Oil Tool & Serv. Co. v. G & G Tool Serv.*, 314 S.W.2d 782 (Tex. 1958) . . . . . . . . . . 11

*Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1997) . . . . . . . . . . 7

*Kennedy v. Baird*, 682 S.W.2d 377 (Tex. App.- El Paso 1984, no writ) . . . . . . . . . . 10

*Landol-Rivera v. Cruz*, 906 F.2d 791 (1st Cir. 1990) . . . . . . . . . . 5

*Lefall v. Dallas ISD*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . 6, 7

ClibPDF - www.fastio.com

Case 1:00-cv-00104 Document 16 Filed in TXSD on 09/01/2000 Page 5 of 20

*Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Losinski v. City of Trempealeau*,
946 F.2d 544 (7th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mark v. Borough of Hatboro*, 51 F.3d 1137 (3rd Cir. 1995), *cert denied*,
516 U.S. 858 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) . . . . . . 3

*Medeiros v. O'Connell*, 150 F.3rd 164 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . 5

*Munoz v. Cameron County*, 725 S.W.2d 319
(Tex.App.-Corpus Christi 1986, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Nat'l Convenience Stores v. T.T. Barge Cleaning Co.*,
883 S.W.2d 684 (Tex. App.-Texarakana, 1994, writ denied) . . . . . . . . . . . 11

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Portlock v. Perry*, 852 S.W.2d 578
(Tex.App.-Dallas 1993, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997)
*cert. denied* 525 U.S. 822 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Saenz v. Heldenfels Bros., Inc.*,
183 F.3d 389 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Salinas v. Gen'l Motors Corp.*, 857 S.W.2d 944
(Tex.App.-Houston [1st Dist.] 1993, no writ) . . . . . . . . . . . . . . . . . . . . . . . 11

*Sanchez v. Figueroa*, 996 F.Supp. 143, 1476 (D.C.Puerto Rico 1998) . . . . . . . . . . . 5

*Schaefer v. Goch*, 153 F.3d 793 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Story Serv., Inc. v. Ramirez*, 863 S.W.2d 491
(Tex. App.-El Paso 1993, write denied) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wofford v. Blomquist*, 865 S.W.2d 612
(Tex. App.-Corpus Christi 1993, writ denied) . . . . . . . . . . . . . . . . . . . . . . 11

Statutes:

42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

Texas Civil Practices & Remedies Code:

Chap. 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
§ 101.021(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules of Civil Procedure:

Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

United States Constitution:

4th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5
14th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN, ET AL | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | **(ORAL HEARING IS REQUESTED)** |
| CITY OF HARLINGEN, ET AL | { | |

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT UNDER FRCP 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants CITY OF HARLINGEN, TEXAS, R.D. MOORE, JOSEPH VASQUEZ and JIM SCHEOPNER, and file this their **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FRCP 12(b)(4,5) and UNDER FRCP 12(b)(6)** and would show the Court as follows:

I. Statement of Nature and Stage of the Proceedings

Plaintiff Morin sues for his mother's death and his own injuries under the (1) Texas Tort Claims Act (Tex. Civ. Prac. & Rem. Code, Chap. 101) and (2) 42 USC § 1983. He alleges Ernest Moore obtained a rifle from Defendant R.D. Moore's possession and that Defendant Vasquez sold it to R.D. Moore. Morin alleges Ernest used that rifle to shoot Morin and kill his mother.

Plaintiff has filed an Amended Complaint. All Defendants move to dismiss all claims under Fed.R.Civ.P. 12(b)(6).

ClibPDF - www.fastio.com

## II. Statement of the Issues

1. Whether the Morin's have alleged a right under the 4th Amendment if they were not seized or arrested by a government agent.

2. Whether the Amended Complaint pleads any exception to the holding in *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), that the 14th Amendment's Due Process Clause does not impose a duty on public officials to prevent a third party from injuring Plaintiff.

3. Whether an exception exists to *DeShaney* for a risk of harm of criminal violence by a private citizen allegedly created by the Defendants if (1) they did not force the Morins to encounter the danger, and (2) they did not remove the Morins' ability to protect themselves or escape the risk.

4. Whether Defendants had a duty under state law to prevent a private citizen from acquiring a rifle or using it to commit a crime.

5. Whether any state tort exists for negligently (1) failing to safeguard a rifle, and (2) selling the rifle.

## III. Background

### A. Plaintiffs' Allegations

Morin's Amended Complaint alleges that in 1997, Defendant Vasquez "came into possession" of a AK-47 rifle in the course of his employment for the city. Amd. Complaint, ¶ 10. He alleges in September, 1997, Defendant Vasquez sold it to Defendant Moore. Amd. Complaint, ¶ 10. He alleges both were not trained and not properly

ClibPDF - www.fastio.com

qualified to use an AK-47 rifle. Amd. Complaint, ¶ 11. He alleges both knew Ernest Moore would come into possession of the rifle. Amd. Complaint, ¶ 10.

Morin alleges that Defendant Moore stored the rifle in a rifle safe at his residence in the bedroom of his son, Ernest. Amd. Complaint, ¶ 12. Morin alleges that Defendants Vasquez and Moore knew that Ernest had access to the safe. Amd. Complaint, ¶ 14. Morin alleges Ernest Moore was psychologically unstable, a cocaine user and using prescription drugs. Amd. Complaint, ¶ 13.

Morin alleges that on or about July 7, 1999, Ernest Moore "removed" the AK-47 from the rifle safe, went to the Morin household in Rio Hondo, apparently upset over Dan Morin's relationship with Ernest's former girlfriend. Amd. Complaint, ¶ 15. He alleges Ernest Moore shot Dan Morin, and killed Margarita Flores (Morin's mother) and Delia Morin (Morin's sister). Amd. Complaint, ¶ 15.

The Amended Complaint does not allege the AK-47 ever belonged to the Harlingen Police Department. It does not allege the AK-47 rifle was an illegal weapon that citizens could not lawfully sell or buy.

## IV. Complaint Fails to State Claims Under 4th and 14th Amendments

### A. Standard of Review

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to plaintiffs, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc.*

ClibPDF - www.fastio.com

*v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

B. No Fourth Amendment Claim Absent A "Seizure" by Government Officers

The Morins allege a conclusion that Defendant's acts violated the 4th Amendment. Amd. Complaint, ¶ 1. However, they admit that Ernest Moore and not a City employee attacked and shot them.

The 4th Amendment applies when the alleged use of excessive force arises from a search or seizure of the person. *Graham*, 490 U.S. at 394; *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1716 (1998). A "seizure" occurs only when government agents deliberately cause the termination of an individual's freedom through means intentionally applied to that individual. *Lewis, Id.* at 115; *Brower v. Inyo*, 489 U.S. 593, 596-597 (1989). If the Complaint does not show a "seizure" under the 4th Amendment, then the Morins' claims can be sustained only under a 14th Amendment "due Process" analysis. *Lewis*, 118 S.Ct. at 1715-1716; *Petta v. Rivera*, 143 F.3d 895, 910-911 (5th Cir. 1998).

In *Lewis*, the Supreme Court made it clear that a 4th Amendment "seizure" occurred only when the government caused an intended termination of freedom of movement through means intentionally applied to that individual. 118 S.Ct. at 1715 (instigating chase of motorcycle on which plaintiff was a passenger was not a 4th Amendment "seizure"). Consequently, unintended injuries to bystanders or hostages during an arrest are not a "seizure" under the 4th Amendment. *Lewis*, 118 S. Ct. at 1715;

ClibPDF - www.fastio.com

*Landol-Rivera v. Cruz*, 906 F.2d 791, 795-96 (1st Cir. 1990) (police officer who inadvertently shot hostages while aiming to hit the kidnapper did not "seize" hostage for 4th Amendment purposes); *Schaefer v. Goch*, 153 F.3d 793, 796 (7th Cir. 1998)(accidental shooting of wife held hostage by husband was not a "seizure" under 4th Amendment, even though police officers had surrounded their house and instructed the wife to "get down"). Likewise, there is no 4th Amendment claim when the force is not directed deliberately at the plaintiff. *Petta*, 143 F.3d at 901; *Medeiros v. O'Connell*, 150 F.3rd 164, 168 (2nd Cir. 1998); *Sanchez v. Figueroa*, 996 F.Supp. 143, 1476 (D.C.Puerto Rico 1998).

Here, the Morins allege no 4th Amendment claim against Defendants, because the First Amended Complaint does not allege Defendants "seized" them. Unintended injuries to bystanders do not constitute a "seizure" under the 4th Amendment. *Lewis*, 118 S.Ct. at 1715. There is no "seizure" when the defendants do not deliberately direct any force at the plaintiff. *Petta*, 143 F.3d at 901; *Medeiros*, 150 F.3d at 168.

C. Supreme Court and Fifth Circuit Have Not Extended Due Process to Require Defendants Prevent Harm By A Private Citizen

42 USC § 1983 is not itself a source of substantive rights. *Graham v. Connor*, 490 U.S. 396, 393 (1989). The first inquiry is to isolate the precise provision of the federal Constitution that is allegedly infringed. *Graham*, 490 U.S. at 394.

The Amended Complaint also relies upon the "state created danger" exception. Neither the U.S. Supreme Court nor the Fifth Circuit has recognized this as a valid exception to *DeShaney*; the Supreme Court has strongly indicated it will not recognize the exception. Even if the exception became law later, Morin's claim does not fit within it.

ClibPDF - www.fastio.com

In *DeShaney*, the Supreme Court plainly stated that the 14th Amendment's Due Process Clause was triggered only by affirmative government action and put no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197, 109 S.Ct. at 1004. The court neither approved nor disapproved of a rule imposing liability if the State created the risk of harm to which it forced the claimant to suffer, i.e., an exception for "stated-created" danger. *Id.*

Though often asked to do so, the Fifth Circuit has consistently declined to adopt the "state-created danger" rule. *Randolph v. Cervantes*, 130 F.3d 727, 731 (5th Cir. 1997), *cert. denied,* 525 U.S. 822 (1998); *Doe v. Hillsboro ISD*, 113 F.3d 1412, 1415 (5th Cir. 1997) (en banc); *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995). The Fifth Circuit has cast doubt on whether it is a viable exception to *DeShaney*. *Lefall v. Dallas ISD*, 28 F.3d 521, 530 (5th Cir. 1994). The Supreme Court stated that the rationale for any exception is that the state exercises its authority to restrain the individual's liberty so as to render him unable to protect himself. *DeShaney*, 489 U.S. at 200. In *Johnson*, the Court questioned whether it could ever meet the "demanding standard for constitutional liability." 38 F.3d at 201.

D. Amended Complaint Fails to State Facts Showing Defendants Put Morin Family In A Dangerous Environment and Stripped Them of the Ability to Defend Themselves

Though the Fifth Circuit has declined to adopt the "state-created danger" rule, it has described its elements as:

1. The government officials must create the dangerous situation;
2. They must know the situation is dangerous;

ClibPDF - www.fastio.com

3. The danger must create an opportunity for a third party to commit a crime which would not otherwise exist; and

4. They must affirmatively place the plaintiff in a position of danger in such a way as to strip the plaintiff of his ability for self defense.

*Randolph*, 130 F.3d at 731; *Johnson*, 38 F.3d at 201. The officials' actions must place the plaintiff at a specific risk, as opposed to a risk that affects only the public generally. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1997); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1153 (3rd Cir. 1995), *cert denied*, 516 U.S. 858 (1995). The official must have actual knowledge that the risk of harm exists. *Doe*, 113 F.3d at 1415.

1. Defendants Did Not Create A Risk Of <u>Third Party Crime That Did Not Already Exist</u>

Here, the alleged risk of harm was that Ernest Moore would obtain a rifle and shoot the Morins during a jealous rage. The pleadings must show Defendants had created the opportunity for Ernest's crimes that otherwise would not have existed. *Randolph*, 130 F.3d at 731; *Johnson*, 38 F.3d at 201. Therefore, Morin must plead facts showing that Defendants actually knew they had created an extreme risk that Ernest would take the rifle and shoot the rival for his girlfriend and kill innocent bystanders. *Johnson*, 38 F.3d at 201-2; *Lefall*, 28 F.3d at 531.

First, because the allegations show the rifle was personal property, there are no facts alleged showing that any Defendant knowingly created the risk. If the rifle was personal rather than public property, then the City and Scheopner did not create the risk because they cannot be responsible for what Vasquez or Moore do with their own private property. Defendant Vasquez did not create the risk Ernest Moore would harm anyone. Ernest Moore did not take the rifle while Vasquez owned it; there is no allegation that,

ClibPDF - www.fastio.com

at the time of the sale, Vasquez knew Ernest Moore would seize the rifle and kill people. There are no allegations that, when R.D. Moore purchased the rifle and selected the rifle safe as the storage place, he knew his son would take it without permission and use it to hurt people.

Second, the Complaint alleges nothing to show that the risk of harm did not exist unless R.D. Moore owned the AK-47. The pleadings state no facts showing that, unless Ernest Moore took the AK-47, he would not have shot Morin. Not transferring possession of the AK-47 to Det. Moore may have prevented Ernest from having that specific rifle, but the pleadings do not allege he did not have access to any other rifle. This is not the same thing as creating an opportunity to commit those crimes which Ernest would not have had otherwise. Failing to prevent a crime is not the same thing as causing it. *Estate of Brown v. Barian*, 43 F.Supp.2d 1008, 1019 (E.D.Wisc. 1999).

Third, any alleged knowledge that Ernest Moore might be dangerous or likely to harm people does not create the risk of harm. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1990); *Losinski v. City of Trempealeau*, 946 F.2d 544, 551 (7th Cir. 1991).

2. Defendants Did Not Force the Morins Into Harm's Way Or Strip Them of the Means of Self-Defense or Escape

Morin alleges nothing that would suggest that Defendants (1) forced Morins to confront Ernest Moore, or (2) took from them any means of self-defense or escape. The Amd. Complaint, ¶ 15, claims Ernest went to the Morins' in a jealous fit that Dan Morin was dating his former girlfriend. Defendants did not send Ernest in their direction, nor did they cause the Morins to be present where Ernest could confront them.

ClibPDF - www.fastio.com

Morin alleges nothing to suggest that Defendants did anything to impair self-defense or escape from Ernest. He does not even allege the Defendants knew or even suspected Ernest was going to confront Morin or shoot his family. If Defendants did not know the Morins were in danger, they could not warn them, much less block the Morins' escape or prevent others from helping them.

3. Defendants Did Not Know Of Any Immediate Danger Facing A Known Victim

The "state created danger" doctrine will not apply where the government actor is not aware of any immediate danger facing a known victim. *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389 at 392 ((5th Cir. 1999). There, the Fifth Circuit clearly stated that the "state created danger" theory is inapposite without a known victim. *Id.* at 392.

In *Saenz*, the Fifth Circuit upheld summary judgment in favor of two sheriff's deputies who declined to arrest an obviously drunk driver. 183 F.3d at 390. About 15 minutes after the deputies declined to arrest him, the drunk driver had an accident causing two fatalities. *Id.* The Fifth Circuit affirmed, holding there was no Due Process violation for increasing the risk of harm to unidentifiable members of the public. *Id.* at 391.

Here, there is no allegation Defendants even knew the Morins existed, much less knew they were in any danger. Morin alleges no facts showing the Defendants knew or suspected that the Ernest Moore would use any rifle to harm the Morins.

V. State Law Claims

Morin alleges only a negligence claim against Defendants. He does not allege that Defendants intentionally gave the rifle to Ernest Moore. Rather, they rely on a theory that

ClibPDF - www.fastio.com

Ernest just took it. The alleged negligence focuses solely on the inadequate security for the rifle, not entrustment to Ernest Moore.

A. Defendant R.D. Moore

The only alleged act of Defendant Moore was storing the rifle where his son could take it. Texas cases have held that negligent entrustment of a firearm to an incompetent user may actionable. *Kennedy v. Baird*, 682 S.W.2d 377, 388 (Tex. App.- El Paso 1984, no writ). However, *Kennedy* does not state that there can be liability for failing to prevent the weapon from being taken without permission. By analogy, Texas does not impose a duty to safeguard car keys to prevent a thief from stealing the car and hitting a third party. *See discussion*, *Story Serv., Inc. v. Ramirez*, 863 S.W.2d 491, 497-98 (Tex. App.-El Paso 1993, write denied). The same rationale should apply to rifles. Otherwise, every rifle and handgun owner in Texas is exposed to potential liability to victims of violent crimes perpetrated by a gun thief.

The Amended Complaint, ¶ 18, claims that Defendant Moore, as a peace officer, had a common law duty to protect the Morins once Moore suspected Ernest might harm them. Under Texas law, a peace officer has no liability to a crime victim or failing to take action to prevent the commission of that crime. *Munoz v. Cameron County*, 725 S.W.2d 319, 322 (Tex.App.-Corpus Christi 1986, no writ); *Crider v. U.S.*, 885 F.2d 294, 297 (5th Cir. 1989), *cert. denied*, 495 U.S. 956 (1990).

B. Defendant Vasquez

The only alleged act of Vasquez was selling the rifle to R.D. Moore. There is no tort for negligently transferring ownership (e.g., sale, gift) of personal property analogous

ClibPDF - www.fastio.com

to negligent entrustment. No cause of action exists for negligently selling or giving as a gift personal property to someone who my not use it safely. *Salinas v. Gen'l Motors Corp.*, 857 S.W.2d 944, 947-49 (Tex.App.-Houston [1st Dist.] 1993, no writ)(dealer that sold car to elderly woman who was not a competent driver, held not liable for injury she cause while driving car); *Nat'l Convenience Stores v. T.T. Barge Cleaning Co.*, 883 S.W.2d 684, 686 (Tex. App.-Texarakana, 1994, writ denied); *Wofford v. Blomquist*, 865 S.W.2d 612, 614-15 (Tex. App.-Corpus Christi 1993, writ denied)(grandmother gave car as a gift to grand-daughter with bad driving history, not liable resulting auto accident). There is no common law tort for selling the rifle to R.D. Moore premised on allegedly foreseeable misuse after the sale.

C. Defendant Scheopner

Morin alleges Scheopner was negligent in failing to implement and/or enforce appropriate policies governing the use and/or possession of weapons by police officers. Under Texas law, a corporation's officer is not liable simply because of his position for the acts or omissions of subordinate employees; the officer must be personally involved in committing the wrongdoing. *K & G Oil Tool & Serv. Co. v. G & G Tool Serv.*, 314 S.W.2d 782, 793 (Tex. 1958). Individual liability arises only when the officer has an independent, individual duty to exercise care apart from a duty owed by the corporation. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). This requires affirmative acts of wrongdoing; the failure to institute policies or require subordinates to follow them in insufficient. *Portlock v. Perry*, 852 S.W.2d 578, 583 (Tex.App.-Dallas 1993, writ denied).

ClibPDF - www.fastio.com

Therefore the Morins' state tort allegations fail because Schoepner was not directly involving in causing Ernest Moore to take the rifle and shoot anyone. He can not be liable personally to the Morins under state common law for failing to implement or enforce policies governing City employees.

D. City of Harlingen

The City immunity against state law torts is waived for injury or death caused by condition or use of tangible property only to the extent it would be liable if the City were a private person. Tex. Civ. Prac. & Rem. Code Ann., § 101.021(2). As shown above, none of the individual employees are liable, so the City cannot be liable under a common law *respondeat superior* doctrine for their alleged acts.

The Morins expressly allege vicarious liability for only one City employee: R.D. Moore. Amd. Complaint, ¶ 18. Even assuming the Morins alleged a viable tort claim against Defendant Moore for entrusting his rifle to his son, this is not the City responsibility. The Morins do not claim the AK-47 was ever City property. Therefore, their claim is that the City had a common law duty to regulate its employees possession of private property.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN, TEXAS, R.D. MOORE, JOSEPH VASQUEZ, and JIM SCHEOPNER pray the above and foregoing be taken under submission and upon hearing same, the Court grant the relief requested, dismiss the Complaint, dismiss all or part of the claims alleged, or grant any other such further relief to which they may show themselves entitled.

ClibPDF - www.fastio.com

Respectfully submitted,

By: ______________________

TOM LOCKHART
Federal ID No. 2257
State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R.D. MOORE, JOSEPH VASQUEZ and JIM SCHEOPNER

WALTER PASSMORE
Federal ID No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE and JIM SCHEOPNER, In Their Individual Capacity

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 1st day of September, 2000, to the following counsel of record and interested parties:

---

Attorney of record for Plaintiff, DAN MORIN, et al:

Mr. Robert J. Patterson
PATTERSON & ASSOCIATES
101 N. Shoreline, Ste. 201
Corpus Christi, TX 78401

CMRRR No. 7099 3400 0014 6896 6525

Attorney of record for Defendants MOORE and SCHEOPNER, individually

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P. O. Drawer 3766
McAllen, TX 78502-3766

Regular Mail

ROGER W. HUGHES

ClibPDF - www.fastio.com