19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 8 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN, INDIVIDUALLY<br>AND AS REPRESENTATIVE OF THE<br>ESTATE OF MARGARITA FLORES,<br>DECEASED | § § § § § | |
| V. | § § | CIVIL ACTION NO.<br>B-00-104 |
| RALPH D. MOORE, JOSEPH<br>VASQUEZ, JIM SCHOEPNER | § § § | |
| AND | § § | |
| CITY OF HARLINGEN, TEXAS | § § | |

**PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS UNDER FRCP 12 (b)(4,5) and (6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Plaintiff Dan Morin and files this Response to Defendants' Motions to Dismiss and in support thereof would respectfully show the Court as follows:

I.

**Service of Complaint**

The Defendants' Schoepner, Moore and Vasquez have moved to dismiss under FRCP 12(b)(4,5) due to Plaintiff's failure to properly serve his original complaint on them. Plaintiff served said Defendants by and through the Harlingen City Manager, Ms. Natalie Prim. While plaintiff disputes defendants' allegation of improper service in this regard, any such impropriety has be resolved in view of the fact that Defendants' Schoepner, Moore and Vasquez have been re-served directly at the Harlingen Police Department. (See citations with proof of service attached hereto as Exhibits A, B & C).

## II.

## State Law Claims Against Defendant R.D. Moore

Plaintiff contends in his petition that Defendant R.D. Moore maintained possession of the AK-47 rifle that was obtained from the Harlingen Police Department, and is liable for negligent storage and negligent entrustment of the weapon to his son, Ernest Moore. Plaintiff asserts that all of the elements of negligent entrustment as to Defendant R.D. Moore are satisfied, namely: 1) entrustment of a chattel by an owner; 2) to an incompetent person; 3) that the owner knew or should of known was incompetent; 4) the person was negligent; and 5) that the persons' negligence proximately cause the accident. National Convenience Stores Inc. v. T.T. Barge Cleaning Co., 883 S.W. 2nd 684 (Tex.App.- Dallas 1994, writ denied). Specifically, R.D. Moore was well aware that his son Ernest was a highly unstable person who took Prozac, used cocaine and marijuana, and decorated his room with neo-nazi propaganda; as such, Defendant Moore could have reasonable foreseen that Ernest would use the weapon to hurt someone.

In addition, this Court acknowledged in its March 31, 2000 order entered in Civil Action No. B-98-162 Arturo Salinas et al v. City of Harlingen et al, that Defendant R.D. Moore, individually, had a duty to properly store and safeguard a highly dangerous instrumentality such as AK-47 semi-automatic weapon which had been issued by the police department. Plaintiff asserts that Defendant Moore likewise negligently failed to fulfill his duty in this regard as it relates to the AK-47, which proximately caused Plaintiff's injuries and the deaths of his mother and sister.

III.

**State Law Claims Against Defendant Joseph Vasquez**

Plaintiff contends that Defendant Vasquez was negligent in obtaining the AK-47 semi-automatic weapon from the Harlingen Police Department during the course of his employment with the Department, knowing that such a weapon was not necessary for the performance of his duties and knowing that he had not been properly trained in the safe use of such a weapon, and in entrusting said weapon to Defendant Moore, knowing that 1) Moore was not rained in the safe use or storage of the weapon and 2) Ernest Moore, a highly unstable person, would have access to the weapon.

IV.

**State Law Claims Against Defendants City of Harlingen and Jim Schoepner**

Plaintiff asserts that the City of Harlingen is liable under the Texas Tort Claims Act for Defendant Schoepner's, Defendant Vasquez' and Defendant Moore's negligent and wrongful use of the AK-47 rifle in the scope of their employment. Tex. Civ. Prac. & Rem. Code Sec. 101.021 (Vernon 1986). Plaintiff has specifically alleged that the property in question (AK-47 assault weapon) was misused by Defendants Schoepner, Vasquez and Moore while acting within the scope of their employment with the City of Harlingen, and that such misuse was a contributing factor to Plaintiffs' injuries and the deaths of his mother and sister.

Plaintiff asserts that Defendant Schoepner, or another employee of the Harlingen Police Department, negligently entrusted and transferred the AK-47 to Defendant

Vasquez during the course of his employment after it was brought to the Department by a private citizen, said weapon later being transferred and entrusted to Defendant Moore and ultimately being entrusted to Ernest Moore. Such negligent acts by Defendants by City of Harlingen employees including Schoepner, Vasquez and Moore and were a proximate causes of the incident in question and Plaintiff's damages.

Plaintiff further alleges that Defendant Moore either knew or had a strong suspicion that his son Ernest planned to travel to Rio Hondo on July 7, 1998 with the semi-automatic weapon with intentions of committing violent acts. Plaintiff asserts that this knowledge or suspicion automatically triggered Defendant Moore's duty as a Harlingen police officer to take necessary steps to prevent such a crime from being committed with Defendant Moore's own weapon. Thus, Defendant Moore was acting in the course and scope of his employment with the City of Harlingen when he chose to violate his duty as a Harlingen Police Officer to prevent the crime in question. Defendant Moore's failure to carry out such duty was a proximate cause of the Rio Hondo shootings and Plaintiffs' damages.

Plaintiff has therefore stated a viable claim against the City of Harlingen under the Tort Claims Act based on the negligent conduct of City of Harlingen employees including Defendants Schoepner, Vasquez and Moore with regard to the use and transfer of the weapon in question.

## V.

### Federal Cause of Action Against The City of Harlingen

Plaintiff asserts in his amended petition that the City of Harlingen violated Plaintiffs' and Decedents' rights under 42 U.S.C Section 1983 as a result of an official

practice or policy of the City of Harlingen. Liability in this regard can be premised on a wide spread practice of employees which may not be officially adopted, but is so common that actual or constructed knowledge can be attributed to final policy makers. Estevs v. Brock, 106 F.3d 674, 677 (5th Cir. 1997). Plaintiff has stated a viable cause of action against the City based on an official practice of the City which permitted officers such as Defendant Vasquez to obtain possession of a semi-automatic weapon owned by the Harlingen Police Department despite the fact that they had received no specialize training in safe use or storage of such weapons, nor was such a weapon necessary in any way for the carrying out of their duties as Harlingen police officers. The practices of the City of Harlingen ultimately allowed a military assault rifle to fall into the hands of a person who is not a police officer and who was extremely dangerous. It is reasonable to conclude that a military style rifle would not have been available to Ernest Moore if Defendant Vasquez had not been allowed to remove it from the Harlingen Police Department and obtain ownership and possession of it. Plaintiffs have pled sufficient facts supporting a state-created danger claim against the City of Harlingen based on an official city policy or practice.

      WHEREFORE, premises considered, Plaintiff prays that upon hearing of Defendants' Motions to Dismiss, the Court deny the Defendants' motions based on FRCP 12(b)(4,5) and further deny Defendants' motion based on FRCP 12 (b)(6).

ClibPDF - www.fastio.com

Respectfully submitted,

PATTERSON & ASSOCIATES

By: _____ /by Ray Alexander w/ permission
Robert J. Patterson
State Bar No. 15604500
Federal I.D. 748
Ray Alexander
State Bar No. 00997025
Federal I.D. 8442
101 N. Shoreline, Suite 210
Corpus Christi, Texas 78401
(361) 887-1881
(361) 887-6761 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13d day of September, 2000, a true a correct copy of the above and foregoing instrument was forwarded to all counsel of record.

Mr. Tom Lockhart
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, LLP
P.O. Drawer 3766
McAllen, Texas 78502-3766

_____
Robert J. Patterson   /by Roy Alexander w/ permission