20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 8 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARGARITA FLORES, DECEASED | § § § § § | |
| V. | § § | CIVIL ACTION NO. B-00-104 |
| RALPH D. MOORE, JOSEPH VASQUEZ, JIM SCHOEPNER | § § § | |
| AND | § § | |
| CITY OF HARLINGEN, TEXAS | § | |

## SECOND AMENDED COMPLAINT

Now comes Plaintiff and files this original complaint as against Ralph D. Moore, Joseph Vasquez, Jim Schoepner and the City of Harlingen Texas and in support thereof would show the Court as follows:

I.

### Preliminary Statement

1. Dan Morin is the surviving son of Margarita Flores and is a United States citizen. The Plaintiff and decedent were subjected to the deadly use of force in violation of rights guaranteed to them by the Fourth and Fourteenth Amendments to United States Constitution. Plaintiff commences this action pursuant to 42 U.S.C. Section 1983. Plaintiff seeks compensatory damages, punitive damages and attorneys fees as authorized by 42 U.S.C. Section 1988. Plaintiff also seeks damages pursuant to the Texas Tort Claims Act and the Texas Wrongful Death and Survival statutes.

## II.

## Jurisdiction

2. 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Honorable Court by 28 U.S.C. Section 1343 (a) (3). Federal question jurisdiction is conferred on this Honorable Court by 28 U.S.C. Section 1331, because this action arises under the Constitution and laws of the United States. This Honorable Court has pendant jurisdiction over all claims asserted under the laws of the State of Texas pursuant to 28 U.S.C. Section 1367 (a).

## III.

## Jury Trial Demand

3. Plaintiff demands a trial by jury.

## IV.

## Parties

### Plaintiffs

4. Plaintiff Dan Morin is an individual residing in Rio Hondo, Cameron County, Texas.

### Defendants

5. Police Detective Ralph D. Moore is and was at all relevant times a resident of Cameron County Texas, was employed as a police officer and detective by the City of Harlingen, Texas, and acted under color of law as a police officer and detective employed by the City of Harlingen. Defendant Moore has been served with process by serving Harlingen City Manager Natalie Prim, 118 E. Tyler, Harlingen, Texas 78550 and by

serving him at the Harlingen Police Department, 1102 S. Commerce Street, Harlingen, Texas 78550.

6.  Captain Joseph Vasquez is and was at all relevant times a resident of Cameron County Texas, was employed as a police officer by the City of Harlingen Texas and acted under color of law as a police officer employed by the City of Harlingen. Captain Vasquez has been served with process by serving Harlingen City Manager Natalie Prim, 118 E. Tyler, Harlingen, Texas 78550, and by serving him at the Harlingen Police Department, 1102 S. Commerce Street, Harlingen, Texas 78550.

7.  Chief of Police Jim Schoepner is and was employed as a police officer by the City of Harlingen, Texas, and acted under color of law as a the Chief of Police employed by the City of Harlingen. Defendant Schoepner has been served with process by serving Harlingen City Manager Natalie Prim, 118 E. Tyler, Harlingen, Texas 78550, and by serving him at the Harlingen Police Department, 1102 S. Commerce Street, Harlingen, Texas 78550.

8.  The City of Harlingen Texas, is a municipality and a political subdivision of the State of Texas, located within the boundaries of the Brownsville division of the United States District Court for the Southern District of Texas, where all acts and omissions alleged herein occurred. This Defendant has been served with process by serving the Harlingen City Manager, Natalie Prim, 118 E. Tyler, Harlingen, Texas 78550.

9.   For all things, all officers and employees of the City of Harlingen who are identified by name or referenced herein at all times acted in bona fide pursuance of general authority to act for the City of Harlingen on the subjects and matters to which their acts relate, which acts were and are imputed to the City of Harlingen.

IV.

**FACTUAL BACKGROUND**

10.   Prior to 1994, a member of the public delivered possession and ownership of a semi-automatic weapon, namely an MAC-90 Sporter, serial number 9339798, also known as an "AK-47" assault rifle, to the Harlingen Police Department for the sole purpose of having it destroyed. Shortly thereafter, Defendant Vasquez took possession of the AK-47 with the knowledge and permission of the Harlingen Police Department and its Chief of Police, Jim Schoepner. Prior to July 7, 1998, Vasquez transferred and entrusted the AK-47 rifle to Defendant Ralph D. Moore. Both Vasquez and Moore were aware that the weapon would come into the possession and be used by Defendant Moore's son, Ernest Moore.

11.   Neither Captain Vasquez nor Detective Moore were initially trained or qualified in the proficient use of the AK-47 assault rifle before the incident in question. These omissions failed to meet existing minimum statewide proficiency standards for this type of weapon, which had been published in 1988 in section 211.104 of the Administrative Rules of the Texas Commission On Law Enforcement Officer Standards and Education.

12.   Neither Captain Vasquez nor Detective Moore complied or were required to comply with the minimum standards by the City of Harlingen.

13. The AK-47 assault rifle was stored at Defendant Moore's residence. Defendant Moore specifically stored the rifle in the bedroom of this son, Ernest Moore, in a rifle safe.

14. Defendant Moore's son, Ernest Moore, was known to be physiologically unstable, a cocaine user and the recipient of prescription psychological drugs.

15. Defendants Moore and Vasquez knew that his son, Ernest Moore, had access to the contents of the rifle safe and to the AK-47 assault rifle.

16. On the morning of July 7, 1998, Ernest Moore removed the AK-47 assault rifle from the rifle safe in his bedroom and went to the home of decedent Margarita Flores in Rio Hondo, apparently upset over his ex-girlfriend's relationship with Plaintiff, Dan Morin. Ernest Moore opened fire on Plaintiff Dan Morin, Margarita Flores and Delia Morin. As a result, Margarita Flores and Delia Morin were killed, and Plaintiff Dan Morin was critically injured. Later that morning, Ernest Moore returned to his home and used another semi-automatic weapon stored in the same rifle safe to fatally shoot two border patrol agents.

17. Before July 7, 1998, the City of Harlingen had determined that the performance by Jim Schoepner of his duties as Chief of Police of Harlingen was neither competent nbor reliable. Despite that, the City of Harlingen, acting through its final policymakers with power to remove Jim Schoepner as Chief of Police, did not remove him before the tragic July 7, 1998 incident.

## V.

## Federal Claims and Causes of Action

18.   Plaintiffs herein assert that the City of Harlingen and its Chief of Police, Defendant Schoepner violated 42 U.S.C. Sec. 1983 and the Plaintiff's and decedent Margarita Flores' Fourteenth Amendment due process rights to liberty and property by creating a dangerous environment that provided an opportunity that otherwise would not have existed for Ernest Moore to murder Margarita Flores and Delia Morin, and to critically injure Dan Morin. Specifically, the City of Harlingen, through Defendant Schoepner, its primary policy maker and enforcer, maintained unconstitutional policies and failed to enforce existing procedures which ultimately allowed Defendants Joseph Vasquez and R.D. Moore to obtain the AK-47 from the Harlingen Police Department, despite the fact that neither Vasquez nor Moore were trained to safely use or store the weapon. Plaintiffs assert that such official practice or policy violated Plaintiff's and decedents' rights under 42 U.S.C Sec. 1983 and proximately resulted in an unstable and dangerous civilian coming into possession of the weapon and shooting Plaintiff and his family members.  Second, Plaintiffs assert that final policymakers for the City of Harlingen had the power to remove Defendant Schoepner, but failed to do so despite serious deficiencies in the operation of the police department that were apparent before the Rio Hondo shootings. Such failure by the City likewise resulted in a violation of Plaintiff's due process rights and damages arising from the July 7, 1998 shootings.

## VI.

## State Law Claims

19.     The City of Harlingen is liable to Plaintiff under Section 101.021 of the Texas Civil Practice and Remedies Code (The Texas Tort Claims Act) because of the negligent and other wrongful uses by Defendant Vasquez and Defendant Moore of the AK-47 assault rifle as tangible personal property, which, singularly or any combination with one another, approximately caused and resulted in injuries to Dan Morin and the death of Margarita Flores and in all resulting damages to Plaintiffs.  Plaintiffs assert that Defendant Schoepner or another employee of the City of Harlingen Police Department, while acting in the course of his employment with the City, negligently entrusted the AK-47 to Defendant Vasquez, knowing that he was not trained in the safe use or storage of the weapon, and knowing that such a weapon was not necessary for the performance of Captain Vasquez' duties as a police officer. Furthermore, Defendant Vasquez, while acting in the course of his employment with the Harlingen Police Department, negligently entrusted the weapon to Defendant Moore knowing that 1) Detective Moore was not trained in the proper use or storage of the weapon and 2) Moore's highly unstable son, Ernest, would have access to it.

Plaintiff further asserts that Defendant Moore knew or highly suspected that Ernest Moore planned to travel to Rio Hondo with the semi-automatic weapon on July 7, 1998 with intentions of committing violent acts.  This knowledge or suspicion triggered Defendant Moore's duty as a Harlingen Police Officer to take necessary steps to prevent the crime from being committed by his son with Defendant Moore's weapon.  As such, Defendant Moore was acting in the course and scope of his employment with the City of

Harlingen when he chose to violate his duty as a police officer to prevent the crime in question on July 7, 1998. Thus, the City of Harlingen is further liable under the Texas Tort Claims Act for Defendant Moore's negligent entrustment of the weapon to his son Ernest, as well as his failure to carry out his duty to prevent a crime he knew may be committed with the weapon in Rio Hondo on July 7, 1998.

20. Plaintiff asserts that Defendant Joseph Vasquez was guilty of additional acts and omissions of negligence which proximately caused Plaintiff's damages, including obtaining possession of the AK-47 assault rifle from the police department, and entrusting said rifle to Defendant Ralph D. Moore, knowing that detective Moore had not been previously trained on its proper and safe usage and storage, and knowing that Ernest Moore would likely take possession of or have access to the weapon.

21. Plaintiff assert that Defendant Ralph D. Moore is guilty of acts and omissions of negligence that proximately caused plaintiffs damages, including taking possession of the AK-47 assault rifle without prior training on its proper and safe usage and storage; failing to properly store the weapon in a location where others such as Ernest Moore would not have access; and negligently entrusting and permitting the weapon to be used by Ernest Moore, knowing that Ernest Moore was a highly unstable person.

22. Plaintiff asserts that Defendant Schoepner was guilty of additional acts and omissions of negligence which proximately caused Plaintiff's damages, including entrusting the AK-47 to Defendant Vasquez and failing to implement and/or enforce appropriate procedures and polices regarding the possession and use of weapons by Harlingen police officers.

## VII.

### Damages

23.  As a proximate result of this incident, Plaintiff Dan Morin sustained severe bodily injuries consisting of bullets wounds to multiple parts of his body. He hereby sues for damages for past and future medical expenses, past and future pain and suffering and mental anguish, past and future physical impairment, past and future disfigurement and past and future loss of earning capacity.

24.  Plaintiff Dan Morin was a witness and bystander to the shooting deaths of his mother, Margarita Flores and sister, Delia Morin. As a result, Plaintiff suffered and will continue to suffer mental anguish as a result of being a bystander to his mother's and sister's deaths.

25.  Decedent Margarita Flores was 52 years of age at the time of her death. She suffered conscious pain and suffering prior to her death on July 7, 1998 and her estate incurred reasonable funeral expenses and medical expenses reasonable and necessarily incurred in attempt to save her life.

26.  Dan Morin, a surviving son of Margarita Flores, has suffered damages resulting from the death of his mother, including loss of companionship and society, mental anguish, pecuniary losses and loss of inheritance.

## VIII.

### Exemplary Damages

27.  The acts and omissions giving rise to the claims stated herein were committed with the amount of conscious indifference which shows or tends to show malice or ill

intent on the part of the defendants named herein, so as to constitute gross negligence and warrant the award of exemplary damages against the Defendants herein.

## IX.

## Prayer

WHEREFORE, Plaintiff herein prays that the this Honorable Court enter judgment against Defendants, jointly and severally on behalf of Plaintiff for compensatory damages, punitive damages and all damages arising under all applicable laws cited herein. Plaintiffs further request a trial by jury and any additional relief to which they may show themselves justly entitled, including prejudgment interest and postjudgment interest at the highest legal rate allowed by law.

Respectfully submitted,

PATTERSON & ASSOCIATES

By: *Robert Patterson* /Ray Alexander by permission/

Robert J. Patterson
State Bar No. 15604500
Federal I.D. 748
Ray Alexander
State Bar No. 00997025
Federal I.D. 8442
101 N. Shoreline, Suite 210
Corpus Christi, Texas 78401
(361) 887-1881
(361) 887-6761 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of September, 2000, a true a correct copy of the above and foregoing instrument was forwarded to all counsel of record.

Mr. Tom Lockhart
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, LLP
P.O. Drawer 3766
McAllen, Texas 78502-3766

Robert J. Patterson /by Ray Hearn of permission