27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 6 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARGARITA FLORES, DECEASED | § § § § § | |
| V. | § § | CIVIL ACTION NO. B-00-104 |
| RALPH D. MOORE, JOSEPH VASQUEZ, JIM SCHOEPNER | § § § | |
| AND | § § | |
| CITY OF HARLINGEN, TEXAS | § | |

**PLAINTIFF DAN MORIN'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FRCP 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Plaintiff, Dan Morin, and files this Response to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint under FRCP 12(b)(6), and in support thereof would respectfully show the Court as follows:

I.

**Federal Cause of Action against the City of Harlingen**

In its motion to dismiss, Defendants assert that Plaintiff has failed to state a cause of action under 42 U.S.C. Section 1983 as against Defendant City of Harlingen. Plaintiff would point out that Judge Tagle addressed the same argument in the companion case, Civil Action number B-98-163 Rodriguez et al v. City of Harlingen et al. Plaintiff would refer the court to pages 16 through 22 of Judge Tagle's April 11, 2000 order attached to Defendants' motion as Exhibit 1.

In the order, Judge Tagle notes that certain city policies, customs and practices created a dangerous environment that provided an opportunity, that otherwise would not have existed, for Ernest Moore to gain access to semi-automatic weapons and commit multiple murders on July 7, 1998. Among those policies, customs and practices are: 1) the decision by the final policy makers of the City of Harlingen not to remove Defendant Schoepner prior to July 7, 1998 despite serious deficiencies in the operation of the police department; 2) policies which allowed the police officers in question to take possession of a semi-automatic rifle despite the fact that they were not trained to safely use or store such a weapon; and 3) the city's decision not to discipline Defendant Moore for allowing his unstable son access to a police department weapon.

Plaintiff herein states that he has asserted a colorable state-created danger claim against the City of Harlingen under 42 U.S.C. Section 1983 and as previously recognized by Judge Tagle and her April 11, 2000 order.

## II.

### State Law Claims Against All Defendants

Defendants assert that "the negligent entrustment doctrine does not impose liability for failing to prevent the instrument from being taken without permission." Here, Plaintiff has clearly stated in his Second Amended Complaint that the series of entrustments of the AK 47 assault rifle from the City of Harlingen Police Department to Captain Vasquez, from Vasquez to Detective Moore, and from Detective Moore to Ernest Moore was each made with the consent and permission of both the entrustor and entrustee. Thus, Defendants' arguments in this regard are inapplicable.

Plaintiff asserts that the negligent entrustment of a highly dangerous weapon by the City of Harlingen, Captain Vasquez and Detective Moore renders each of them liable under Texas state law, and further renders the City of Harlingen liable for such conduct under the Texas Tort Claims Act, due to the fact that Captain Vasquez' and Detective Moore's conduct took place in the course of their employment with the City.

Plaintiff has pled sufficient facts supporting each of the federal and state law claims asserted against the various defendants in his Second Amended Original Petition.

WHEREFORE, premises considered, Plaintiff prays that upon hearing of Defendants' Motions to Dismiss, the Court deny said motion in all respects.

Respectfully submitted,

PATTERSON & ASSOCIATES

By: /s/ Patterson  /Ray Alexander w/
Robert J. Patterson          permission
State Bar No. 15604500
Federal I.D. 748
Ray Alexander
State Bar No. 00997025
Federal I.D. 8442
101 N. Shoreline, Suite 210
Corpus Christi, Texas 78401
(361) 887-1881
(361) 887-6761 (Facsimile)

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 25th day of October, 2000, a true a correct copy of the above and foregoing instrument was forwarded to all counsel of record.

Mr. Tom Lockhart
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, LLP
P.O. Drawer 3766
McAllen, Texas 78502-3766

Mr. Jerry Trevino
LAW OFFICES OF JERRY TREVINO
1125 S. Port
Corpus Christi, Texas 78405

Robert J. Patterson