IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |
| and | | |
| DONALD MORIN, ET AL. | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

## DEFENDANT HARLINGEN'S RULE 56 MOTION FOR SUMMARY JUDGMENT

TOM LOCKHART
Federal ID No. 2257
State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
CITY OF HARLINGEN AND R.D. MOORE

# TABLE OF CONTENTS

Page

I.  NATURE AND STAGE OF THE PROCEEDINGS  . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  SUMMARY JUDGMENT EVIDENCE AND ISSUES PRESENTED  . . . . . . . . . . 2

III.  FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.     Nature of Plaintiffs' Complaints  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.     Summary Judgment Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.  SUMMARY OF THE ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.  ARGUMENT AND AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      A.     Elements of Tort Claims Act Required to Waive Sovereign Immunity  . . . 6

      B.     City Not Liable for Acts Done Outside Scope and Course  . . . . . . . . . . . . 7

      C.     Tort Claims Act Does Not Waive Immunity for Ernest Moore's
            "Misuse" and/or Officer's Claimed Entrustment  . . . . . . . . . . . . . . . . . . . 8

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

Page

Cites:

*City of Columbus v. Barnstone*, 921 S.W.2d 268
  (Tex. App.–Houston [1st Dist.] 1995, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*DeWitt v. Harris County*, 904 S.W.2d 650 (Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gill v. Tex. Dept. of Crim. Justice*, 3 S.W.3d 576
  (Tex. App.–Houston [1st Dist.] 1999, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gonzales v. City of El Paso*, 978 S.W.2d 619
  (Tex. App.–El Paso 1998, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kerrville State Hosp. v. Clark*, 923 S.W.2d 582
  (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lacy v. Rusk State Hosp.*, 31 S.W.3d 625
  (Tex. App.–Tyler 2000, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McNeil v. Nabors Drilling USA, Inc.*, 36 S.W.3d 248
  (Tex. App.–Austin 2001, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Morin v. Moore*, 309 F.3d 316 (5th Cir. 2002),
  *reh. denied*, ___ F.3d ___ (5th Cir., Jan. 9, 2003) . . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Otis Engr. Corp. v. Clark*, 668 S.W.2d 307
  (Tex. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Palmer v. Flaggman*, 93 F.3d 196 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ramos v. City of San Antonio*, 974 S.W.2d 112
  (Tex. App.–San Antonio, 1998, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Texas Dept. of Crim. Justice v. Miller*, 51 S.W.3d 583
  (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*William v. U.S.*, 71 F.3d 502 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Texas Civil Practice & Remedies Code Annotate:</u>

§101.021(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8
§101.057(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
§101.065 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Federal Rules of Civil Procedure:</u>

Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |
| and | | |
| DONALD MORIN, ET AL. | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

## DEFENDANT HARLINGEN'S RULE 56 MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant **CITY OF HARLINGEN, TEXAS,** and files this Rule 56

Motion for Summary Judgment and in support thereof would show the Court as follows:

### I. NATURE AND STAGE OF THE PROCEEDINGS

Dan Morin sued Defendants City of Harlingen, Jim Scheopner, Joe Vasquez, and

Ralph D. Moore for the death of his mother (Margarita Flores) and his own injuries under

the: (1) Texas Tort Claims Act (Texas Civil Practice & Remedies Code, Chap. 101); and

(2) 42 U.S.C., § 1983. Donald Morin, et al. sued the same persons for the wrongful death

of Margarita Flores and Delia Morin under the: (1) Texas Tort Claims Act; and (2) 42 U.S.C., § 1983.

The Court consolidated these cases in Civil Action No. B-00-104 on September 18, 2000. The Court then granted Defendants' Motion to Dismiss Under FRCP 12(b)(6); Plaintiffs appealed that ruling. *Morin v. Moore,* 309 F.3d 316 (5th Cir. 2002), *reh. denied,* ___ F.3d ___ (5th Cir., Jan. 9, 2003). The Fifth Circuit upheld the dismissal as to (1) the federal claims against all defendants, (2) all state law claims against Defendants Scheopner and Vasquez, and (3) state law claims against all defendants for failure to provide police protection to the Morins. 309 F.3d at 323-25, 327. It reversed and remanded the state law negligence and negligent entrustment claims against Defendants City of Harlingen and Moore. *Id.* 324-28.

The remaining claims are:

1.      negligence and negligent entrustment claims against Moore; and

2.      Texas Tort Claim Act action against the City for the acts of an officer within the scope of his employment.

## II. SUMMARY JUDGMENT EVIDENCE AND ISSUES PRESENTED

A.      As summary judgment evidence, the Defendant relies on and incorporates herein by reference the following:

1.      Affidavit of Danny Carpenter (Exhibit "A");

2.      Affidavit of Defendant, Joseph Bennett Vasquez (Exhibit "B"); and

3.      Affidavit of Defendant, Ralph Dwayne Moore (Exhibit "C").

B.    The City of Harlingen is entitled to summary judgment that Plaintiffs take nothing

because Defendant Harlingen did not own or possess the subject rifle, and its employees did

not transfer the rifle to Det. Moore or his son in the scope of their employment for the City.

The issues presented are:

    1.    Whether there has been a waiver of the City's sovereign immunity under the

        Tort Claims Act if:

        a.    The rifle in question had been Capt. Vasquez's personal property

            which, through a private sale, became the personal property of Ernest

            Moore;

        b.    At the time Ernest used the rifle to shoot the Morins, it was his personal

            property;

        c.    The private sales/transfers were not done by a City employee in the

            scope and course of his employment;

        d.    The City never owned the rifle.

### III.  FACTUAL BACKGROUND

**A.    Nature of Plaintiffs' Complaints**

The Morins' suit arises from the tragic Rio Hondo shootings on July 7, 1998. Ernest

Moore (adult son of Harlingen Police Det. Moore) appeared at the Morins' Rio Hondo

residence and using a rifle commonly called an "AK-47" shot three members of the Morin

family.

Dan Morin's Second Amended Complaint, ¶ 10, alleges that Defendant Harlingen owned the subject rifle and possession and ownership of the such rifle was delivered to the Harlingen Police Department ("HPD"); that Capt. Joe Vasquez took possession with HPD knowledge and permission; and that Defendant Vasquez transferred and entrusted the subject rifle to Det. Moore.

Donald Morin, et al.'s First Amended Complaint, ¶ 17, alleges that the subject rifle was owned by Defendant Harlingen; that it had been tendered to the HPD; that Capt. Vasquez took possession of the rifle; and that the rifle was subsequently transferred or made available to Det. Moore.

All Plaintiffs allege that Det. Moore either gave his son the AK-47 or stored it in his son's room where his son had easy access to it.

**B.    Summary Judgment Evidence**

The summary judgment evidence establishes that:

1.    ATF Special Agent, Danny Carpenter, at the request of the Texas Rangers, ran a weapon trace on the rifle used by Ernest Moore to commit the Rio Hondo murders; specifically this weapon was an Interstate Arms, Norinco, MAK 90 Sporter, Serial Number 9339798 (MAK 90) rifle, which is a civilian semiautomatic copy of a military AK 47 rifle; Exh. A.

2.    the ATF trace determined that this MAK 90 rifle:

    a.    was imported to the United States from China by Interstate Arms;

     b.     was sold by Interstate Arms to Federally licensed firearms dealer Jerry M. Johnson of Houston, Texas; and

     c.     was sold by Jerry M. Johnson to and was purchased by Joseph Bennett Vasquez as a private individual on October 2, 1993.

Exh. A.

3.     Defendant Vasquez purchased the MAK 90 rifle for $125.00 of his money and traded a privately owned firearm; Exh. B.

4.     Defendant Vasquez maintained this MAK 90 rifle as his personal property until September 1997 when he sold it to R.D. Moore for $225.00 cash; Exh. B.

5.     Defendant R.D. Moore purchased the MAK 90 rifle for his son Ernest with $225.00 of Ernest's money; Exh. C.

6.     Ernest Moore was an adult at the time of this purchase; his birth date being December 23, 1972; Exh. C.

7.     from the time of the Moore purchase of the gun and until the shootings on July 7, 1998, the MAK 90 rifle remained the property of Ernest Moore.

## IV. SUMMARY OF THE ARGUMENT

Plaintiffs base all of their claims for liability on ownership of the subject rifle. The truth is that Capt. Vasquez privately purchase the AK-47 rifle for himself and sold it through private sale. Det. Moore purchase the rifle for his son, using his son's money. It became Ernest's private property.

To waive sovereign immunity, the Tort Claims Act requires proof that personal injury or death was caused by the condition or use of tangible personal property such that, if the City were a private person, it be liable to the Morins under Texas law. TEX. CIV. PRAC. & REM. CODE ANN., §101.021(2) (Vernons 1997). The City would not be liable were it a private person because the AK-47 rifle never belonged to the City and none of the acts of Vasquez or Moore were done within the scope of their employment. Moreover, there is no "use or misuse" of tangible property within section 101.021(2). Ernest's "use" was not within the Act because he was not a City employee and he committed an intentional tort. The alleged "entrustment" by city officers of the rifle is not a use that caused the injuries.

## V. ARGUMENT AND AUTHORITIES

### A.     Elements of Tort Claims Act Required to Waive Sovereign Immunity

Texas courts have squarely held any waiver under the Tort Claims Act lies only if a city employee's use of the property directly causes the injury. Sovereign immunity against state tort claims is waived against the City only if the death or injury arises out of the use or condition of tangible personal property. TEX. CIV. PRAC. & REM. CODE ANN., § 101.021(2) (Vernon 1997). Property is "used" only if it is employed or applied for a given purpose; "non-use" cannot support a claim. *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996). If the tangible property is not defective, then "use" requires an allegation the defendant supplied the property lacking an integral safety component. *Kerrville*, 923 S.W.2d at 585; *Ramos v. City of San Antonio*, 974 S.W.2d 112, 116 (Tex. App.–San Antonio, 1998, no pet.). It is not enough that some property was involved; sovereign immunity is not waived

unless the use of property actually caused the injury. *Texas Dept. of Crim. Justice v. Miller,* 51 S.W.3d 583, 588 (Tex. 2001).

## B.    City Not Liable for Acts Done Outside Scope and Course

Under section 101.021(2), the City can be liable only for use or misuse of property by its employees acting within the scope of their employment. *DeWitt v. Harris County,* 904 S.W.2d 650, 653-54 (Tex. 1995); *Gill v. Tex. Dept. of Crim. Justice,* 3 S.W.3d 576, 581 (Tex. App.-Houston [1st Dist.] 1999, no pet.).   Under Texas law, acts are in the scope of employment only if (1) they are within the general authority given by the employer, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object of the employment. *Palmer v. Flaggman,* 93 F.3d 196, 199 (5th Cir. 1996); *William v. U.S.,* 71 F.3d 502, 506 (5th Cir. 1995). As a general rule, the employer is not liable for employee's off-duty torts unless the (1) the acts occur on the employer's premises, or (2) the employee uses the employer's chattel. *Otis Engr. Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex. 1983); *McNeil v. Nabors Drilling USA, Inc.,* 36 S.W.3d 248, 250-51 (Tex. App.-Austin 2001, no pet.).

Here, the acts of Capt. Vasquez and/or Det. Moore are outside the scope of their employment. The rifle was not City property. The purchase and sale were not for the City's benefit, nor was it done to implement their assigned work.

Moreover, the Tort Claims Act does not waive sovereign immunity for acts performed by law enforcement officers who were not on active duty at the time of the act, omission, or negligence. TEX. CIV. PRAC. & REM. CODE ANN., §101.065 (Vernon Supp. 2002).

**C.    Tort Claims Act Does Not Waive Immunity for Ernest Moore's "Misuse" and/or Officer's Claimed Entrustment**

Ernest Moore's 'use or misuse' of the AK-47 is not waived by section 101.021(2). First, it was an intentional tort; the Act does not waive immunity against intentional torts. TEX. CIV. PRAC. & REM. CODE ANN., §101.057(2) (Vernon Supp. 2002). Second, he was not a City employee; a government employee must misuse the property. *Gonzales v. City of El Paso*, 978 S.W.2d 619, 623-24 (Tex. App.–El Paso 1998, no pet.)(no waiver when private citizen shot the plaintiff). The "use" of property by a third party is insufficient. *Lacy v. Rusk State Hosp.*, 31 S.W.3d 625, 629 (Tex. App.–Tyler 2000, no pet.); *City of Columbus v. Barnstone*, 921 S.W.2d 268, 272 (Tex. App.–Houston [1st Dist.] 1995, no writ); *Ramos v. City of San Antonio*, 974 S.W.2d at 116. Thus Ernest Moore's use cannot constitute the City's use.

The Fifth Circuit concluded the Morins' pleadings alleged a claim within the Tort Claims Act based on allegations that Det. Moore obtained the rifle from HPD and entrusted the rifle within the scope of his employment. *Morin*, 309 F.3d at 328. However, the facts show that neither allegation is true. Det. Moore did not obtain the rifle from HPD nor did he act within the scope of his employment. On these facts, Det. Moore's actions cannot be a "use or misuse" within section 101.021(2).

## VI. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant City of Harlingen moves

for summary judgment that the remaining claims of all Plaintiffs in these causes be dismissed

and they take nothing against Defendant City of Harlingen.

Respectfully submitted,

By: _____

TOM LOCKHART
Federal ID No. 2257
State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
CITY OF HARLINGEN AND R.D. MOORE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this _23_ day of January, 2003, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, DAN MORIN, et al:

Mr. David Sergi                      CM/RRR #7002 0510 0004 1769 7861
**SERGI & ASSOCIATES**
109 E. Hopkins
Suite 200
San Marcos, TX 78666

Attorney of record for Plaintiff, DONALD MORIN, et al:

    Mr. Jerry J. Trevino          <u>CM/RRR #7002 0510 0004 1769 7878</u>
    **ATTORNEY AT LAW**
    1125 South Port Avenue
    Corpus Christi, TX 78405

Attorney of record for Defendant, R.D. MOORE. individually:

    Mr. Walter Passmore          VIA ORDINARY MAIL
    **LAW OFFICE OF WALTER J. PASSMORE, P.C.**
    P. O. Drawer 3187
    McAllen, TX 78502-3187

TOM LOCKHART



EXHIBIT
A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |
| | | |
| DONALD MORIN, ET AL. | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

## AFFIDAVIT OF DANNY CARPENTER

THE STATE ) 
             :                                          **AFFIDAVIT**
OF TEXAS )

**BEFORE ME**, the undersigned Notary Public in and for the State of Texas, on this day personally appeared **DANNY CARPENTER**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

"My name is **DANNY CARPENTER** and I am over the age of twenty-one (21) years, am in all respects competent to testify, have personal knowledge of the facts stated herein and the same are true and correct.

I was a Special Agent for the Bureau of Alcohol, Tobacco and Firearms, Department of the Treasury (ATF), from March 29, 1971 until my retirement on June 3, 2000.

On July 8, 1998, I was directed by my supervisor, Tony Vargas, to go to the scene of the shootings south of San Benito for assistance. I was requested by the Texas Rangers to trace the weapon used in the Rio Hondo murders committed by Ernest Moore. Specifically this weapon was an Interstate Arms, Norinco, MAK 90 Sporter, Serial Number 9339798 (MAK 90 rifle). This MAK 90 rifle is a civilian semiautomatic copy of a military AK 47 rifle. Because the law enforcement team at the scene believed there were additional suspects at large, I did an emergency trace on this MAK 90 rifle through our Houston Division office.

This trace was performed as part of my official duties in the assistance of the criminal investigation by the Texas Rangers. Standard protocol and information sources relied upon by the ATF when tracing ownership history of a firearm were utilized in this trace which determined the MAK 90 rifle:

1)    was imported to the United States from China by Interstate Arms;

2)    was sold by Interstate Arms to Federally licensed firearms dealer Jerry M. Johnson of Houston, Texas; and

3)    was sold by Jerry M. Johnson to and was purchased by Joseph Bennett Vasquez as a private individual on October 2, 1993.

The attached Exhibits "1" and "2" are true, accurate and complete copies of original ATF records; these records were prepared in the official weapons trace performed by ATF to assist in the criminal investigation by the Texas Rangers; and the information contained in these records was provided to the Texas Rangers."

Further affiant sayeth not.

DANNY CARPENTER

**SWORN TO AND SUBSCRIBED** before me, the undersigned authority, by the said **DANNY CARPENTER** on the _2nd_ day of _November_, 2000, to certify which, witness my hand and seal of office.



MARIA S. MARTINEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. Nov. 14, 2000

Notary public in and for
the State of Texas
Print Name: _Maria S. Martinez_
My Commission Expires: _11-14-2000_

07/09/98  14:01  ...T. TRACING CENT. → 713 449 2049                              NO.581  P002/00?



# DEPARTMENT OF THE TREASURY
## BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
### NATIONAL TRACING CENTER
Phone: (800) 788-7133
Fax : (800) 578-7223
Print Date: July 9, 1998

## FIREARMS TRACE REPORT

Trace Number: T19980170411

ATF
Roland Ballesteros
LE Houston Field Division
15355 Vantage Parkway West
Houston, TX  77032

Request Date:  July 8, 1998

ATF Investigation Number:

### DESCRIPTION OF FIREARM

Make: North China Industries
Model: MAK90
Type: Rifle
Caliber: 762
Serial Number: 9339798
Country: China
Importer: Interstate Arms

## SUMMARY OF RESULTS

This Firearm was Purchased on:  October 2, 1993

Purchaser:  Joseph Bennett Vasqueze
1306 High St
Harlingen, TX  78550

Date of Birth: 01/30/1942
Race: White
Sex: Male
Height: 5 ft. 10 in.
Weight: 200 lbs.
ID Type: TX Drivers License
ID No: 04882760
Birthplace: New Haven, MS

### PURCHASER HISTORY:

Vasqueze is not currently associated with
any other traces



EXHIBIT

1

DEC-02-1998  14:53        ATF MCALLEN, TX                    1 210 687 7226    P.02

## Statement of

**Danny Carpenter, Special Agent**
Bureau of Alcohol, Tobacco and Firearms,
1701 W. Bus. 83, Suite 707, McAllen, Texas.
Made on December 2, 1998.

On December 2, 1998, I interviewed Jerry M. Johnson, via telephone at (281) 893-0435, at his residence located at 15702 Pebble Bend, Houston, Texas.  Mr. Johnson was a Federally licensed firearms dealer.

I asked Mr. Johnson about a North China Industries, MAK 90, 7.62x39mm rifle which had been traced in July, 1998.  I told Mr. Johnson that the trace report indicated that on October 2, 1993, he sold this firearm to Joseph Bennett Vasquez, Harlingen, Texas.  Mr. Johnson said that he did not have these records because they were stolen in a burglary.

I then asked Mr. Johnson if he remembered if Mr. Vasquez gave him a letter from the Harlingen Police Department stating that he was purchasing this firearm for official use. Mr. Johnson said that he never sold any MAK 90 rifles to any police officer for official use.  Mr. Johnson said that the only rifles he sold to police officers for official use were Colt, AR-15 rifles.  Mr. Johnson said that if Mr. Vasquez purchased the MAK 90 rifle, he purchased it as an individual and not as a police officer.

Danny Carpenter


EXHIBIT
2



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |
| | | |
| DONALD MORIN, ET AL. | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

## AFFIDAVIT OF JOSEPH BENNETT VASQUEZ

| | | |
|---|---|---|
| THE STATE | ) | |
| | : | **AFFIDAVIT** |
| OF TEXAS | ) | |

**BEFORE ME**, the undersigned Notary Public in and for the State of Texas, on this day personally appeared **JOSEPH BENNETT VASQUEZ**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

"My name is **JOSEPH BENNETT VASQUEZ** and I am over the age of twenty-one (21) years, am in all respects competent to testify, have personal knowledge of the facts stated herein and the same are true and correct.

On October 2, 1993, at a Harlingen Gun Show, I purchased a MAK 90 rifle, serial number 9339798. I paid $125.00 of my own money and traded my personally owned SKS, serial number 9009875 as the purchase price for this MAK 90 rifle. The attached Exhibit "1" is a true, accurate and complete copy of the original purchase receipt given

to me when I purchased this MAK 90 rifle.

I kept this MAK 90 rifle as my personal property until September 1997 when I sold it to R.D. Moore for $225.00 cash."

Further affiant sayeth not.




JOSEPH BENNETT VASQUEZ


**SWORN TO AND SUBSCRIBED** before me, the undersigned authority, by the said **JOSEPH BENNETT VASQUEZ** on the ___1st___ day of ___November___,

2000, to certify which, witness my hand and seal of office.

MARIA S. MARTINEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. Nov. 14, 2000

Notary public in and for
the State of Texas
Print Name: _Maria S. Martinez_
My Commission Expires: _11-14-2000_

30864

T. Johnson
1-713-893-0435

| CUSTOMER'S ORDER NO. | DEPARTMENT | DATE 10/2/93 |
|---|---|---|

NAME  Joseph Bennett Vasquez

ADDRESS  1306 High St

CITY, STATE, ZIP  Harlingen, Tex 78550

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE RETD | PAID OUT |
|---|---|---|---|---|---|---|

| QUAN. | DESCRIPTION | | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | MAK 90 | | | |
| 5 | 7.62 X39 | | | |
| 6 | S/N - 933798 | | | |
| 7 | | | | |
| 8 | Trade in | | | |
| 9 | | | | |
| 10 | SKS - 7.62 X39 | | | |
| 11 | | | | |
| 12 | S/N - 9009875 | | 125 00 | |
| 13 | | | | |
| 14 | diff due | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |

RECEIVED BY

KEEP THIS SLIP FOR REFERENCE

DC 5805



EXHIBIT
1



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |
| | | |
| DONALD MORIN, ET AL. | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

## AFFIDAVIT OF RALPH DWAYNE MOORE

| | | |
|---|---|---|
| THE STATE | ) | |
| | : | **AFFIDAVIT** |
| OF TEXAS | ) | |

**BEFORE ME**, the undersigned Notary Public in and for the State of Texas, on this day personally appeared **RALPH DWAYNE MOORE**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

"My name is **RALPH DWAYNE MOORE** and I am over the age of twenty-one (21) years, am in all respects competent to testify, have personal knowledge of the facts stated herein and the same are true and correct.

I bought the MAK 90 rifle, serial number 9339798, from JOE VASQUEZ for my son Ernest with $225.00 of Ernest's money. Ernest was an adult at the time of this purchase; his birthdate was December 23, 1972. Since that time and until the shootings on July 7, 1998, this MAK 90 rifle remained the property of Ernest Moore."

Further affiant sayeth not.

RALPH DWAYNE MOORE

**SWORN TO AND SUBSCRIBED** before me, the undersigned authority, by the said

**RALPH DWAYNE MOORE** on the 15th day of January, 2003, to certify which, witness

my hand and seal of office.

MARIA S. MARTINEZ
Notary Public
State of Texas
Comm. Exp. 11-14-2004

Notary public in and for
the State of Texas
Print Name: Maria S. Martinez
My Commission Expires: 11-14-2004