IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

and

| | | |
|---|---|---|
| DONALD MORIN, ET AL. | { | |
| | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

### DEFENDANTS' ORIGINAL ANSWER TO DONALD MORIN'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants **CITY OF HARLINGEN, TEXAS, and R.D. Moore**, and file this their **DEFENDANTS' ORIGINAL ANSWER** to the First Amended Complaint of Donald Morin, Diana Morin, Jennifer May Gwin, Danny Morin, Ruben Rios, Sr, as next fried of Ruben Rios, Jr. (a minor), and Maria D. Lopez, as next friend of Brian Morin (a minor), and would show unto the Court as follows:

I.

**Preliminary Statement**

To the extent that the titles and headings inserted by Plaintiffs at various points in the Complaint are intended to be allegations against these Defendants, they are, unless specifically admitted, denied. To the extent that any allegations are not specifically admitted, they are denied. Moreover, Plaintiff's federal claims under 42 U.S.C. §1983 and state tort law for failure to prevent the commission of a crime and/or warn Plaintiffs have been previously dismissed by the court, which dismissal was affirmed on appeal.

1. Defendants are without sufficient information as to the residence and citizenship of Plaintiffs Donald Morin, Diana Morin, Jennifer May Gwin, Danny Morin, Ruben Rios, Sr, as next fried of Ruben Rios, Jr. (a minor), and Maria D. Lopez, as next friend of Brian Morin (a minor). Therefore, Defendants deny ¶¶ 1-6.

2. Defendants admit so much of ¶ 7 as to the City's status as a municipality and political subdivision of the State of Texas, its location and proper service.. The remaining allegations in ¶ 7 concerning the City's duties and responsibilities are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 7.

3. Defendants admit so much of ¶ 8 that Defendant Moore was employed by the city as a police officer and a detective and that he was served. The remaining allegations in ¶ 8 concerning his actions, duties, and responsibilities are so

        vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 8.

4.     Defendants admit so much of ¶ 9 that Scheopner was employed by the city as a police officer and police chief; however, he was dismissed from the case. The remaining allegations in ¶ 9 concerning his actions, duties, and responsibilities are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶9.

5.     Defendants admit so much of ¶ 10 that Vasquez was employed by the city as a police officer and a detective; however he has been dismissed from the suit. The remaining allegations in ¶ 10 concerning his actions, duties, and responsibilities are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 10.

6.     Defendants deny ¶ 11.

7.     Defendants admit the allegations in ¶ 12 that the court has pendant jurisdiction. The remaining allegations in ¶ 12 are denied.

8.     Defendants admit ¶ 13.

9.     Defendants deny the allegations contained in ¶ 14; Cause No. 99-70 has been dismissed; Cause No. 98-162 has been tried.

10.    Defendants deny the allegations contained in ¶¶ 15-33.

11. Defendants admit so much of the allegations contained in ¶¶ 34-35 concerning Defendant City had notice of Plaintiffs' claims and Plaintiffs gave notice of claim; the balance of ¶¶ 34-35 are denied.

12. Defendants deny the allegations contained in ¶ 36-39.

13.. Subject to their defensive pleadings and claims of immunity, Defendants also demand a trial by jury.

14. Defendants deny that Plaintiffs are entitled to their claims for relief contained in their Prayer.

## II.

15. Defendant City of Harlingen is entitled to sovereign immunity. Its immunity is not waived by the Texas Tort Claims Act, Chap. 101, Texas Civil Practice and Remedies Code.

   A. Any liability is subject to the damage limitation of $250,000.00 per person/$500,000.00 per occurrence. TEX. CIV. PRAC. & REM. CODE, § 101.023.

   B. Immunity is not waived for punitive damages. TEX. CIV. PRAC. & REM. CODE, § 101.024.

   C. Immunity is not waived for intentional torts. TEX. CIV. PRAC. & REM. CODE, § 101.057.

D. Immunity is not waived for the method of providing police protection. TEX. CIV. PRAC. & REM. CODE, § 101.55.

E. Immunity is not waived for the acts of off-duty police officers. TEX. CIV. PRAC. & REM. CODE, § 101.065.

## III.

## Qualified Immunity

Defendant R.D. Moore is entitled to qualified immunity against the state claims made against him individually. Defendant R.D. Moore was not deliberately indifferent to any need to properly handle and secure the rifle. He was not malicious or reckless in the handling of the rifle in question, and his actions do not rise to the level of conscience shocking behavior.

## IV.

## Official Immunity

Defendant R.D. Moore is immune from the state law claims under the doctrine of official immunity.

## V.

## Damage Cap

Defendant City of Harlingen's liability, if any, is limited by Tex.Civ.Prac. & Rem. Code, § 101.023. Defendant R.D. Moore's liability, if any, is limited by Tex.Civ.Prac. & Rem. Code, § 108.002.

## VI.

### Third Party Causation

The occurrence in question was caused in whole or in part by the actions of a third party over whom Defendants had no control. Such acts are an independent, superseding cause of harm; alternatively, they are the sole proximate cause of the occurrence and any alleged injuries.

## VII.

### Statute of Limitations

The claims of Maria D. Lopez, as Next Friend of Brian Morin (a minor), are barred by the two year statute of limitations.

## VIII.

### Punitive Damages

Punitive damages are excluded by Texas Civil Practice & Remedies Code, §§ 41.005 and 101. 024. Any recovery of punitive damages is limited by Texas Civil Practice & Remedies Code, §41.008. Prejudgment interest on punitive damages are excluded by Texas Civil Practice & Remedies Code, §41.007.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants **CITY OF HARLINGEN, TEXAS**, and **R.D. MOORE** pray that upon final hearing that they be discharged without liability and be granted all other relief, either in law or in equity, which

the Court deems proper.

Respectfully Submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
**ROGER W. HUGHES**
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)
ATTORNEY-IN-CHARGE FOR
DEFENDANTS, CITY OF
HARLINGEN, TEXAS; AND R.D.
MOORE

OF COUNSEL:

Mr. Walter Passmore
**LAW OFFICE OF WALTER J. PASSMORE, P.C.**
P. O. Drawer 3187
McAllen, TX 78502-3187
Telephone: 956/668-8750
Telecopier: 956/668-1714
Attorney for R.D. Moore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 3rd day of March, 2003, to the following counsel of record and interested parties:

---

Attorney of record for Plaintiff, DAN MORIN, et al:

    Mr. David Sergi                                   CM/RRR #7002 0510 0004 1769 5201
    **SERGI & ASSOCIATES**
    109 E. Hopkins
    Suite 200
    San Marcos, TX 78666

Attorney of record for Plaintiff, DONALD MORIN, et al:

    Mr. Jerry J. Trevino                              CM/RRR #7002 0510 0004 1769 5195
    **ATTORNEY AT LAW**
    1125 South Port Avenue
    Corpus Christi, TX 78405

Attorney of record for Defendant, R.D. MOORE, individually:

    Mr. Walter Passmore                             VIA ORDINARY MAIL
    **LAW OFFICE OF WALTER J. PASSMORE, P.C.**
    P. O. Drawer 3187
    McAllen, TX 78502-3187

_____
TOM LOCKHART