*56*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| RALPH D. MOORE, ET AL. | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| RALPH D. MOORE, ET AL. | § | |

## DEFENDANT RALPH D. MOORE'S MOTION TO QUASH DISCOVERY OR FOR PROTECTION

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Ralph D. Moore (Defendant Moore) moves to quash Plaintiff Dan Morin's discovery or, in the alternative, for protection from responding to any discovery until thirty days after a Rule 26(f) Conference, and in support thereof would show as follows:

1.   Plaintiff Dan Morin seeks to begin discovery despite the lack of a Rule 26(f) Conference.  Plaintiff Dan Morin and other plaintiffs sued Defendant Moore, the City of Harlingen (the City), and other defendants, asserting state and federal law claims. All defendants filed 12(b)(6) motions to dismiss and this court granted the defendants' motions.  Following an appeal, the Fifth Circuit remanded certain state law claims against Defendant Moore and the City.  The two defendants have recently filed answers to the

plaintiffs' complaints and the City has a motion for summary judgment pending before this court. A Rule 26(f) Conference, however, has not been held at any time in this case.

2.    On February 13, 2003, Mr. David K. Sergi, counsel for Plaintiff Dan Morin, served discovery on Mr. Walter J. Passmore, counsel for Defendant Moore. This discovery was comprised of two documents: 1) "Plaintiff's First Interrogatories to Defendant Ralph D. Moore" (Exhibit A); and 2) "Plaintiff's First Request for Production to Defendant City of Harlingen" (Exhibit B). After receiving these documents, Mr. Passmore informed Mr. Sergi that discovery was premature since a Rule 26(f) Conference had not been held (Exhibit C). On February 28, 2003, Mr. Sergi acknowledged his error but proposed to withdraw his discovery only in exchange for an agreed order on his motion for continuance to respond to the City's summary judgment motion (Exhibit D). In response, Mr. Passmore wrote that he interpreted Mr. Sergi's previous message to mean that the plaintiff would not voluntarily withdraw his discovery (Exhibit E). Mr. Sergi has not replied with a message correcting Mr. Passmore's interpretation of the plaintiff's position.

3.    Rule 26(d) of the Federal Rules of Civil Procedure states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Since the parties have not held a Rule 26(f) Conference, the plaintiff's discovery is not proper at this time.

4.    Mr. Walter J. Passmore represents Defendant Moore in his individual capacity in this case. Mr. Passmore does not represent the City. Therefore, the plaintiff's attempt to secure a concession from the City through Mr. Passmore is improper.

## Certificate of Conference

5.      The exchange of correspondence between counsel (Exhibits C, D, and E)

reflects that no agreement has been reached regarding the plaintiff's written discovery

propounded to Defendant Moore.

WHEREFORE, premises considered, the movant requests that this court quash all

discovery served on Defendant Moore or, in the alternative, for protection from

responding to any discovery until thirty days after a Rule 26(f) Conference, and grant

such other and further relief to which the movant may be entitled.

Respectfully Submitted,

Walter J. Passmore
State Bar No. 15560400
Paul W. Turner
State Bar No. 24037619
THE PASSMORE LAW FIRM
P.O. Drawer 3187
McAllen, Texas 78502-3187
956-668-8750
956-668-1714 (fax)
*Individual counsel for R.D. Moore*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANT RALPH D. MOORE'S MOTION TO QUASH DISCOVERY OR FOR PROTECTION has been sent to the Attorney(s) of record on this 3th day of _March_____, 2003, as follows:

| | |
|---|---|
| Mr. David Sergi<br>Sergi & Associates<br>109 E. Hopkins, Ste. 200<br>San Marcos, TX 78666<br>*Attorney of record for Plaintiff Dan Morin* | Mr. Jerry J. Trevino<br>Attorney At Law<br>1125 South Port Avenue<br>Corpus Christi, TX 78405<br>*Attorney of record for Plaintiffs Donald Morin, et. al.* |
| Mr. Tom Lockhart<br>Adams & Graham, L.L.P.<br>P.O. Drawer 1429<br>Harlingen, TX 78551<br>*Attorney of record for the City of Harlingen, et. al.* | |

Walter J. Passmore

EXHIBIT

A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN, Individually and as | § | |
| Representative of the Estate of | § | |
| Margarita Flores, Deceased | § | |
|     Plaintiff-Appellant | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
|     Defendants-Appellees | § | |

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT RALPH D. MOORE

**TO:    Ralph D. Moore, Defendant, by and through its attorney of record, Walter Passmore, PASSMORE, WALKER & TWENHAFEL, L.L.P., P.O. Drawer 3766, McAllen TX 78502-3766**

PLAINTIFFS, Dan Morin, Individually and as Representative of the Estate of Margarita Flores, Deceased ("Morin"), respectfully propounds the following written interrogatories to the City of Harlingen ("City"), Defendant, in the above-numbered cause, in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. You are hereby requested to respond to these interrogatories in writing, under oath, within thirty-three (33) days of receipt of same. You must also supplement your answers pursuant to Rule 26(e) Federal Rules of Civil Procedure.

Respectfully submitted,

SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
Telephone: (512) 392-5010/Fax: (512) 392-5042

EXHIBIT

A

1

BY:  _____
David K. Sergi
Attorney for Plaintiffs
State Bar No. 18036000

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the following in accordance with the

Texas Rules of Civil Procedure on February 10, 2003.

**VIA CMRRR 7002 2410 0007 0480 6971**
Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, TX 78551
*Attorneys for Appellees City of Harlingen,*
*Jim Scheopner, Joseph Vasquez and Ralph D. Moore*

**VIA CMRRR 7002 2410 0007 0480 6957**
Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P.O. Drawer 3766
McAllen, TX 78502-3766
*Attorney for Appellees Ralph D. Moore and*
*Jim Scheopner, individually*

**VIA CMRRR 7002 2410 0007 0480 6964**
Mr. Jerry Trevino
LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, TX 78405
*Attorneys for Donald Morin, Diana Morin,*
*Jennifer May Gwin, Danny Morin, Ruben Rios, Sr.,*
*as next friend of Ruben Rios, Jr., a minor, and*
*Maria D. Lopez, as next friend of Brian Morin, a minor*

_____
DAVID K. SERGI

## DEFINITIONS APPLICABLE TO INTERROGATORIES

The following terms are defined and used in these Interrogatories as follows:

1.  "Plaintiff" means Dan Morin, Individually and as Representative of the Estate of Margarita Flores, Deceased.

2.  "Defendant" means the City of Harlingen, its representatives, employees, agents, or officers of Defendant acting or purporting to act on its behalf with respect to any matter inquired about in these Interrogatories.

3.  "You" or "your" means Defendant City of Harlingen, its attorneys, agents, representatives, or investigators.

4.  "Occurrences made the basis of this lawsuit" means the factual allegations set forth in Plaintiff's First Amended Complaint and any amendment thereto.

## INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1:**
Identify by name, address, and telephone number any person you expect to testify at trial. This Interrogatory is requesting fact witnesses, experts and discoverable consulting experts.

*ANSWER:*


**INTERROGATORY NO. 2:**
Identify any rule, regulation, policy, or procedure of the City of Harlingen relating to any alleged SWAT team or sharpshooters employed by the City at the time of the July 7, 1998 shooting incident which is the subject of this lawsuit.

*ANSWER:*


**INTERROGATORY NO. 3:**
When did you first become aware of a MAK-90 rifle, from Interstate Arms, Norinco MAK-90 Sporter, serial #9339798, and who were you aware was the owner of said rifle.

*ANSWER:*


**INTERROGATORY NO. 4:**
With respect to the MAK-90 rifle described in the previous Interrogatory, are you aware of any transfers of the same, and if so, please state the terms of the transfer, including sales price, name of seller and purchaser, and amount of consideration and source of consideration.

*ANSWER:*


**INTERROGATORY NO. 5:**
Please state the policies of the City of Harlingen with respect to the use of the National Crime Institute Computer ("NCIC") and whether or not individual employees of the City of Harlingen may use the same for their personal benefit.

*ANSWER:*

**INTERROGATORY NO. 6:**

Please state the policies of the City of Harlingen regarding the use of the City of Harlingen computers for tracing individuals for personal benefit of City of Harlingen employees.

*ANSWER:*

**INTERROGATORY NO. 7:**

Identify the requirements for owning and purchasing a MAK-90 semi-automatic rifle that you contend was used in the shooting of the Plaintiffs in this case.

*ANSWER:*

**INTERROGATORY NO. 8:**

State whether or not Ernest Moore was qualified by virtue of his prior drug treatment and mental health treatment to own the MAK-90 rifle which you contend was used in the shooting of Plaintiffs in this case.

*ANSWER:*

**INTERROGATORY NO. 9:**

Identify all investigations of the July 7, 1998 incident and July 8, 1998 incident which involved Ernest Moore and any of the occurrences which are the subject of this lawsuit.

*ANSWER:*

**INTERROGATORY NO. 10:**

Please describe your knowledge of who owned the MAK-90 rifle which you contend was used in the shooting of the Plaintiffs in this case and how that rifle was acquired by the owner at the time of the shooting or at any time prior to the shooting.

*ANSWER:*

## INTERROGATORY NO. 11:

Please state the complete factual and legal basis for each affirmative defense asserted by you in your answer in this case.

### _ANSWER:_


## INTERROGATORY NO. 12:

Identify by name, address and telephone number every person known or believed by you to have knowledge or any fact relevant to this lawsuit, stating in detail for each such person the knowledge you know or believe that person to have.

### _ANSWER:_

EXHIBIT

B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN, Individually and as | § | |
| Representative of the Estate of | § | |
| Margarita Flores, Deceased | § | |
| Plaintiff-Appellant | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
| Defendants-Appellees | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT CITY OF HARLINGEN

**TO:    Ralph D. Moore, Defendant, by and through its attorney of record, Walter Passmore, PASSMORE, WALKER & TWENHAFEL, L.L.P., P.O. Drawer 3766, McAllen TX 78502-3766**

PLAINTIFFS, Dan Morin, Individually and as Representative of the Estate of Margarita Flores, Deceased, respectfully serves the following First Request for Production, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. You are hereby requested to respond to these requests in writing, under oath, and to produce copies of the requested documents to the office of the undersigned defense counsel within thirty three (33) days of receipt of these requests.

Respectfully submitted,

SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
Telephone: (512) 392-5010/Fax: (512) 392-5042

BY:    _____
David K. Sergi
Attorney for Plaintiffs
State Bar No. 18036000

EXHIBIT    1

B

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the following in accordance with the

Texas Rules of Civil Procedure on February 10, 2003.

**VIA CMRRR 7002 2410 0007 0480 6971**
Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, TX 78551
*Attorneys for Appellees City of Harlingen,*
*Jim Scheopner, Joseph Vasquez and Ralph D. Moore*

**VIA CMRRR 7002 2410 0007 0480 6957**
Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P.O. Drawer 3766
McAllen, TX 78502-3766
*Attorney for Appellees Ralph D. Moore and*
*Jim Scheopner, individually*

**VIA CMRRR 7002 2410 0007 0480 6964**
Mr. Jerry Trevino
LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, TX 78405
*Attorneys for Donald Morin, Diana Morin,*
*Jennifer May Gwin, Danny Morin, Ruben Rios, Sr.,*
*as next friend of Ruben Rios, Jr., a minor, and*
*Maria D. Lopez, as next friend of Brian Morin, a minor*

DAVID K. SERGI

## DEFINITIONS APPLICABLE TO REQUEST FOR PRODUCTION

The following terms are defined and used in these Requests for Production as follows:

1.     "Plaintiff" means Dan Morin, Individually and as Representative of the Estate of Margarita Flores, Deceased.

2.     "Defendant" means the City of Harlingen, its representatives, employees, agents, or officers of Defendant acting or purporting to act on its behalf with respect to any matter inquired about in these Interrogatories.

3.     "You" or "your" means Defendant City of Harlingen, its attorneys, agents, representatives, or investigators.

4.     "Occurrences made the basis of this lawsuit" means the factual allegations set forth in Plaintiff's First Amended Complaint and any amendment thereto.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
> Please produce all documents and tangible things, including all tangible reports, physical models, compilations of data, notes, documents, working papers, correspondence, billing time, records, and other material reviewed by, or prepared by, any expert and/or consulting expert retained by you, including materials that you or your attorney have provided to each expert witness that you expect to call as a witness or whose mental impressions and opinions have been reviewed by a testifying expert in this case.

> ***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 2:**
> Please produce all documents which you have identified and/or used in preparing your responses to any written interrogatories served on you by Plaintiffs.

> ***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 3:**
> Please produce copies of all documents containing information which supports any alleged affirmative defense that you will assert in this litigation.

> ***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 4:**
> Please produce all witness statements relating to the occurrences made the basis of this lawsuit.

> ***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 5:**
> Please produce all documents identified in your Initial Disclosures or used to prepare your Initial Disclosures.

4

*RESPONSE:*


**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents that contain information concerning the name, address and telephone number of any potential or correct parties to this litigation if you contend that you were served in an incorrect capacity in this litigation.

*RESPONSE:*


**REQUEST FOR PRODUCTION NO. 7:**

Please produce all indemnity and insurance agreements under which any person or entity may be liable to satisfy part or all of a judgment rendered in this lawsuit, or to indemnify or reimburse for any payments made on any judgment in this lawsuit.

*RESPONSE:*


**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents relating to the job performance of Jim Scheopner, Ralph D. Moore and Joseph Vasquez during the past 10 years, including, but not limited to, evaluations, performance appraisals, counseling sessions, oral or written warnings and/or disciplinary notices.

*RESPONSE:*


**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents relating to the employment and compensation of Jim Scheopner, Ralph D. Moore and Joseph Vasquez, including documents showing their job title, job status, rate of pay, paystubs and vouchers, descriptions of jobs held or work performed, employee handbooks and benefit statements, insurance payments and benefits, health insurance benefits and payments, retirement, stock transfers or other benefits or compensation in any form to be paid by you or which has been paid by you to them and all documents showing their income and benefits from any source available to you during the past 10 years.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 10:**
 Please produce all documents that show or evidence any lawsuits, arbitrations, or other adversary proceedings or administrative proceedings with anyof your employees or former employees in which you have been a party during the last 5 years.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 11:**
 Please produce all documents that you have supplied to any person whom you or your attorney may call as a fact witness during the trial of this lawsuit.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 12:**
 Please produce a complete copy of the following individuals personnel files:
 A.    Jim Scheopner
 B.    Ralph D. Moore
 C.    Joseph Vasquez

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 13:**
 Please produce all complaints or documentation of complaints that you have received at any point in time regarding Jim Scheopner, Ralph D. Moore and Joseph Vasquez.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 14:**
 Please produce all exhibits which will be used as demonstrative evidence or which will be submitted or offered into evidence during the trial of this action.

*RESPONSE:*


## REQUEST FOR PRODUCTION NO. 15:

Please produce a copy of your e-mail and word processing document retention policies that have been in effect from January 1, 1995 to date.

*RESPONSE:*


## REQUEST FOR PRODUCTION NO. 16:

Please produce all documents that establish the manner in which you backed up or archived e-mail and word processing files since January 1, 1995 and the manner in which, and location in which, such archives were or are currently maintained.

*RESPONSE:*


## REQUEST FOR PRODUCTION NO. 17:

Please produce all personnel handbooks and all documents reflecting the personnel practices and policies for the City of Harlingen in effect from January 1, 1995 until present.

*RESPONSE:*


## REQUEST FOR PRODUCTION NO. 18:

Please produce all documents reflecting your procedures and criteria for assigning, training, assisting, handling the complaints of, evaluating, promoting, increasing salary, demoting, disciplining, laying off and discharging of your employees since January 1, 1995 to date.

*RESPONSE:*


## REQUEST FOR PRODUCTION NO. 19:

Please produce all documents which reflect, refer, evidence, relate or describe in any manner any defense upon which you may rely in the defense of this suit.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 20:

Please produce all documents relating to or evidencing the job description, employment duties, and standards of performance for Jim Scheopner, Ralph D. Moore and Joseph Vasquez.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 21:

Please produce all documents reflecting communications made to Defendants' employees in connection with inquiries relating to or pertaining to Plaintiffs' complaints in this lawsuit.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 22:

Please produce all photographs, videotapes, charts, computer records or diagrams relating to any issue in this lawsuit.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 23:

Please produce all correspondence between Plaintiffs and you.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 24:

Please produce the original tape and/or other mechanical recording devices used by you to record any conversations with Plaintiffs during the past 5 years.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 25:**

Please produce any reports about this lawsuit and/or claims subject to this litigation made by you to your City Council and/or insurance adjusters or carriers, including Texas Municipal League.

***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 26:**

Please produce all billing statements or fee records of your attorneys in connection with the defense of this litigation.

***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 27:**

All trial exhibits used in the *Arturo Guillermo Salinas, et al. vs. City of Harlingen* case, B-98-162 by either Plaintiff or Defendants.

***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 28:**

All trial transcripts used in the *Arturo Guillermo Salinas, et al. vs. City of Harlingen* case, B-98-162.

***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 29:**

All correspondence between any representatives of the City of Harlingen and any representatives of the Plaintiff in *Arturo Guillermo Salinas, et al. vs. City of Harlingen* since February 2002.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 30:**
  All files or other documents containing information on Ernest Moore and relating to the shooting incident on July 7, 1998.

  ***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 31:**
  All criminal records of Ernest Moore.

  ***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 32:**
  All records of disciplinary action taken against Ralph Dwayne Moore, Jim Schoepner, and Joe Vasquez during the past twenty (20) years.

  ***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 33:**
  All criminal and other files on Julie Cox, who was involved in the Ernest Moore investigation.

  ***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 34:**
  All files or documents on the MAK-90 rifle that you contend was used in the shooting of Plaintiffs.

  ***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 35:**
  All files or documents you have on Danny Carpenter and any investigation by him.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 36:**
All investigations of the shooting of July 7, 1998.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 37:**
All records of training received by Ralph D. Moore in the use of weapons during the past twenty (20) years.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 38:**
All policies for training in the use of assault or automatic weapons by the Harlingen Police Department employed during the last 20 years.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 39:**
All policies regarding an alleged "SWAT team" which exists at the City of Harlingen or that would suggest Ralph D. Moore was a sharpshooter on such a SWAT team.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 40:**
All incident reports of all officers relating to the July 7, 1998 shootings.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 41:**

All investigations commenced by former Police Chief Michael Blake regarding the MAK-90 assault rifle.

***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 42:**

All ATF Form 4473's that relate to the MAK-90 assault rifle.

***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 43:**

All policies of the City of Harlingen regarding registration of weapons under ATF Form 4473, both for police officers and private citizens.

***RESPONSE:***


**REQUEST FOR PRODUCTION NO. 44:**

All records from R.D. Moore or any other police officers regarding Ernest Moore and his drug and mental health problems.

***RESPONSE:***

# THE PASSMORE LAW FIRM

**EXHIBIT**

**C**

ATTORNEYS AT LAW

Walter J. Passmore
  *Civil Trial Law\**
Linda Yee
Christopher Funk
Paul W. Turner

passmorelaw.com
wjpassmore@passmorelaw.com
lindayee@passmorelaw.com
cfunk@passmorelaw.com
pturner@passmorelaw.com

P.O. Drawer 3187
McAllen, Texas 78502-3187

Frost National Bank Building
2424 N. 10th Street, Suite 201
McAllen, Texas 78501

Telephone
(956) 668-8750
Facsimile
(956) 668-1714

February 27, 2003

David K. Sergi
SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666

*Via Fax (512) 392-5042 &*
*Via Regular Mail*

Re:   State Farm Claim No.: 53-Q089-681, *Cause No. 01-40752; Dan Morin et al vs. Ralph D. Moore, Joseph Vasquez, Jim Schoepner and the City of Harlingen*

Dear David:

I am writing concerning the written discovery you have propounded in the <u>Morin</u> case and, in particular, the document styled PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RALPH D. MOORE. Tom Lockhart and I both are attorneys of record for R.D. Moore and, as Tom is engaged in addressing the MSJ and discovery related issues for the City of Harlingen, I am writing on behalf of R.D. Moore concerning Plaintiff's Discovery Propounded to R.D. Moore.

Your written discovery is untimely and prohibited under Rule 26, Federal Rules of Civil Procedure. As you were not involved in the early stages of the case, I expect that you have stepped out of bounds inadvertently, rather than by deliberate disregard of the rules. The purpose of this letter, therefore, is to inquire whether you will voluntarily withdraw PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RALPH D. MOORE without the necessity of Defendant Moore moving to Quash. Please advise by week's end.

If you will review the procedural history in this file, you will find that when the <u>Morin</u> cases were originally filed, all defendants filed 12(b)(6) Motions to Dismiss rather than joining issue (no answer filed initially). The two <u>Morin</u> cases were consolidated, and dismissed, all before Rule 26 Disclosures were made by any parties. In fact, discovery could not be had of the individual officers defendant due to their qualified immunity bar from suit (including discovery). Thus, the current procedural posture is that the next step regarding discovery would be for the parties to schedule and conduct their Rule 26(f) Conference of Parties, to thereafter exchange initial disclosures, all before seeking discovery from any other sources. Rule 26(d).

**EXHIBIT**

**C**

Please advise regarding the foregoing. I have not addressed the issue of discovery propounded to the City of Harlingen, which I believe suffers the same procedural affliction, as I do not represent the City of Harlingen and because that discovery is the subject of the City of Harlingen's Motion for Protective Relief. The premises of the City's motion are broader and more substantive than my procedural objection to the discovery you have propounded to R.D. Moore. Be that as it may, the bulk of the information you have requested from R.D. Moore and to which he is able to respond, individually, is encompassed in the summary judgment evidence supporting the City of Harlingen's Motion for Summary Judgment. Consequently, there should be no prejudice to plaintiffs in seeking responses to the set of discovery served on R.D. Moore in accordance with the Federal Rules procedural guidelines and subject to the limitations imposed by the court, if any, pursuant to the City's Motion for Protective Order.

Sincerely,

Walter J. Passmore

WJP:vr

cc:   Tom Lockhart          *Via Fax (956) 428-2954*
      Adams & Graham, L.L.P.
      P.O. Drawer 1429
      Harlingen, TX 78551

      Roger Becerra         *Via Fax (956) 632-6860*
      P. O. Box 2378
      McAllen, TX 78502

      R.D. Moore
      1604 Preston Trail
      Harlingen, Texas 78550

\\PASSMORE-LAW1\DataDrive\datafiles\DATA2\SHARED2\WJP\MOORE\CORRESP\segi022503.doc

**EXHIBIT**

**D**

DAVID K. SERGI
*Licensed in Texas and California*
WALTER C. PRENTICE, *Of Counsel*
*Licensed in Texas Only*
ERIC MOERBE, *Of Counsel*
*Licensed in Texas Only*

# SERGI & ASSOCIATES, P.L.L.C.

109 EAST HOPKINS, SUITE 200
SAN MARCOS, TEXAS 78666
PHONE: 512/392-5010    FAX: 512/392-5042

VICTOREA D. BROWN
*Licensed in Texas and Utah*
ROBERT E. UPDEGROVE
*Licensed in Texas Only*

February 28, 2003

**RECEIVED**

FEB 2 8 2003

**VIA FAX 1-956-668-1714 ONLY**

Mr. Walter Passmore
THE PASSMORE LAW FIRM
P.O. Drawer 3187
McAllen TX 78502-3187

> Re:    Cause No. 01-40752
> *Dan Morin, et al. vs. Ralph D. Moore, et al.*

Dear Walter:

Thank you for your letter of February 27, 2003 in which you point out that in the combined Morin lawsuits we have not had a Rule 26(f) Conference of Parties, have not exchanged initial disclosures, nor any discovery in the case. You are correct, of course, in your assertion that discovery is premature prior to the Rule 26 Conference of Parties and since the City of Harlingen has filed a Motion for Summary Judgment prior to initial disclosures and discovery of the parties, I am sure that you and Tom Lockhart will want to agree to Plaintiff's Motion for Continuance of the summary judgment response until such time as we can have the Rule 26 Conference.

Consequently, I am prepared to agree to your request to withdraw Plaintiff's First Interrogatories to Defendant Ralph D. Moore and to withdraw the interrogatories and requests for production to the City of Harlingen in exchange for your and Tom Lockhart's agreement to submit an agreed order granting the continuance requested on the summary judgment response of Plaintiffs. I am sure you will agree that it is in everyone's interest to exchange discovery prior to moving for summary judgment so that the appellate courts will not be faced with a summary judgment order which is, in effect, nothing more than a second 12(b)(6) motion which has already been denied by the Fifth Circuit.

After you and Mr. Lockhart have had an opportunity to confer, please advise if you will agree to Plaintiff's Motion for Continuance for its summary judgment response. Please contact my office for a Rule 26(f) Conference of the Parties so that we can engage in discovery, make a response to your summary judgment and ultimately get this case in a scheduling order acceptable to all parties and to the Court.

O:\CLIENTS\CURRENT\Morin, Dan\01335orin\passmore withdraw request ltr-02.28.03.wpd

**EXHIBIT**

**D**

Since our Motion for Rule 56(f) Continuance on the summary judgment response was made on behalf of all Plaintiffs in the consolidated case, I would request that your agreement to the continuance apply to both of the Morin plaintiff groups and that our Rule 26(f) Conference of Parties be conducted in view of our representation to you that it would apply to all Plaintiffs in the consolidated lawsuit.

I look forward to your quick response.

Yours truly,

David K. Sergi
*(Dictated but not read; signed by permission)*

DKS/vl

cc:    **VIA FAX 1-956-428-2954 ONLY**
       Mr. Tom Lockhart
       ADAMS & GRAHAM, L.L.P.
       P.O. Drawer 1429
       Harlingen TX 78551

       client

# THE PASSMORE LAW FIRM

EXHIBIT

E

ATTORNEYS AT LAW

Walter J. Passmore
Civil Trial Law*
Linda Yee
Christopher Funk
Paul W. Turner

passmorelaw.com
wjpassmore@passmorelaw.com
lindayee@passmorelaw.com
cfunk@passmorelaw.com
pturner@passmorelaw.com

P.O. Drawer 3187
McAllen, Texas 78502-3187

Frost National Bank Building
2424 N. 10th Street, Suite 201
McAllen, Texas 78501

Telephone
(956) 668-8750
Facsimile
(956) 668-1714

March 4, 2003

David K. Sergi                                    *Via Fax (512) 392-5042*
SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666

Re:     State Farm Claim No.: 53-Q089-681, *Cause No. 01-40752; Dan Morin et al vs.
        Ralph D. Moore, Joseph Vasquez, Jim Schoepner and the City of Harlingen*

Dear David:

I am writing in response to your letter of February 28, 2003, in which you propose to withdraw your untimely written discovery to R.D. Moore in exchange for an agreement by the City of Harlingen to submit an Agreed Order Granting Plaintiffs' Motion for Continuance. I cannot speak for the City of Harlingen, obviously, since I do not represent the City, and the City's position regarding a Motion for Continuance is clear from the pleadings that have been filed with the Court. Whether or not Rule 26 procedures have been initiated is not relevant to the City's Motion for Summary Judgment. FRCP 12(b)(6). I have reviewed the City's Motion for Summary Judgment and its response to Plaintiffs' Motion for Continuance to Respond to Rule 56 Motion for Summary Judgment, along with the transcript of the hearing before Judge Black on September 18, 2000, and think the City's position on whether or not additional discovery is required for its Motion for Summary Judgment is reasonable under the circumstances. Be that as it may, the discovery issues between Plaintiffs and the City of Harlingen will have to be worked out directly with the City of Harlingen.

EXHIBIT

E

*BOARD CERTIFIED BY THE TEXAS STATE BOARD OF LEGAL SPECIALIZATION

David Sergi
March 4, 2003
Page 2


    In regards to R.D. Moore, I understand from your letter that you are not willing to withdraw your written discovery to R.D. Moore, absent the City of Harlingen's acceding to your conditions.

                    Sincerely,

                    Walter J. Passmore

WJP:ijt

cc:    Tom Lockhart        *Via Fax (956) 428-2954*
       Roger Hughes       *Via Fax (956) 428-2954*