


United States District Court
Southern District of Texas
FILED

MAR 24 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL. | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF HARLINGEN'S
MOTION FOR PROTECTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFFS Dan Morin joined by Donald Morin hereby respond to Defendant City of Harlingen's Motion for Protective Relief under Rule 26(c) and would show as follows:

I.

Defendant City of Harlingen's and Defendant Moore's Motion for Protective Relief should be denied for all of the following reasons:

1. *It does not comply with Rule 26(c) Fed. R. Civ. P.*

Defendants failed to identify a "good cause" by "demonstrating a particular need for protection. See *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). The only assertion of "good cause" is that Plaintiffs' discovery is "over burdensome, harassing, irrelevant, and seeks privileged materials." "Broad allegations of harm unsubstantiated by specific examples or articulated reasoning,

do not satisfy the Rule 26(c) test." *Cipollone v. Tiggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Moreover, Defendants objection does not comply with the requirements of the Federal Rules of Civil Procedure that each question be listed along with Defendants' specific objection. These use of the Motion for Protective Relief by Defendants to object globally to *all* discovery propounded to them is simply incorrect.

2.  *A Rule 26(f) Conference has now been requested.*

The argument that there has been no Rule 26(f) Conference is now moot since Plaintiffs have already requested the Conference to be held on March 21, 2003.

3.  *Discovery is needed to respond to the summary judgment.*

Plaintiffs would show that the interrogatories served on Defendant City of Harlingen are necessary to establish the very issues raised in the City of Harlingen's Motion for Summary Judgment. Naturally, Defendant City of Harlingen would like this Court to grant a protective order keeping Plaintiffs from obtaining documents in discovery showing ownership of the weapon and showing the use of other City equipment, such as the NCIC computer system, and other officers advising Defendant Moore of how to locate Plaintiff Dan Morin so that Defendant Moore's son could seek revenge on the Morin Plaintiffs. The City of Harlingen's opposition to Plaintiffs' discovery is disingenuous since the information being discovered is material to Plaintiffs' Response to Defendants' Motion for Summary Judgment. If this Court grants the Motion for Protective Relief and denies the Plaintiff's Motion for Continuance of the time for making a summary judgment response, then in effect, Plaintiffs will have no other means to show a material fact issue of whether or not the gun could have been owned by Defendant Moore's son as claimed by Defendants when

everyone knew that it is impossible to register the automatic weapon into the name of Defendant Moore's son because of his prior psychological problems and drug use.

As basis for their Motion for Protective Relief, Defendants create a paper tiger by assuming that Plaintiffs will rely on information at a hearing that occurred nearly three years ago and therefore refocus this Court's attention away from the very damaging testimony given by Defendants in the trial in *Salinas, et al. v. City of Harlingen,* Cause No. 98-162 U.S. District Court, Brownsville. Interestingly, Defendants had no difficulty producing "excerpts from transcript of trial in *Salinas, et al. v. City of Harlingen*" as in Exhibit No. 2 in their response to Plaintiff's Motion for Continuance; yet, in their Motion for Protective Relief they recite that the Request for Production of Plaintiffs requesting that very transcript is "over burdensome, harassing, irrelevant and seeks privileged materials" in their description of Plaintiffs' interrogatories and requests for production.

Defendants arguments concerning the prior transcript and any alleged Rule 11 violations are totally irrelevant to their Motion for Protective Relief and, once again, is an attempt to refocus this Court's attention away from their true intentions of filing a summary judgment motion before the Rule 26 conference and before any discovery has been exchanged by the parties, including the Initial Disclosures. In fact, the Fifth Circuit has repudiated Defendants assertion that "Rule 56 does not require that any discovery take place before summary judgment can be granted" and confined all of the cases relied on by Defendants to situations where "parties cannot evade summary judgment simply by arguing that additional discovery is needed; rather they must meet the requirements of Rule 56(f)."[1]

---

[1] *Brown v. Mississippi Valley State University,* 311 F.3d 328, 333 (5th Cir. 2002). In *Brown,* the Fifth Circuit held it to be an abuse of discretion to rule on a summary judgment motion before discovery is completed, *Brown, id.* at 334.

4.  *Plaintiffs have more than one theory.*

Defendants' Motion for Summary Judgment and their Motion for Protective Relief is based on the false assumption that all remaining claims of Plaintiffs are dependent on the ownership of the gun issue. Clearly that is not the case. Defendants' sovereign immunity is waived under all of the following scenarios pled by Plaintiffs:

a.  Negligent supervision of Defendant Moore, *Young v. City of Dimmitt,* 787 S.W.2d 50, 51 (Tex. 1990)

b.  Negligent implementation of the City of Harlingen's policy on handling automatic firearms, use of the NCIC computer, etc., *City of Brownsville v. Alvardo,* 897 S.W.2d 750, 754 (Tex. 1995)

c.  Negligent conduct of City in avoiding the incident which led to Plaintiffs' injury, *Medrano v. City of Pearsall,* 989 S.W.2d 141, 144 (Tex. App.–San Antonio, 1999)

d.  Failure to train Defendant Moore in the use of firearms and in reporting the criminal intentions of his son, *City of San Augustine v. Parrish,* 10 S.W.3d 734, 740 (Tex. App.–Tyler, 1999)

e.  Negligent entrustment by both the City of Harlingen and by Defendant Moore (see Fifth Circuit opinion in this case).

In short, Plaintiffs will be in a position to obtain through written discovery and the depositions of Defendant Moore and a representative of the City of Harlingen all of the evidence that clearly demonstrates each of the claims above and will be able to respond to Defendants' Motion for Summary Judgment with this information.

II.
CONCLUSION

As a result of the above, this Court should deny Defendant City of Harlingen's Motion for Protective Relief and should grant Plaintiffs' Motion for Continuance, pursuant to Rule 56, Fed. R. Civ. P. of the summary judgment hearing.

Respectfully submitted,

SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
Telephone: (512) 392-5010/Fax: (512) 392-5042

BY: _____
David K. Sergi
Attorney for Plaintiffs
State Bar No. 18036000

Mr. Jerry J. Trevino
LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi TX 78405
ATTORNEY FOR DONALD MORIN, ET AL.
ALSO JOIN IN THIS MOTION

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the following in accordance with the Texas Rules of Civil Procedure on March 14, 2003.

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, TX 78551
*Attorneys for Appellees City of Harlingen,*
*Jim Scheopner, Joseph Vasquez and Ralph D. Moore*

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P.O. Drawer 3766
McAllen, TX 78502-3766
*Attorney for Appellees Ralph D. Moore and*
*Jim Scheopner, individually*

_____
DAVID K. SERGI