

United States District Court
Southern District of Texas
FILED

MAR 28 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL. | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HARLINGEN'S SUPPLEMENTAL MOTION FOR PROTECTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Dan Morin and Donald Morin, et al., Plaintiffs in the above-styled cause, in Response to Defendant City of Harlingen's Supplemental Motion for Protective Relief, would show as follows:

I.

Defendant City of Harlingen, in its Supplemental Motion for Protective Relief, now asserts that the Court should extend the deadline to serve responses and objections until 30 days after the parties conduct a Rule 26(f) Conference. Yet, as will hereinafter be shown, the City of Harlingen has steadfastly refused to conduct a Rule 26(f) Conference by agreement with the parties in this litigation and, therefore, their Supplemental Motion is a disingenuous attempt to circumvent the Rules of Civil Procedure and prevent the orderly disposition of this case.

From inception, the City of Harlingen's actions have been deceptive. Within days of the return of the Fifth Circuit opinion, they filed a Motion for Summary Judgment which under Rule 56 should only have been filed following discovery, rather than instead of discovery.[1] Then, they invoke the protections of Rule 26(d), Fed. R. Civ. P., to assert that in the *absence* of a Rule 26(f) Conference, *no discovery* can be had against them. Plaintiffs know that discovery responses would disprove the allegations of their summary judgment and show that there are genuine issues of fact to preclude the granting of the same.

As shown by the attached correspondence, Defendant City of Harlingen refuses to cooperate with all of the other trial counsel in this case to schedule a Rule 26(f) Conference. Rule 26(f), Fed. R. Civ. P., creates a *joint* obligation for *all* attorneys and parties to schedule the Rule 26(f) meeting. In this case, as shown in Exhibit C below, Defendant Moore's attorney and Plaintiffs' attorneys had agreed on a date, and only Harlingen's attorney refused to join in.

The City of Harlingen should not be permitted to violate its *obligations* under Rule 26(f) to agree to a meeting—while simultaneously arguing that Defendants' Motion for a Protective Order is appropriate since the parties have not yet had their Rule 26(f) meeting.

II.
DOCUMENTARY EVIDENCE

The following documents show the chronology of the City of Harlingen's attempt to misuse Rule 26(d), *vis-a-vis* Defendants' Motion for Protective Order. These letters show the following:

---

[1] *Brown v. Mississippi Valley State University*, 311 F.3d 328, 383 (5th Cir. 2002). In *Brown*, the Fifth Circuit found it to be an abuse of discretion for the district court to rule on a summary judgment motion before discovery is completed, *Brown, id.,* at 334.

Exhibit A:   February 27, 2003 letter to Plaintiffs' attorney from Defendant Moore's attorney, Walter Passmore, identifying the problem with serving discovery on Defendants prior to the Rule 26(f) Conference.

Exhibit B:   February 28, 2003 letter to Defendant Moore's attorney, Mr. Passmore, from Plaintiffs' attorney offering to resolve the discovery and the continuance of the summary judgment dispute by agreements to withdraw the discovery and grant the Rule 56(f) Continuance for a period of time to allow the parties to conduct the Rule 26(f) Conference. This good-faith offer of Plaintiffs would resolve all pending conflicts of the parties without resort to this Court.[2]

Exhibit C:   March 17, 2003 letter from Tom Lockhart, attorney for the City of Harlingen, in which he acknowledges that Walter Passmore, attorney for Ralph Moore, and Plaintiffs' attorneys are amenable to conducting the Rule 26(f) Conference on Friday, March 21, 2003, but stating categorically that "City of *Harlingen will not,* for the reasons set forth in its Motion for Protective Relief and Response to Plaintiffs' Motion for Continuance" *agree to the Rule 26(f) Conference.* (emphasis added).

This attempt by the City of Harlingen to circumvent Harlingen's obligation to meet under Rule 26(f), Fed. R. Civ. P., while simultaneously claiming the protections of Rule 26(d) should not be tolerated by this Court. Under separate cover, Plaintiff has filed a request for a scheduling order and a pretrial conference on all pending motions so that these matters can be decided without further delay.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court deny Defendant City of Harlingen's Supplemental Motion for Protective Relief and City of Harlingen's Motion for Protective Relief and for such other and further relief to which these Plaintiffs may show themselves justly entitled.

---

[2] As a direct result of City of Harlingen's refusal to cooperate with all other parties, Plaintiffs have filed their Motion for a Rule 16(b) Pretrial Conference.

Respectfully submitted,

SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
Telephone: (512) 392-5010/Fax: (512) 392-5042

BY: _____
David K. Sergi
Attorney for Plaintiffs
State Bar No. 18036000

Mr. Jerry J. Trevino
LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi TX 78405
ATTORNEY FOR DONALD MORIN, ET AL.
ALSO JOIN IN THIS MOTION

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the following in accordance with the Texas Rules of Civil Procedure on March 25, 2003.

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, TX 78551
*Attorneys for Appellees City of Harlingen,*
*Jim Scheopner, Joseph Vasquez and Ralph D. Moore*

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P.O. Drawer 3766
McAllen, TX 78502-3766
*Attorney for Appellees Ralph D. Moore and*
*Jim Scheopner, individually*

_____
DAVID K. SERGI

# THE PASSMORE LAW FIRM
ATTORNEYS AT LAW

**RECEIVED ON MAR 0 3 2003 SERGI AND ASSOCIATES PLLC**

Walter J. Passmore
  *Civil Trial Law**
Linda Yee
Christopher Funk
Paul W. Turner

passmorelaw.com
wjpassmore@passmorelaw.com
lindayee@passmorelaw.com
cfunk@passmorelaw.com
pturner@passmorelaw.com

P.O. Drawer 3187
McAllen, Texas 78502-3187

Frost National Bank Building
2424 N. 10th Street, Suite 201
McAllen, Texas 78501

Telephone
(956) 668-8750
Facsimile
(956) 668-1714

February 27, 2003

David K. Sergi
SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666

*Via Fax (512) 392-5042 &*
*Via Regular Mail*

Re: State Farm Claim No.: 53-Q089-681, *Cause No. 01-40752; Dan Morin et al vs. Ralph D. Moore, Joseph Vasquez, Jim Schoepner and the City of Harlingen*

Dear David:

    I am writing concerning the written discovery you have propounded in the Morin case and, in particular, the document styled PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RALPH D. MOORE. Tom Lockhart and I both are attorneys of record for R.D. Moore and, as Tom is engaged in addressing the MSJ and discovery related issues for the City of Harlingen, I am writing on behalf of R.D. Moore concerning Plaintiff's Discovery Propounded to R.D. Moore.

    Your written discovery is untimely and prohibited under Rule 26, Federal Rules of Civil Procedure. As you were not involved in the early stages of the case, I expect that you have stepped out of bounds inadvertently, rather than by deliberate disregard of the rules. The purpose of this letter, therefore, is to inquire whether you will voluntarily withdraw PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RALPH D. MOORE without the necessity of Defendant Moore moving to Quash. Please advise by week's end.

    If you will review the procedural history in this file, you will find that when the Morin cases were originally filed, all defendants filed 12(b)(6) Motions to Dismiss rather than joining issue (no answer filed initially). The two Morin cases were consolidated, and dismissed, all before Rule 26 Disclosures were made by any parties. In fact, discovery could not be had of the individual officers defendant due to their qualified immunity bar from suit (including discovery). Thus, the current procedural posture is that the next step regarding discovery would be for the parties to schedule and conduct their Rule 26(f) Conference of Parties, to thereafter exchange initial disclosures, all before seeking discovery from any other sources. Rule 26(d).



EXHIBIT A

*BOARD CERTIFIED BY THE TEXAS STATE BOARD OF LEGAL SPECIALIZATION

Please advise regarding the foregoing. I have not addressed the issue of discovery propounded to the City of Harlingen, which I believe suffers the same procedural affliction, as I do not represent the City of Harlingen and because that discovery is the subject of the City of Harlingen's Motion for Protective Relief. The premises of the City's motion are broader and more substantive than my procedural objection to the discovery you have propounded to R.D. Moore. Be that as it may, the bulk of the information you have requested from R.D. Moore and to which he is able to respond, individually, is encompassed in the summary judgment evidence supporting the City of Harlingen's Motion for Summary Judgment. Consequently, there should be no prejudice to plaintiffs in seeking responses to the set of discovery served on R.D. Moore in accordance with the Federal Rules procedural guidelines and subject to the limitations imposed by the court, if any, pursuant to the City's Motion for Protective Order.

Sincerely,

Walter J. Passmore

WJP:vr

cc: Tom Lockhart  *Via Fax (956) 428-2954*
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, TX  78551

Roger Becerra  *Via Fax (956) 632-6860*
P. O. Box 2378
McAllen, TX  78502

R.D. Moore
1604 Preston Trail
Harlingen, Texas  78550

DAVID K. SERGI
Licensed in Texas and California
WALTER C. PRENTICE, Of Counsel
Licensed in Texas Only
ERIC MOERBE, Of Counsel
Licensed in Texas Only

# SERGI & ASSOCIATES, P.L.L.C.
109 EAST HOPKINS, SUITE 200
SAN MARCOS, TEXAS 78666
PHONE: 512/392-5010    FAX: 512/392-5042

VICTOREA D. BROWN
Licensed in Texas and Utah
ROBERT E. UPDEGROVE
Licensed in Texas Only

February 28, 2003

<u>VIA FAX 1-956-668-1714 ONLY</u>

Mr. Walter Passmore
THE PASSMORE LAW FIRM
P.O. Drawer 3187
McAllen TX 78502-3187

    Re:    Cause No. 01-40752
             *Dan Morin, et al. vs. Ralph D. Moore, et al.*

Dear Walter:

Thank you for your letter of February 27, 2003 in which you point out that in the combined Morin lawsuits we have not had a Rule 26(f) Conference of Parties, have not exchanged initial disclosures, nor any discovery in the case. You are correct, of course, in your assertion that discovery is premature prior to the Rule 26 Conference of Parties and since the City of Harlingen has filed a Motion for Summary Judgment prior to initial disclosures and discovery of the parties, I am sure that you and Tom Lockhart will want to agree to Plaintiff's Motion for Continuance of the summary judgment response until such time as we can have the Rule 26 Conference.

Consequently, I am prepared to agree to your request to withdraw Plaintiff's First Interrogatories to Defendant Ralph D. Moore and to withdraw the interrogatories and requests for production to the City of Harlingen in exchange for your and Tom Lockhart's agreement to submit an agreed order granting the continuance requested on the summary judgment response of Plaintiffs. I am sure you will agree that it is in everyone's interest to exchange discovery prior to moving for summary judgment so that the appellate courts will not be faced with a summary judgment order which is, in effect, nothing more than a second 12(b)(6) motion which has already been denied by the Fifth Circuit.

After you and Mr. Lockhart have had an opportunity to confer, please advise if you will agree to Plaintiff's Motion for Continuance for its summary judgment response. Please contact my office for a Rule 26(f) Conference of the Parties so that we can engage in discovery, make a response to your summary judgment and ultimately get this case in a scheduling order acceptable to all parties and to the Court.

C:\CLIENTS\CURRENT\Morin, Dan\01335\crim\passmore withdraw request ltr 02.28.03.wpd

EXHIBIT
B

Since our Motion for Rule 56(f) Continuance on the summary judgment response was made on behalf of all Plaintiffs in the consolidated case, I would request that your agreement to the continuance apply to both of the Morin plaintiff groups and that our Rule 26(f) Conference of Parties be conducted in view of our representation to you that it would apply to all Plaintiffs in the consolidated lawsuit.

I look forward to your quick response.

Yours truly,

*David K. Sergi/vl*

David K. Sergi
*(Dictated but not read; signed by permission)*

DKS/vl

cc:   **VIA FAX 1-956-428-2954 ONLY**
      Mr. Tom Lockhart
      ADAMS & GRAHAM, L.L.P.
      P.O. Drawer 1429
      Harlingen TX 78551

      client

LAW OFFICES OF
# ADAMS & GRAHAM, L.L.P.
AFFILIATED WITH HILL GILSTRAP RIGGS
ADAMS & GRAHAM, L.L.P.

TOM LOCKHART
Partner,
Tlockhart@adamsgraham.com

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495    FAX (956) 428-2954
adamsgraham.com

AFFILIATE OFFICES
AUSTIN
CHICAGO
DALLAS/FORT WORTH
LITTLE ROCK

March 17, 2003

Mr. David Sergi
**SERGI & ASSOCIATES**
109 E. Hopkins
Suite 200
San Marcos, TX 78666

*Via Fax No. 512-392-5042*

Re:  Civil Action No. B-00-104
     Dan Morin, et al. v. City of Harlingen, et al.
     and
     Donald Morin, et al. v. City of Harlingen, et al.
     Our File: H-1023

Dear David:

I am responding to your letter of March 14, 2003 concerning a proposed Rule 26f Conference. I have spoken to Walter Passmore and he is available and amenable to the conference as proposed by you, but only if all parties will participate. City of Harlingen will not, for the reasons set forth in its Motion for Protective Relief and Response to Plaintiffs' Motion for Continuance. Additionally, because the Court has not set a Scheduling Conference under Rule 16, there is no need for a Rule 26f Conference.

Concerning the first sentence of the second paragraph of your letter, I assume you are referring to our March 13, 2003 telephone conference, concerning our Supplemental Motion for Protective Relief, when you said you did not oppose our alternate request for relief of extending the deadline to serve Responses and Objections until thirty (30) days after the parties conduct a Rule 26f Conference. If I am incorrect in this assumption, please advise.

Sincerely yours,

ADAMS & GRAHAM, L.L.P.

Tom Lockhart

TL/mm

cc:
Mr. Walter Passmore
**LAW OFFICE OF WALTER J. PASSMORE, P.C.**
P. O. Drawer 3187
McAllen, TX 78502-3187

*Via Fax No. 956-668-1714*



EXHIBIT C