United States District Court
Southern District of Texas
FILED

JUN 0 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |
| and | | |
| DONALD MORIN, ET AL. | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

**DEFENDANTS' MOTION FOR COURT TO CONDUCT INDIVIDUAL
QUESTIONING OF MEMBERS OUTSIDE THE PRESENCE OF THE REMAINDER
OF THE PANEL ON MEDIA COVERAGE OF SHOOTINGS AND LITIGATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants **CITY OF HARLINGEN** and **R.D. MOORE** and files Defendants' Motion for Court to Conduct Individual Questioning of Members Outside the Presence of the Remainder of the Panel on Media Coverage of Shootings and Litigation and in support thereof would show the Court as follows:

### I. Relief Requested

Defendant's Proposed Voir Dire Questions Nos. 17-22 ask the members to raise their hands if they have been exposed to TV, radio, or newspaper coverage of the shootings or this litigation. In light of the continued media attention, the City requests the Court conduct individual voir dire of

each member that responds affirmatively and ask those members (outside the presence of the remainder of the panel) the following Questions Nos. 25-27 in the Proposed Voir Dire Question.

Alternatively, the Defendants request their counsel be permitted to make individually question each member.

## II. Factual Background

There has been extensive Rio Grande Valley media coverage of the Ernest Moore shootings and this litigation on tv, radio and in the newspapers, primarily the Harlingen Valley Morning Star. There has been considerable publicity concerning Case No. 98-162, *Salinas v. City of Harlingen*. The verdict in *Salinas* was widely published. See attached Exhs. 1A-10, 2, 3A-3K and Exh. 4 attached to the companion Motion to Transfer Venue.

This evidence shows that the prospective juror pool has been exposed to considerable information about the events, the *Salinas* trial, and the proceedings in this case. The answers of prospective jurors in *Salinas* showed that the majority had received substantial media exposure; many admitted that they had formed an opinion. Moreover, must of that information is inadmissible in this case and, if admitted, would be reversible error. There were newspaper reports concerning mediation, witness testimony, rulings on motions in limine, insurance, attempt to mediate etc. There were polls published concerning whether the City should settle and who was at fault. In this case, the court's earlier rulings and the 5th Circuit's rulings have received wide publicity.

### III. Legal Argument

Defendant believes the facts show that the public (and the jury pool) have been subjected to a steady stream of reports from TV, radio, newspapers and the internet not just about the facts of this case, but about settlement negations, insurance, the motion in limine rulings, etc. In order for the parties to obtain a fair trial, it is imperative that the Court individually voir dire jurors who have been exposed to these reports. Otherwise the Court cannot intelligently rule on any challenges or the pending motion to transfer venue; likewise the parties cannot intelligently determine how to exercise objections or peremptory strikes.

Venire members who cannot lay aside their preconceptions and render a verdict based on the evidence presented in court must be excluded from the jury. *Irvin v. Dowd,* 81 S.Ct. 1639, 1643 (1961).[1] The district court has broad discretion in determining how best to conduct voir dire and in deciding whether to excuse a juror. *Rosales-Lopez v. United States,* 101 S.Ct. 1629, 1634 (1981). Even while acknowledging this broad discretion, the U.S. Supreme Court and Fifth Circuit Court of Appeals have provided some guidance and standards for the conduct of voir dire and selection of jurors.

The juror's assurance of his or her own impartiality cannot be dispositive. *Murphy v. Florida,* 95 S.Ct. 2031, 2036 (1975). Particularly when the effect of pretrial publicity is substantial, a juror's statement of impartiality can be given little weight. *Irvin,* 81 S.Ct. at 1645; *see also* NEWTON N. MINNOW AND FRED H. CATE, *Who is an Impartial Juror in an Age of Mass Media?*, 40

---

[1] Although the law regarding impartial jurors in criminal cases is based in part on the Constitutional rights of the criminal defendant which are not equally shared by civil defendants, civil cases in the Fifth Circuit concerning juror bias repeatedly cite criminal cases as authority. *See, e.g., Cimino v. Raymark Indus.,* 151 F.3d 297, 323 (5th Cir. 1998); *Sandidge v. Salen Offshore Drilling Co.,* 764 F.2d 252, 257-58 (5th Cir. 1985). Certainly criminal cases are, at a minimum, indications of how the higher courts believe voir dire should be conducted, whether or not those practices are a matter of Constitutional right.

AM. U. L.R. 631, 650-53 (Winter, 1991) (describing empirical studies calling into doubt the reliability of venire answers during voir dire). Under such circumstances, the trial court should determine what in particular each juror has heard or read and how it affected his or her attitude toward the trial. *United States v. Beckner*, 69 F.3d 1290, 1293 (5th Cir. 1995); *United States v. Davis*, 583 F.2d 190, 196 (5th Cir. 1978). Ultimately the trial court must make its own determination of whether the venire members have the requisite impartiality. *Beckner*, 69 F.3d at 1294; *Davis*, 583 F.2d at 196.

The trial court must provide for sufficient questioning of the venire to create a reasonable assurance that juror prejudice would be discovered if present, *United States v. Saimiento-Rozo*, 676 F.2d 146, 148 (5th Cir. 1982), and to ensure an opportunity to make intelligent use of peremptory challenges. *United States v. Greer*, 968 F.2d 433, 435 (5th Cir. 1992). Under appropriate circumstances, examining each venire member outside the presence of the others is preferable. *Beckner*, 69 F.3d at 1292, *see also Greer*, 968 F.2d at 437 (individual questioning assisted in sufficiently removing prejudiced venire).

When venire are questioned together peer pressures are heightened and those questioned later learn what the "right" answers are, such that they are influenced to discount the effects of pre-trial publicity. MINNOW AND CATE, 40 AM. U. L. R. at 650-51. The Fifth Circuit has endorsed permitting counsel to conduct at least part of the voir dire rather than relying solely on general examination by the trial court. *United States v. Ible*, 630 F.2d 389, 395 (5th Cir. 1980).

### IV.

Defendant respectfully suggests that to ensure the selection of a fair and impartial jury, it is necessary for the Court to question each member of the panel personally and outside the presence of the other members of the panel on the effects of media coverage.

### V.

### CERTIFICATE OF CONFERENCE

Defense counsel has conferred with Plaintiffs' counsel but no agreement has been reached on this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant this Motion and for all other relief in law or equity which the Court deems proper.

Respectfully submitted,

By: _____
Tom Lockhart
Admissions ID No. 2257
Texas State Bar No. 12473500
**Roger W. Hughes**
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
CITY OF HARLINGEN and R.D. MOORE

By: _____
WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400

THE LAW OFFICE OF WALTER J. PASSMORE, PC
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3187
McAllen, TX 78502-3187
956/668-8750 107; FAX: 956/668-1714

Attorney for Defendant R.D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 2nd of June, 2003, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, DAN MORIN, et al:

Mr. David Sergi                                         Via Facsimile: 512/392-504
**SERGI & ASSOCIATES**                                  & FedEx Tracking No. 828089606324
109 E. Hopkins
Suite 200
San Marcos, TX 78666

Attorney of record for Plaintiff, DONALD MORIN, et al:

Mr. Jerry J. Trevino                                    Via Facsimile: 361/882-8355
**ATTORNEY AT LAW**                                     & FedEx Tracking No. 828089606335
1125 South Port Avenue
Corpus Christi, TX 78405

Attorney of record for Defendant, R.D. MOORE. individually:

Mr. Walter Passmore                                     Via Facsimile: 956/668-1714
**LAW OFFICE OF WALTER J. PASSMORE, P.C.**
P. O. Drawer 3187
McAllen, TX 78502-3187

ROGER W. HUGHES