

United States District Court
Souther: District of Texas
FILED

JUN 0 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |
| and | | |
| DONALD MORIN, ET AL. | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

## DEFENDANTS' PROPOSED COURT'S CHARGE TO THE JURY

MEMBER OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments in this case. Opening statements and closing arguments are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Your verdict must be unanimous and you must answer all questions from a preponderance of the evidence which means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence

in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget somethings or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witness may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence–the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field (he is called an expert witness) is permitted to state his opinions on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from the evidence that he testifies regularly as an expert witness and his income form such testimony represents a significant portion of his income.

**[Fifth Circuit Pattern Jury Instructions, 3.1, 1999.]**

## STATE LAW CLAIMS

Plaintiffs claim that negligent use of City property, an alleged Police Department rifle, by a City employee in the scope and course of his employment was the proximate cause of injury to Plaintiff Da n Morin and the deaths of Margarita Morin and Delia Morin.

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

**[Texas Pattern Jury Charges, PJC 2.1 (2002)]**

"Proximate cause" means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question and thereby becomes the immediate cause of such occurrence.

**[Texas Pattern Jury Charges, PJC 2.4, 3.1 (2002)]**

There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

**[Texas Pattern Jury Charges, PJC 3.2 (2002)]**

An "employee" is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished.

**[Texas Pattern Jury Charges, PJC 7.1 (2002)]**

An employee is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

**[Texas Pattern Jury Charges, PJC 7.6 (2002)]**

As to Plaintiffs' claim that the rifle was negligently entrusted to R. D. Moore, "negligence" means entrusting the rifle to a reckless person if the City knew or should have known that R.. D. Moore was reckless. Such negligence is a proximate cause of death or injury if (1) the City knew or should have known R. D. Moore would use poor judgment in allowing another person to use the rifle, and (2) that person's negligent use of the rifle was the proximate cause of injury or death.

*[Schneider v. Esperanza Transmission Co.,* **744 S.W.2d 595, 596 (Tex. 1987); modified from Tex. Pattern Jury Charges PJC 7.12 (1998)]**

As to Plaintiffs' claim that Defendant Ralph D. Moore negligently entrusted the rifle to Ernest Moore, "negligence" means entrusting the rifle to a reckless person if the Defendant Ralph D. Moore knew or should have known that Ernest Moore was reckless in handling a firearm. Such negligence is a proximate cause of death or injury if Ernest Moore's negligent use of the rifle was the proximate cause of injury or death.

**[modified Texas P.J.C. 7.12 (2002)]**

## DAMAGES

If any plaintiff has proven his or her claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**[Fifth Circuit Pattern Jury Instruction 15.1, 1999.]**

If you find that the defendant is liable to any plaintiff, then you must determine an amount that is fair compensation for all of that plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole–that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the Plaintiff Dan Morin wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, lost earning capacity, and medical expenses that he has suffered because of the defendant's conduct.

If Plaintiffs [list the survivors of Delia Morin and Margarita Morin] win, they are entitled to compensatory damages for loss of services and support, loss of companionship, mental anguish, medical expenses, and funeral expenses they have suffered because of the Defendant's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful custom, policy, or practice, if any. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permits.

You must use sound discretion in fixing an award of damages if you award damages drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

**[Fifth Circuit Pattern Jury Instruction, 15.2, 1999.]**

A.    Damages Accrued

If you find for a plaintiff, he or she is entitled to recover an amount that will fairly compensate him or her for any damages he or she has suffered to date.

B.    Calculation of Future Damages

If you find that a plaintiff is reasonably certain to suffer damages in the future from his or her injuries, then you should award him or her the amount you believe would fairly compensate him or her for such future damages.

C.    Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.    You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2.    If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with the loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

**[Fifth Circuit Pattern Jury Instruction, § 15.3, 1999.]**

<u>BODILY INJURY DAMAGES FOR DAN MORIN</u>

You may award damages for any bodily injury that the Plaintiff Dan Morin has sustained any pain and suffering, disability, disfigurement, mental anguish and/or loss of capacity for enjoyment of life that the Plaintiff, Dan Morin experienced in the past or will experience in the future as a result of the bodily injury. No value of intangible things, such as mental or physical pain and suffering has been or need by introduced. You are not trying to determine a value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

**[Fifth Circuit Pattern Jury Instruction, § 15.4, 1999.]**

You may award the reasonable expense of hospitalization and medical and nursing care and treatment that the Plaintiff Dan Morin will require because of his injuries which were caused by the defendant's wrongful conduct.

**[Fifth Circuit Pattern Jury Instruction, § 15.7, 1999.]**

## WRONGFUL DEATH AND SURVIVOR DAMAGES FOR
## PLAINTIFFS MINORS RUBEN RIOS, JR., AND BRIAN MORIN

You may award Minors Ruben Rios, Jr., and Brian Morin damages they may have sustained for lost support and services, medical and funeral costs, loss of companionship, and mental anguish as follows:

1.    <u>Lost Support and Services</u>

The loss of Delia Morin's support and services that the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin have sustained because of her death. You must determine the duration of any future loss by considering the joint life expectancy of Delia Morin and the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin. Joint life expectancy means the number of years that both Delia Morin and Plaintiffs Minors Ruben Rios, Jr., and Brian Morin could have been expected to be alive together, considering the ages and life expectancy of each at the time of Delia Morin's death.

In evaluating past and future loss of support and services, you must consider the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin relationship to Delia Morin, the amount of Delia Morin's probable net income available for distribution to the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin and the replacement value of Delia Morin's services to the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin. "Support" includes contributions in kind as well as sums of money. "Services" means tasks that Delia Morin regularly performed that now will be a necessary expense to the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin because of Delia Morin's death.

2.    <u>Surviving Minor Child</u>

The loss of parental companionship, instruction, and guidance, and the mental anguish Minors Ruben Rios, Jr., and Brian Morin sustained because of Delia Morin's death. In determining the duration of these losses, you must consider the joint life expectance of the decedent and Minors Ruben Rios, Jr., and Brian Morin.

**{Fifth Circuit Pattern Jury Instruction, § 15.12, 1999.]**

## WRONGFUL DEATH AND SURVIVOR DAMAGES FOR PLAINTIFFS

### [Survivors of Margarita Morin]

You may award Plaintiff Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin damages they may have sustained for lost support and services, medical and funeral services, loss of companionship, and mental anguish as follows.

1.     <u>Lost Support and Services</u>

The loss of Margarita Morin's support and services that the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin have sustained because of Margarita Morin's death. You must determine the duration of any future loss by considering the joint life expectancy of Margarita Morin's and the Plaintiffs, Dan Morin, Donald Morin, Danny Morin, Diana Morin, and Jennifer Gwin. Joint life expectancy means the number of years that both Margarita Morin's and Plaintiffs, Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin could have been expected to be alive together, considering the ages and life expectancy of each at the time of Margarita Morin's death.

In evaluating past and future loss of support and services, you must consider the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin's relationship to Margarita Morin, the amount of Margarita Morin's probable net income available for distribution to the Plaintiffs, Dan Morin, Donald Morin, Danny Morin, Diana Morin, and Jennifer Gwin and the replacement value of Margarita Morin's services to the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin . "Support" includes contributions in kind as well as sums of money. "Services" means tasks that Margarita Morin regularly performed that now will be a necessary expense to the Plaintiff Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin because of Margarita Morin's death.

2.    <u>Surviving Adult Children</u>

The Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin  mental anguish resulting form the death of their parent.  In determining the duration of this mental pain and suffering, you must consider the life expectancies of the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin and Margarita Morin.

**[Fifth Circuit Pattern Jury Instruction, § 15.12, 1999.]**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Use one of the jury note forms to advise the CSO that you have reached a verdict. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the CSO, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

You may now retire to the jury room to conduct your deliberations.

Respectfully submitted,

By: _____

TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
CITY OF HARLINGEN and R.D. MOORE

By: _____

WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400

**THE LAW OFFICE OF WALTER J.
PASSMORE, PC**
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3187
McAllen, TX 78502-3187
956/668-8750 107; FAX: 956/668-1714

Attorney for Defendant R.D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing
document was forwarded on this 2nd day of June, 2003, to the following counsel of record
and interested parties:

Attorney of record for Plaintiff, DAN MORIN, et al:

Mr. David Sergi                                   Via Facsimile: 512/392-504
**SERGI & ASSOCIATES**                       & FedEx Tracking No. 828089606324
109 E. Hopkins
Suite 200
San Marcos, TX 78666

Attorney of record for Plaintiff, DONALD MORIN, et al:

Mr. Jerry J. Trevino                              Via Facsimile: 361/882-8355
**ATTORNEY AT LAW**                          & FedEx Tracking No. 828089606335
1125 South Port Avenue
Corpus Christi, TX 78405

Attorney of record for Defendant, R.D. MOORE. individually:

Mr. Walter Passmore                               Via Facsimile: 956/668-1714
**LAW OFFICE OF WALTER J. PASSMORE, P.C.**
P. O. Drawer 3187
McAllen, TX 78502-3187

ROGER W. HUGHES