United States District Court
Southern District of Texas
FILED

JUN 0 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

and

| | | |
|---|---|---|
| DONALD MORIN, ET AL. | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

---

**DEFENDANTS' REQUESTED SPECIAL INTERROGATORIES**

---

MEMBER OF THE JURY:

QUESTION NO. 1

Do you find from the preponderance of the evidence that the rifle used by Ernest Moore to cause the deaths of Margarita Morin and Delia Morin and injury to Dan Morin was owned by the City of Harlingen?

Answer "Yes" or "No": _____

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' REQUESTED SPECIAL INTERROGATORIES
[10-fmg] C:\FILES\H1023A\Trial Matters\REQ SPCL INTERROGS

PAGE 1

If you have answered Question No. 1 "yes," then answer Question No. 2; otherwise, do not answer Question No. 2.

## QUESTION NO. 2

Do you find from a preponderance of the evidence that Defendant R. D. Moore in the scope and court of his employment of for Defendant City of Harlingen negligently entrusted any Harlingen Police Department rifle to Ernest Moore which entrustment, if any, was a proximate cause of the deaths of Margarita Morin and Delia Morin and injury to Dan Morin?

Answer "Yes" or "No": _____

If you have answered Question No. 2 "yes," answer Question No. 3; otherwise, do not answer Question No. 3.

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Dan Morin, Donald Morin, Diana Morin, Danny Morin, and Jennifer Gwinn for their injuries, if any, resulting from the death of Margarita Morin?

Consider the following elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element.

Answer separately, in dollars and cents, for damages, if any.

    A.    Dan Morin's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future.

    Answer: _____

    B.    Donald Morin's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future.

    Answer: _____

    C.    Dan Morin's mental anguish in the past.

    Answer: _____

    D.    Mental anguish that, in reasonable probability, Dan Morin will suffer in the future.

    Answer: _____

E.     Danny Morin's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future.

Answer: _____

F.     Diana Morin's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future.

Answer: _____

G.     Jennifer Gwinn's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future.

Answer: _____

If you have answered Question No. 2 "yes," answer Question No. 4; otherwise, do not answer Question No. 4.

## QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Minor Plaintiffs Ruben Rios, Jr. and Brian Morin for their injuries, if any, resulting from the death of Delia Morin?

Consider the following elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element.

Answer separately, in dollars and cents, for damages, if any.

    A.    Ruben Rios, Jr.'s loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future.

    Answer: _____

    B.    Brian Morin's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future.

    Answer: _____

If you have answered Question No. 2 "yes," answer Question No. 5; otherwise, do not answer Question No. 5.

## QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Dan Morin for his injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include interest on any amount of damages you may find.

Consider the following elements of damages, if any, and none other. Answer in dollars and cents for damages, if any.

   A.   Physical pain and mental anguish sustained in the past.

   B.   Physical pain and mental anguish that, in reasonable probability, Raul Rodriguez will sustain in the future.

   C.   Loss of earning capacity sustained in the past.

   D.   Loss of earning capacity that, in reasonable probability, Raul Rodriguez will sustain in the future.

   E.   Physical impairment sustained in the past.

   F.   Physical impairment that, in reasonable probability, Raul Rodriguez will sustain in the future.

   G.   Medical care in the past.

   H.   Medical care that, in reasonable probability, Raul Rodriguez will incur in the future.

   Answer: _____

Respectfully submitted,

By: _____
**TOM LOCKHART**
Admissions ID No. 2257
Texas State Bar No. 12473500
**ROGER W. HUGHES**
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant,
CITY OF HARLINGEN

By: _____
**WALTER J. PASSMORE**
Admissions ID No. 2264
State Bar No. 15560400

**THE LAW OFFICE OF WALTER J. PASSMORE, PC**
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3187
McAllen, TX 78502-3187
956/668-8750 107; FAX: 956/668-1714

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 2nd day of June, 2003, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, DAN MORIN, et al:

| | |
|---|---|
| Mr. David Sergi<br>**SERGI & ASSOCIATES**<br>109 E. Hopkins<br>Suite 200<br>San Marcos, TX 78666 | Via Facsimile: 512/392-504<br>& FedEx Tracking No. 828089606324 |

Attorney of record for Plaintiff, DONALD MORIN, et al:

| | |
|---|---|
| Mr. Jerry J. Trevino<br>**ATTORNEY AT LAW**<br>1125 South Port Avenue<br>Corpus Christi, TX 78405 | Via Facsimile: 361/882-8355<br>& FedEx Tracking No. 828089606335 |

Attorney of record for Defendant, R.D. MOORE. individually:

| | |
|---|---|
| Mr. Walter Passmore<br>**LAW OFFICE OF WALTER J. PASSMORE, P.C.**<br>P. O. Drawer 3187<br>McAllen, TX 78502-3187 | Via Facsimile: 956/668-1714 |

_____
ROGER W. HUGHES

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' REQUESTED SPECIAL INTERROGATORIES
[10-fmg] C:\FILES\H1023A\Trial Matters\REQ SPCL INTERROGS

PAGE 8