United States District Court
Southern District of Texas
FILED

JUN 0 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |
| and | | |
| DONALD MORIN, ET AL. | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

---

## DEFENDANTS' MOTION TO EQUALIZE PEREMPTORY CHALLENGES

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants **CITY OF HARLINGEN** and **R.D. MOORE** and file Defendants' Motion to Equalize Peremptory Challenges and in support thereof would show the Court as follows:

### I. CERTIFICATE OF CONFERENCE

Counsel for Defendant has conferred with counsel for Plaintiffs and they are opposed.

## II. Factual Background

There are two groups of Plaintiffs in this case. They are (1) the children of the deceased, Margarita Morin; (2) the child of the deceased, Delia; and (3) Dan Morin. There are two Defendants, The City of Harlingen and R.J. Moore.

Before the commencement of jury selection, the Court should equalize the peremptory challenges.

## III.

The Court must allow each party three peremptory challenges. FED. R. CIV. PROC. 47(b); 28 U.S.C. § 1870. In a multiparty case, the Court may consider several plaintiffs or defendants as a "single party" for the purposes of making challenges, or may allow additional peremptory challenges and permit them to be exercised jointly or severally. 28 U.S.C. § 1870; *Goldstein v. Kellerher*, 728 F.2d 32, 36-37 (1st Cir. 1984), *cert. denied* 469 U.S. 852 (1985).

The Court has discretion to determine if multiple parties should be treated as a single party, or for allowing additional peremptory challenges. *In re Aircrash Disaster*, 86 F.3d 498, 518 (6th Cir. 1996). However, though that discretion is considerable, it is not unlimited. *Goldstein*, 728 F.2d at 37. If multiple parties on one side have identical interests, it is an abuse of discretion to not treat them as a single party and to not equalize the strikes in some manner. *Goldstien*, 728 F.2d at 37.

Unless the Court equalizes peremptory challenges, the Plaintiffs may be entitled to possibly nine while the Defendants would be entitled to only six. The Court should consider all Plaintiffs to be a single party for the purposes of making peremptory challenges. The Court should equalize peremptory challenges by either (1) treating all Plaintiffs and all Defendants as one side and giving

each side a total of three strikes, or (2) giving the Defendants the same number of peremptory strikes as it allocates to all Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Court should equalize the peremptory challenges allocated for jury selection to the parties in this case, grant the relief requested and any other such further relief Defendant shows themselves entitled.

Respectfully submitted,

By: _____

Tom Lockhart
Admissions ID No. 2257
Texas State Bar No. 12473500
**Roger W. Hughes**
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas  78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant,
CITY OF HARLINGEN and R.D. MOORE

By _____

WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400

**THE LAW OFFICE OF WALTER J. PASSMORE, PC**
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3187
McAllen, TX 78502-3187
956/668-8750 107; FAX: 956/668-1714

Attorney for Defendant R.D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 2nd day of June, 2003, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, DAN MORIN, et al:

Mr. David Sergi                                              Via Facsimile: 512/392-504
**SERGI & ASSOCIATES**                          & FedEx Tracking No. 828089606324
109 E. Hopkins
Suite 200
San Marcos, TX 78666

Attorney of record for Plaintiff, DONALD MORIN, et al:

Mr. Jerry J. Trevino                                        Via Facsimile: 361/882-8355
**ATTORNEY AT LAW**                              & FedEx Tracking No. 828089606335
1125 South Port Avenue
Corpus Christi, TX 78405

Attorney of record for Defendant, R.D. MOORE. individually:

Mr. Walter Passmore                                     Via Facsimile: 956/668-1714
**LAW OFFICE OF WALTER J. PASSMORE, P.C.**
P. O. Drawer 3187
McAllen, TX 78502-3187

ROGER W. HUGHES

---