United States District Court
Southern District of Texas
FILED

JUN 0 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |

## PLAINTIFFS', DONALD MORIN, ET AL, MOTION IN LIMINE

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Plaintiffs, Donald Morin, et al, herein, in the above styled and referenced cause, and before commencement of the voir dire examination of the jury panel, and respectfully moves that counsel for the Defendants and through such counsel any and all witnesses, be instructed by this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth, without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this cause, in regard to any alleged theory of admissibility of the following matter, to wit:

1. That Plaintiffs or any witness has been convicted of any crime involving moral turpitude so as to make proof thereof admissible for purposes of impeachment or any other legitimate purpose, and the mere questioning of such witness concerning any alleged crime

or misconduct would be incurably prejudicial even though objection was timely made and sustained.

2. That Plaintiffs or any witness has been convicted of any misconduct, crimes, wrongs or acts if a period of more than ten (10) years has elapsed since the conviction or release from confinement resulting from that conviction. Fed.R.Evid. 609(b).

3. That Plaintiffs or any witness has been accused of or in fact guilty of and/or convicted of any misconduct, crimes, wrongs or acts, offered into evidence to show the character of the witness and that his actions were in conformity therewith. Fed.R.Evid. 404(b).

4. Any mention that Plaintiffs were convicted of misdemeanor driving while intoxicated. Evidence of criminal convictions is admissible for impeachment only if the trial court rules the probative value outweighs the prejudicial effect and the crime was a felony or involved moral turpitude. *See:* Fed.R.Evid. 609(a). A conviction for driving while intoxicated is a misdemeanor and does not involve moral turpitude.

5. That any recovery by the Plaintiffs either would or would not be subject to Federal income tax or other form of taxation.

6. That this motion has been filed, or any ruling by the Court in response to this motion, suggesting or inferring to the jury that the Plaintiffs have moved to prohibit proof or that the Court has excluded proof of any particular matter.

7. Any questions or evidence relating to the failure of the Plaintiffs to call any witness during the trial of this cause.

8. Any matters that have been transacted between the attorney and client, including conversations with and all transactions connected thereto. In this connection, Plaintiffs claim the attorney-client privilege.

9. Attempting to call any expert witness who is not designated and report provided in accordance with Rule 26(a)(2) FRCP or any attempt to offer any opinions or the basis and reasons therefore which are not contained in Plaintiffs expert reports.

10. Attempting to call any witness that was not timely disclosed by the discovery deadline of June 1, 2003.

11. Attempting to offer any document that was not timely designated by the discovery deadline of June 1, 2003.

12. That Plaintiffs have been a party to any lawsuit. Such evidence is irrelevant to any issue in this case and would be unduly prejudicial.

13. That any witness be called to testify who was not previously identified in Defendant's responses to discovery requests and in disclosure pursuant to Fed.R.Civ.P. 26.

14. That any documentary evidence be introduced which who was not previously produced or identified in Defendant's responses to discovery requests and in disclosure pursuant to Fed.r.Civ.P.26.

15. Any demands or requests in the presence of the jury for matters found or contained in Plaintiffs files or papers, which would include statements, pleadings, photographs, or other documents.

16. That Defendants be prohibited from making any argument or statement concerning the probable testimony of a witness who is absent, unavailable or not called to testify in this cause.

17. That Defendants refrain from making any mention, request or solicitation f an agreement or stipulation from Plaintiffs, its counsel or any of its witnesses. Any such request for an agreement or stipulation can only have the effect of placing Plaintiffs in an awkward and embarrassing situation, and Plaintiffs or its counsels' refusal to enter into agreements or stipulations could only serve to prejudice Plaintiffs. Any such matters proposed by Defendants should only be made outside the presence of the jury.

18. That Plaintiffs refrain from making any comment or reference which suggests or infers to the jury that this motion has been filed, or that Defendants have moved to exclude and/or withhold any evidence.

19. That a judgment for the Plaintiffs would be paid by the taxpayers of City of Harlingen paid with tax dollars or place a burden on the taxpayer of City of Harlingen.

20. Any mention that parties engaged in settlement negotiations. Fed.R.Evid. 408.

That each of the above matters set forth in individual paragraphs are generally inadmissible, irrelevant, and immaterial to Plaintiffs' rights to a fair and impartial trial. That should any matter set forth above become material, relevant or admissible, Defendants or their attorneys herein can bring such matters to the Court's attention, receive a favorable ruling thereon, and thus preserve each and every one of Defendants' rights. That failure of the Court to grant this Motion in Limine will be to grant opposing counsel and their clients a free hand to inject such inadmissible and prejudicial matters as listed above before the Jury and even though upon objection, the Court sustains the same and instructs the Jury to disregard the same, harm is already accomplished.

Because evidence of any of the above is not relevant to any issues in this case, the prejudicial effect of the admission of any of the above would substantially outweigh the probative value.

Therefore, to prevent a miscarriage of justice, Plaintiffs pray that this Motion in Limine be granted in its entirety.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that the Court enter an Order that the counsel for the Defendants and through them any and all witnesses on behalf of Defendants be and are hereby instructed to refrain from any mention or interrogation, directly or indirectly, to any matter whatsoever regarding any matters set forth in the Motion, including the offering of any documentary evidence, without first requesting and obtaining a ruling for the Court outside the presence and hearing of all prospective jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters.

Respectfully submitted,

LAW OFFICE OF JERRY J. TREVIÑO
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: 361/882-5605
Telecopier: 361/882-8355

By: _____
Jerry J. Trevino
State Bar No. 20211228
Federal I.D. No. 15031

**Attorney for Plaintiffs**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiffs' Motion in Limine was served in compliance with Federal Rules of Civil Procedure upon counsel of record listed below on this 3 day of June, 2003.

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551

Mr. Walter Passmore
THE PASSMORE LAW FIRM
P.O. Drawer 3187
McAllen, Texas 78502

Mr. David Sergi
SERGI & ASSOCIATES
109 E. Hopkins, Ste. 200
San Marcos, Texas 78666

_____
Jerry L. Trevino

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |

## ORDER GRANTING
## PLAINTIFFS' MOTION IN LIMINE

BE IT REMEBERED, that on _____, the Court considered the PLAINTIFFS' MOTION IN LIMINE, and after reviewing the evidence and hearing the arguments, the Court hereby **ORDERS**:

Counsel for all parties herein, any and all witnesses called on their behalf, are to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, regarding the subject matter in the paragraphs marked **GRANTED** below. This prohibition includes the offering of documentary evidence, without first requesting and obtaining a ruling from the Court, outside the presence and hearing of the jury or any prospective jury member.

**Paragraph 1.**   SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 2.**   SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 3.**   SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 4.**      SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 5.**      SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 6.**      SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 7.**      SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 8.**      SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 9.**      SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 10.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 11.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 12.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 13.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 14.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 15.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 16.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 17.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 18.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 19.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**Paragraph 20.**     SUSTAINED:____   SUSTAINED AS MODIFIED:____   OVERRULED:____

**IT IS SO ORDERED.**

**SIGNED** this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE