Case 1:00-cv-00104 Document 82 Filed in TXSD on 06/04/2003 Page 1 of 6

82

United States District Court
Southern District of Texas
FILED

JUN 0 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |

## PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS

1. Have you or a close family member been employed by the City of Harlingen or any other city government? If so, in what capacity and for whom?

2. Does your employment involve close dealings with Harlingen City Officials (such as business sales to the city or contracts to provide services)? If so, please describe those dealings and whether or not such ties would make it difficult for you to serve as a fair juror in this case.

3. Have any of you been employed by the U.S. Border Patrol, the Cameron County Sheriff's Office or the City of Harlingen between 1998 and now? Has any family member or close relative been employed by the U.S. Border Patrol, the Cameron County Sheriff's Office or the City of Harlingen between 1998 and now?

4. Do you or a close family member have any work experience in law enforcement? If so, what is that experience?

5. Is there any member of the jury panel who knows or is related to anyone who works for the Harlingen Police Department, the Cameron County Sheriff's Department or the U.S. Border Patrol?

6. Do you keep any guns in your home? If so, what type and how are they stored?

Page 1

7. Are you or a close family member licensed to sell guns, or have you or a close family member worked at a job where guns were sold? If so, describe that operation (trade shows, sporting goods store, etc.).

8. Have you or a close family member received training in handling weapons or marksmanship? If so, what type of training have you received?

9. Do you or a close family member own or possess any assault-type rifles, such as an AK-47 or an AR-15? If so, how long have you owned the gun or guns; how are they stored; and what type of training have you had in their use?

10. Have you or a close family member been wounded or injured in a shooting incident? If so, please describe the incident briefly. Will you be able to set aside your personal experience, which may or may not have resulted in a lawsuit upon which you made a recovery, and judge the facts of this case as they are presented at trial? Will you hold it against the Plaintiffs in this case because they seek compensation from an event similar to one in which you were involved in a suit and may not have been compensated?

11. Are you now or have you ever been a member of the National Rifle Association? If you were a member but no longer a member, why not?

12. Have you ever read *The Turner Diaries* by Andrew MacDonald?

13. Are you a collector of World War II memorabilia? If so, what types of things do you collect? Specifically, do you collect Nazi memorabilia?

14. Have you or a close family member ever been a party to a lawsuit? If so, please describe whether you were the Plaintiff (the person bringing the suit) or the Defendant (the person being sued) and the nature of the case.

15. Have you ever served on a jury? If so, was it a criminal or civil jury; did you serve as foreperson of the jury; and did you reach a verdict?

16. The law provides that, if the Plaintiffs prove their case, they are entitled to have the jury assess damages for such intangible items as mental anguish and loss of companionship. Do you have a strongly held belief that would prevent you for awarding substantial money damages, if proved, for such intangible elements? If so, please describe that belief or conviction.

17. How many of you have subscribed to the Valley Morning Star, Brownsville Herald or the McAllen Monitor since July 7, 1998? If so, please raise your hands.

18. How many of you have read any articles in those newspapers about this shooting or litigation? Please raise your hand.

19. How many of you have read or heard anything about this shooting or this litigation on the T.V., radio or newspaper? Please raise your hand.

20. Is there anyone here, that because of media coverage feels they cannot be fair and impartial to the parties and decide this case only on the facts admitted during the trial and instructions by this Court?

21. Is there anyone here, that because of medial coverage of the shooting or litigation, is leaning towards one side or the other or is predisposed to the position of one side or the other of this lawsuit?

22. Based upon what you know about this case so far, is there anything in your background or experience that would affect your ability to be impartial in this case?

23. If you live in the City of Harlingen, can you assess money damages in this case if proven without regard to concern as to how those damages would be paid? There has been media coverage about the applicable insurance coverage available to the City of Harlingen for this incident. If you have seen such reports, will you be able to set aside such information and base your verdict on the evidence presented in this trial?

24. Are you, or any member of your immediate family a member of Citizens Against Lawsuit Abuse?

25. Plaintiffs are seeking substantial money damages in this action. Do you have strongly held personal beliefs that would prevent you from awarding an amount of money, however great the amount as determined by the evidence, in cases based on the wrongful death of a family member?

26. There are many witnesses that may potentially be called to testify in this case. Please listen to the following list of potential witnesses, stand if you recognize a name with whom you are well acquainted, and after I finish the list I'll ask each one of you if there is something about that relationship that would cause you to have a leaning, one way or the other, in considering the testimony in this case:

    Danny Morin         (Son of Margarita Morin)
    Daniel Morin        (Son of Margarita Morin)
    Diana Morin         (Daughter of Margarita Morin)
    Donald Morin        (Son of Margarita Morin)
    Jennifer Gwin       (Daughter of Margarita Morin)

| | |
|---|---|
| Dan Morin | (Son of Margarita Morin) |
| William Arthur Morin | (Son of Margarita Morin) |
| Brian Morin, Minor | (Son of Delia Morin) |
| Ruben Rios, Jr., Minor | (Son of Delia Morin) |
| Johnny Avila, Minor | (Son of Delia Morin) |
| Victoria Garcia | (Legal Guardian of Ruben Rios, Minor) |
| Maria Lopez | (Guardian of Brian Morin, Minor) |
| Arnold Rodriguez | (Former H.R. Director for the City) |
| Raul Rodriguez | (Cameron County Sheriff's Deputy) |
| Jim Schoepner | (Harlingen Chief of Police @ time of incident) |
| R.D. Moore | (Harlingen Police Officer & Ernest Moore's father) |
| Mrs. R.D. Moore | (Mother of Ernest Moore) |
| Gilbert Briones | (Cameron County Sheriff's Deputy) |
| Samuel Montemayor | (Cameron County Sheriff's Deputy) |
| Leroy Rincones | (Cameron County Sheriff's Deputy) |
| Robert Rodriguez | (Cameron County Sheriff's Deputy) |
| Robert Rodriguez | (Cameron County Sheriff's Investigator) |
| Ronald K. Saenz | (Sergeant Cameron County Sheriff's Dept.) |
| Rodolfo C. Jaramillo | (Texas Ranger) |
| Israel Pacheco | (Texas Ranger) |
| Shawn Foist | (Sergeant Harlingen Police Department) |
| Victor Rodriguez | (Chief of Police Harlingen Police Department) |
| Jose Rubio | (Former detective Harlingen Police Dept.) |
| Luciano Rubio | (Captain Harlingen Police Dept.) |
| Roberto Silva | (Sec'y of the Harlingen Police Ofc. Assoc.) |
| Joseph Vasquez | (Captain Harlingen P.D.) |
| Joseph LaBeau | (Former Harlingen Asst. City Manager) |
| Doel Nicholas Anders | (Friend & co-worker of Ernest Moore) |
| Rudy Cavazos | (Friend of Ernest Moore) |
| Daniel Winn | (Friend of Ernest Moore) |
| Julie Lynn Cox | (Ex-girlfriend of Ernest Moore) |
| Sylvia Pirtle | (Original owner of the AR-15) |
| James Robenson | (Floresville Management Auditor) |
| Victor Rodriguez | (Former Harlingen Police Chief) |
| Mrs. Prather | (Witnessed two men get into Ernest Moore's truck) |
| Jose Hernandez | (Former City of Harlingen employee) |
| Arnold Rodriguez | (Former City of Harlingen employee) |
| Danny Carpenter | (AFT Agent in McAllen) |
| Jerry M. Johnson | (Federal firearm dealer) |
| Javier Reyna | (Investigator) |
| Joe Marchan | (TX Dept. of Public Safety Lab.) |
| Bill Sorrow | (Dept. of Public Safety) |
| Omar Lucio | (Mercedes Police Dept. employee) |

        Rolando Castaneda      (TX Dep. of Public Safety employee)
        Freddie Vela              (FBI Special Agent)
        Tony Vasquez             (AFT Agent in McAllen)
        Michael D. Martinez      (Friend of Morin Family)

27. The parties are represented by counsel. The families of the slain Morin family are represented by Mr. David Sergi, of the firm SERGI & ASSOCIATES in San Marcos, Texas and Jerry J. Trevino of the firm LAW OFFICES OF JERRY J. TREVINO, who has offices in Corpus Christi, Texas and Harlingen, Texas. Defendants City of Harlingen and R.D. Moore are represented by Tom Lockhart and Roger W. Hughes of the firm Adams & Graham, in Harlingen; R.D. Moore is also represented by Walter Passmore of Law Offices of Walter J. Passmore, P.C. in McAllen. Do you know any of these lawyers, and is there anything about that relationship that would make it difficult for you to serve as a juror in this case?

28. Is there anything in past dealing with the Morin family that would cause you to have a leaning, one way or the other, as we begin this case that involves the families of slain Morin family? If so, please describe that dealing with the Morin family.

29. Have you received any training in law or medicine? If so, please describe such training.

30. You are not to base your verdict on sympathy. This means that your verdict must not be based on sympathy for the victims or for the entities that may have to respond to money damages. Can you follow the law without concern for sympathy for the victims or in considering who will have to pay damages, however substantial the amount of the verdict?

31. Is there anything that you aware of that might affect your serving as a fair juror in this case?

Respectfully submitted,

LAW OFFICE OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: 361/882-5605
Telecopier: 361/882-8355

By: _____
Jerry J. Trevino
State Bar No. 20211228
Federal I.D. No. 15031
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Voir Dire Questions was served in compliance with Federal Rules of Civil Procedure upon counsel of record listed below on this __3__ day of __June__, 2003.

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551

Mr. Walter Passmore
THE PASSMORE LAW FIRM
P.O. Drawer 3187
McAllen, Texas 78502

Mr. David Sergi
SERGI & ASSOCIATES
109 E. Hopkins, Ste. 200
San Marcos, Texas 78666

_____
Jerry J. Trevino