United States District Court
Southern District of Texas
FILED

JUN 0 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiffs ask the court to deny Defendants' Motion to Transfer Venue.

### A. Introduction

1. Plaintiffs are Dan Morin, Donald Morin, Diana Morin, Danny Morin, Victoria Garcia as Legal Guardian of Ruben Rios, Minor; Maria Lopez A/N/F of Brian Morin, Minor; Defendants' are City of Harlingen and R.D. Moore.

2. Plaintiffs sued Defendants for the negligent injury and death of their family members proximately caused by the Defendants' use of personal property under the Texas Tort Claim Act by their cause of action in the district court for the Southern District of Texas, Brownsville Division.

3. Defendants filed a motion to transfer the suit to another division outside of the Rio Grande Valley in the Southern District of Texas.

4. Plaintiffs file this response asking the court to deny Defendants' motion to transfer the suit.

## B. Argument

5. Although the court may transfer a suit to any other district or division where it might have been brought for the convenience of the Defendant or its witnesses and in the interest of justice, this is not a case in which the court should do so. 28 U.S.C. § 1404(a). Plaintiffs choice of forum is given great weight and should not be rejected unless clearly outweighed by other considerations and is not limited to the above factors, but rather must engage in a case by case consideration for fairness. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). *See also: Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966).

6. The court should deny Defendants' motion to transfer based on the interest of justice for the following reasons:

   a. There is no evidence to support that the pretrial publicity of the Salinas case and this case before the court has been jeopardized as to the selection of a fair and impartial jury. In fact irrespective of the pre-trial publicity evidence offered in support of Defendants' motion, the court in the Salinas case was able to secure a jury that could be fair and impartial from the panel

   b. The current forum is convenient for all parties and would be inconvenienced by the transfer. *Sorrels Steel Co. v. Great Southwest Corp.,* 651 F.Supp. 623, 629 (S.D. Miss. 1986), because most if not all of the witnesses reside or work in the Brownsville Division.

   c. A transfer to another district will not be more convenient for Defendants' material witnesses. 28 U.S.C. §1404(a); *Mohamed v. Mazda Motor Corp.,* 90 F.Supp.2d 757, 774-75 (E.D. Tex. 2000); *Laumann Mfg. Corp. v. Castings USA, Inc.,* 913 F.Supp. 712, 720 (E.D. N.Y. 1996). Most if not all of the witnesses including those material to Defendant who previously testified all reside in the Brownsville Division.

    d.     The majority of witnesses for all parties are the same witnesses who testified in the Salinas Case and in all probability are readily available to testify in this district.

    e.     Practical considerations make the trial of this case more efficient and less expensive in the current district.

    f.     Defendants did not file their motion to transfer with reasonable promptness. *See Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989). Defendants filed the motion to transfer over seven (7) months after the 5th Circuit opinion reversing and remanding for trial, and more importantly approximately ninety (90) days after Defendants filed an amended answer and some four (4) days from the date set to pick a jury.

### C. Conclusion

7.    Plaintiffs' right to choose the forum in which to prosecute the suit is well established. Defendants have not met their burden to show that the chosen forum jury pool has been prejudice by the pre-trial publicity to justify a transfer. Accordingly, the court should deny Defendants' motion to transfer and retain the case on the court's docket.

Respectfully submitted,

LAW OFFICE OF JERRY J. TREVIÑO
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: 361/882-5605
Telecopier: 361/882-8355

By: _____
Jerry J. Trevino
State Bar No. 20211228
Federal I.D. No. 15031

**Attorney for Plaintiffs,
Donald Morin, et al**

> Mr. David Sergi
> State Bar No. 18036000
> SERGI & ASSOCIATES, P.L.L.C.
> 109 East Hopkins, Ste. 200
> San Marcos, Texas 78666
> Telephone: 512/392-5010
> Telecopier: 512/392-5042
> **Attorney for Plaintiff,**
> **Dan Morin**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of Plaintiffs' Memorandum in Opposition to Defendant's Motion to Transfer Venue was served in compliance with Federal Rules of Civil Procedure upon counsel of record listed below on this ___3___ day of ___June___, 2003.

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551

Mr. Walter Passmore
THE PASSMORE LAW FIRM
P.O. Drawer 3187
McAllen, Texas 78502

_____
Jerry J. Trevino

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |

### ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

BE IT REMEBERED, that on _____, the Court considered the Plaintiffs' Memorandum in Opposition to Defendants' Motion to Transfer Venue, and after reviewing the evidence and hearing the arguments, the Court hereby **ORDERS**:

THAT, Defendants' Motion to Transfer Venue is HEREBY DENIED.

**IT IS SO ORDERED.**

**SIGNED** this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE