IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| CITY OF HARLINGEN, ET AL. | { | |

and

| | | |
|---|---|---|
| DONALD MORIN, ET AL. | { | CIVIL ACTION NO. B-00-104 |
| V. | { | |
| CITY OF HARLINGEN, ET AL. | { | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBIT LIST AND SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURE OF DOCUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants and file the following Objections to Plaintiffs' Trial Exhibit List and Supplemental Objections to Plaintiffs' Pretrial Disclosure of Documents and would show the court as follows:

I.

At about 4:50 p.m., June 3, 2003, Plaintiffs faxed a "Trial Exhibit List" to Defendants counsel. This List contains considerably more documents than were listed in Plaintiffs' Pre-trial Disclosures. The court should strike proposed Exhs. 5-42 and 46 as untimely disclosed under Federal Rule of Civil Procedure 26(a)(3), 26(e).

## II.

Pursuant to Local Rule 46 and Federal Rule of Civil Procedure 26(a)(3), the following objections are made.

| Exhibit | Description | Objection |
|---------|-------------|-----------|
| P-1 | James Robenson Confidential Investigation | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. His investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statement is hearsay. Fed. R. Evid, 801, 802. |
| 5 | Photo of AR-15 rifle | It is unclear whether this is a photo of the Olympic Arms .223 rifle or the Colt AR-15 rifle. However, a photo of either is irrelevant. Fed. R. Evid. 401, 402. |
| 7 | Photos of bullets | It is unclear to what photos Plaintiffs refer and the exact exhibits have not been provided. Defendants object to the extent such photos also depict Moore's truck or the scene/events at the Moore residence. Such photos are irrelevant. Fed. R. Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| 8 | HPD receipt for rifle given to Mrs. Sylvia Pirtle | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The receipt is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |

| 13A-13B | Autopsy of Ernest Moore | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The report is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| --- | --- | --- |
| 15 | March 10, 2000, report from DPS crime lab | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| 16 | July 14, 1998, Memo to LeBeau from Scheopner | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. His memo is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. Moreover, any claims concerning Scheopner have been dismissed and the evidence should be excluded under *res judicata*. The statement is hearsay. Fed. R. Evid. 801, 802. |

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBIT LIST & SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

I10-fmal: C:\FILES\H1023A\TRIAL MATTERS\OBJECTIONS PLFS PT-DISCL.                                                        Page 4

| 17 | July 15, 1998, Memo to Scheopner from LeBeau | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. Moreover, any claims concerning Scheopner have been dismissed and the evidence should be excluded under *res judicata*. The statement is hearsay. Fed. R. Evid, 801, 802. |
| --- | --- | --- |
| 18 | Oct. 14, 1998 Memo to LaBeau from Scheopner | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. Moreover, any claims concerning Scheopner have been dismissed and the evidence should be excluded under *res judicata*. The statement is hearsay. Fed. R. Evid, 801, 802. |
| 19 | Oct. 14, 1998 Memo to Natalie Prime from Scheopner | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. Moreover, any claims concerning Scheopner have been dismissed and the evidence should be excluded under *res judicata*. The statement is hearsay. Fed. R. Evid, 801, 802. |

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBIT LIST & SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

[10-fmg]; C:\FILES\H1023A\TRIAL MATTERS\OBJECTIONS PLFS PT-DISCL. Page 5

| 9 | Map of Moore Property | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The map is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| --- | --- | --- |
| 10 | Drawing of scene of San Benito shootings | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The drawing is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| 11.A-11.I | Photographs of Ernests Moore's Truck | The photos do not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The photos are not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| 12.A-12.G | Photographs of the interior of Ernest Moore's Room | From the description, Defendants cannot tell exactly which photographs these exhibits refer. However, in large part, the photographs are not relevant. Fed. R. Evid. 401, 402. Any slight probative value is outweighed by their tendency to confuse or mislead the jurors and is unduly prejudicial. Fed. R. Evid. 403. These photographs do not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. |

| 20 | Nov. 5, 1998 Memo to Scheopner from Prim | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. Moreover, any claims concerning Scheopner have been dismissed and the evidence should be excluded under *res judicata*. The statement is hearsay. Fed. R. Evid, 801, 802. |
| --- | --- | --- |
| 21 | Agreement to Retain Robenson | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| 22A, B | DOT Firearms Transaction Record of sale of Colt AR-15 from Vasquez to Moore | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The transaction is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBIT LIST & SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

[10-fmg]; C:\FILES\H1023A\TRIAL MATTERS\OBJECTIONS PLFS PT-DISCL.    Page 6

| 23 | Oct. 4, 1999 HPD letter for Victor Rodigurez implementing new policies and procedures | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. New policies after the events are not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. These are subsequent remedial measures that should be excluded under Fed. R. Evid. 407. |
| --- | --- | --- |
| 25 | Statement of George Hupp | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The statement is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statement is hearsay. Fed. R. Evid, 801, 802. |
| 26A, B | Statements of Shawn Foist | These documents does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The statements are not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statements are hearsay. Fed. R. Evid. 801, 802. |
| 27 | Statement of City Manager | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statement is hearsay. Fed. R. Evid. 801, 802. |

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBIT LIST & SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

[10-fmg]; C:\FILES\H1023A\TRIAL MATTERS\OBJECTIONS PLFS PT-DISCL.    Page 7

| 28 | City Manager's Report, Nov. 4, 1998 | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statements is hearsay. Fed. R. Evid, 801, 802. |
|---|---|---|
| 29 | Dennis Zamarron report dated July 7, 1999 | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The investigation is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statements is hearsay. Fed. R. Evid, 801, 802. |
| 31 | Harlingen cell phone bill | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The bill is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The bill is hearsay. Fed. R. Evid, 801, 802. |
| 32 | Oct. 14, 1998 letter from Harlingen Police Ass'n | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The letter is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statements is hearsay. Fed. R. Evid, 801, 802. |

| 33 | Nov. 29, 1998 letter from Harlingen Police Ass'n | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The letter is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statements is hearsay. Fed. R. Evid, 801, 802. |
| --- | --- | --- |
| 34 | Harlingen Police Dept. Manual excerpts | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The provision is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| 35 | TECLOSE regulations | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The provision is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The regulations produced as the exhibit were no in effect in July 1998. |
| 36A, B | Statements of Shawn Foist | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The statements are not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statements are hearsay. Fed. R. Evid, 801, 802. |

| 37, 37A-H | Transcripts of radio transmissions | These transcripts/tapes doo not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The statements are not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statements is hearsay. Fed. R. Evid, 801, 802. The y are not authenticated. Fed. R. Evid. 901. |
|---|---|---|
| 39 | Statement of James Riley | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The statement is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statement is hearsay. Fed. R. Evid, 801, 802. |
| 40A-R | Photos | These photos have not been provided and Defendants do not know what they depict. To the extent they depict events and the scene at the Moore residence, Defendants object. Any such photos do not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The photos are not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBIT LIST & SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

[10-fmg]; C:\FILES\H1023A\TRIAL MATTERS\OBJECTIONS PLFS PT-DISCL.                                        Page 10

| 41 | 1/11/00 Memo on stole M-4 Rifle | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The statements are not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. The statement is hearsay. Fed. R. Evid, 801, 802. It is not authenticated. Fed. R. Evid. 901. |
|---|---|---|
| 42 | HPD Employee Standards | This document does not bear on the events in Rio Hondo or how Ernest Moore came to possess the MAK 90 rifle in question. The provision is not relevant. Fed.R.Evid. 401, 402. Any slight probative value is outweighed by its tendency to confuse or mislead the jurors and is unduly prejudicial. Fed.R.Evid. 403. |
| 46 | Sept. 2000 Q & A of Jose Hernandez | The statement is hearsay. Fed. R. Evid, 801, 802. It is not authenticated. Fed. R. Evid. 901. If Plaintiffs claim this is a deposition, no deposition notice was served on Defendants and they were not given an opportunity to attend and question the witness; moreover, it cannot be used as the witness is local. Fed. R. Civ. P. 32(a)(3). |

Respectfully submitted,

By: _____

TOM LOCKHART
Federal ID No. 2257
State Bar No. 12473500

**ROGER W. HUGHES**
Federal ID No. 5950
State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429

Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,
CITY OF HARLINGEN AND R.D. MOORE

By: _____
WALTER J. PASSMORE
Federal ID No. 2264
State Bar No. 15560400
**LAW OFFICE OF WALTER
J. PASSMORE, P.C.**
P. O. Drawer 3187
McAllen, Texas 78502-3187
956/668-8750; FAX: 956/668-1714
Attorney for Defendant, R.D. MOORE,
Individually

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 4th day of June, 2003, to the following counsel of record and interested parties:

**Attorney of record for Plaintiff, DAN MORIN, et al:**

Mr. David Sergi
**SERGI & ASSOCIATES**
109 E. Hopkins
Suite 200
San Marcos, TX 78666
*Via Fax: 512/392-504*

**Attorney of record for Plaintiff, DONALD MORIN, et al:**

Mr. Jerry J. Treviño
**ATTORNEY AT LAW**
1125 South Port Avenue
Corpus Christi, TX 78405
*Via Fax: 361/882-8355*

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBIT LIST & SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

[10-fmg]; C:\FILES\H1023A\TRIAL MATTERS\OBJECTIONS PLFS PT-DISCL.    Page 12

**Attorney of record for Defendant, R.D. MOORE. individually:**

Mr. Walter Passmore
**LAW OFFICE OF WALTER J. PASSMORE, P.C.**
P. O. Drawer 3187
McAllen, TX 78502-3187
*Via Fax: 956/668-1714*

ROGER W. HUGHES