*89*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 0 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

## PLAINTIFF'S PROPOSED CHARGE TO THE JURY

NOW COMES, Dan Morin and Donald Morin, et al., Plaintiffs and file this their Proposed

Charge and would show this Court as follows:

Respectfully submitted,

SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
Telephone: (512) 392-5010/Fax: (512) 392-5042

BY: _____
David K. Sergi
State Bar No. 18036000

LARRY WARNER
777 E. Harrison, Suite 2
Brownsville TX 78520
Telephone: (956) 542-4784
State Bar No. 20871500
ATTORNEYS FOR DAN MORIN, ET AL.

ORIGINAL

1

Mr. Jerry J. Trevino
LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi TX 78405
(361) 882-5605
ATTORNEY FOR DONALD MORIN, ET AL.

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the following in accordance with the

Texas Rules of Civil Procedure on June 5, 2003 via hand delivery.

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, TX 78551
*Attorneys for Defendants City of Harlingen and Ralph D. Moore*

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P.O. Drawer 3766
McAllen, TX 78502-3766
*Attorney for Defendant Ralph D. Moore, individually*

DAVID K. SERGI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

## INTERROGATORY NO. 1:

**Interrogatory No. 1:**

Did the negligence, if any, of the persons and entities named below proximately cause the

deaths and personal injuries to the Morin family in question?

Answer "Yes" or "No" for each of the following:

A.    The City of Harlingen    _____

B.    R.D. Moore    _____

Source: This is the broad form submission for general negligence questions under Texas State law. See Pattern Jury Charge 4.01(b) and *Morin v. Moore,* 309 F.3d 316, 326 (5th Cir. 2002).

_____ APPROVED    _____ REJECTED    _____ MODIFIED

_____

FILEMON VELA
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

**DEFINITIONS AND INSTRUCTIONS FOR INTERROGATORY NO. 1**

Plaintiffs claim that both the City and its police officers negligently used the AK-47 in the course and scope of the employment of R.D. Moore and that the negligent use of the AK-47 was the proximate cause of injury to Plaintiffs Morin family and the cause of death of Margarita Morin and Delia Morin.

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such

that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

An "employee" is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely a result to be accomplished. An employee is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

Plaintiffs are claiming that both the City of Harlingen and Defendant Ralph D. Moore negligently entrusted the AK-47 to Ernest Moore, R.D. Moore's son. Plaintiffs further assert that the City's policy regarding the issuance of automatic weapons was not followed in this case and that the AK-47 was issued by the City to R.D. Moore when he was not qualified to use the same. As a result, the City's responsibility emerges if the AK-47 was issued to R.D. Moore in violation of the City's policy and the City was negligent in doing so.

As to Plaintiffs' claim that Defendant Ralph D. Moore negligently entrusted the rifle to Ernest Moore, "negligence" means entrusting the AK-47 to a reckless person if the Defendant Ralph D. Moore knew or should have known that Ernest Moore was reckless in handling the AK-47. Such negligence is a proximate cause of death or injury if Ernest Moore's negligent use of the AK-47 was the proximate cause of injury or death.

*City of San Augustine v. Parrish,* 10 S.W.3d 734, 740 (Tex. App.–Tyler, 1999, reh. of petition for review denied 2001). *Morin v. Moore,* 309 F.3d 316, 326-328 (5th Cir. 2002) reh. denied 2003.

*Source:* Texas Pattern Jury Charge 2.01, 3.01, 7.06 and 7.12.

\_\_\_\_\_ APPROVED        \_\_\_\_\_ REJECTED        \_\_\_\_\_ MODIFIED


_____
FILEMON VELA
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

## INTERROGATORY NO. 2.

If, in answer to Interrogatory No. 1, you have found that the negligence of more than one of the persons or entities named below proximately caused the deaths and personal injuries to the Morin family, then answer the following question. Otherwise, do not answer the following question.

**Interrogatory No. 2:**

What percentage of the negligence that cause the deaths and personal injuries to the Morin family do you find attributable to each of those found by you, in your answer to Interrogatory No. 1, to have been negligent?

The percentages you find must total 100%. The negligence attributable to a person or entity named below is not necessarily measured by a number of acts or omissions found. The percentage attributable to anyone need not be the same percentage attributed to that one in answering another question.

A.     The City of Harlingen          ____%

B.     R.D. Moore                     ____%

                TOTAL:          100%

*Source:* See Texas Pattern Jury Charge, 4.03(b).

_____ APPROVED        _____ REJECTED        _____ MODIFIED


                                        _____
                                        FILEMON VELA
                                        UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

**INTERROGATORY NO. 3**

**Interrogatory No. 3:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Dan Morin for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

    A.      Physical pain and mental anguish

    B.      Loss of earning capacity

    C.      Disfigurement

    D.      Physical impairment

    E.      Medical care

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Dan Morin.

Answer in dollars and cents for damages, if any, that were sustained in the past and that in reasonable probability will be sustained in the future.

ANSWER: $_____.

*Source:* 7.02(b) Texas Pattern Jury Charge.

_____  APPROVED        _____  REJECTED        _____  MODIFIED

_____
FILEMON VELA
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

### DEFINITIONS AND INSTRUCTIONS FOR INTERROGATORY NO. 3

<u>BODILY INJURY DAMAGES FOR DAN MORIN</u>

    1.    You may award damages for any bodily injury that the Plaintiff Dan Morin has sustained and pain and suffering, disability, disfigurement, mental anguish and/or loss of capacity for enjoyment of life that Plaintiff Dan Morin experienced in the past or will experience in the future as a result of the bodily injury. No value of intangible things, such as mental or physical pain and suffering has been or need be introduced. You are not trying to determine a value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

    2.    You may award reasonable expense of hospitalization, medical and nursing care and treatment that the Plaintiff Dan Morin will require because of his injuries which were caused by the Defendant's wrongful conduct.

3.    If you find that either or both of the Defendants are liable to any Plaintiff, then you must determine an amount that is fair compensation for all of that Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of his injury. If Plaintiff Dan Morin wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, lost earning capacity, and medical expenses that he has suffered because of the Defendant's conduct.

4.    Plaintiffs are also entitled to compensatory damages for loss of services and support, loss of companionship, mental anguish, medical expenses and funeral expenses they have suffered because of the Defendant's conduct, if you decide.

5.    You may award compensatory damages only for injuries that the Plaintiffs prove were proximately caused by the City's allegedly wrongful custom, policy, or practice, if any. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiffs have actually suffered or that the Plaintiffs are reasonably likely to suffer in the future.

6.    If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove

the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permits.

7.    You must use sound discretion in fixing an award of damages if you award damages drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

8.    You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

A.    <u>Damages Accrued</u>

If you find for a Plaintiff, he or she is entitled to recover an amount that will fairly compensate him or her for any damages he or she has suffered to date.

B.    <u>Calculation of Future Damages</u>

If you find that a Plaintiff is reasonably certain to suffer damages in the future from his or her injuries, then you should award him or her the amount you believe would fairly compensate him or her for such future damages.

C.    <u>Reduction of Future Damages to Present Value</u>

An award of future damages necessarily requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date, if you should find that the Plaintiff will not actually suffer until some future date. If you should find that the Plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.    You should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings.

2.    If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that Plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that the Plaintiff can earn on that amount in the future.

3.    If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with the loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

### WRONGFUL DEATH AND SURVIVOR DAMAGES FOR PLAINTIFFS MINORS RUBEN RIOS, JR., AND BRIAN MORIN

9.    You may award Minors Ruben Rios, Jr., and Brian Morin damages they may have sustained for lost support and services, medical and funeral costs, loss of companionship, and mental anguish as follows:

<u>Lost Support and Services</u>

10.    The loss of Delia Morin's support and services that the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin have sustained because of her death. You must determine the duration of any

future loss by considering the joint life expectancy of Delia Morin and Plaintiffs Minors Ruben Rios, Jr., and Brian Morin. "Joint life expectancy" means the number of years both Delia Morin and Plaintiffs Minors Ruben Rios, Jr., and Brian Morin could have been expected to be alive together, considering the ages and life expectancy of each at the time of Delia Morin's death.

11.    In evaluating past and future loss of support and services, you must consider the Plaintiffs', Minors Ruben Rios, Jr., and Brian Morin, relationship to Delia Morin, the amount of Delia Morin's probable net income available for distribution to the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin and the replacement value of Delia Morin's services to Plaintiffs Minors Ruben Rios, Jr., and Brian Morin. "Support" includes contributions in kind as well as sums of money. "Services" means tasks that Delia Morin regularly performed that now will be a necessary expense to the Plaintiffs Minors Ruben Rios, Jr., and Brian Morin because of Delia Morin's death.

Surviving Minor Child

12.    The loss of parental companionship, instruction, and guidance, and the mental anguish Minors Ruben Rios, Jr., and Brian Morin sustained because of Delia Morin's death. In determining the duration of these losses, you must consider the joint life expectancy of the decedent and Minors Ruben Rios, Jr., and Brian Morin.

WRONGFUL DEATH AND SURVIVOR DAMAGES FOR PLAINTIFFS
[Survivors of Margarita Morin]

13.    You may award Plaintiff Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin damages they may have sustained for lost support and services, medical and funeral services, loss of companionship, and mental anguish as follows:

<u>Lost Support and Services</u>

14.    The loss of Margarita Morin's support and services that the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin have sustained because of Margarita Morin's death. You must determine the duration of any future loss by considering the joint life expectancy of Margarita's Morin's and the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin. "Joint life "expectancy means the number of years that both Margarita Morin and Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin could have been expected to be alive together, considering the ages and life expectancy of each at the time of Margarita Morin's death.

15.    In evaluating past and future loss of support and services, you must consider the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin's relationship to Margarita Morin, the amount of Margarita Morin's probable net income available for distribution to the Plaintiffs, Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin and the replacement value of Margarita Morin's services to the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin. "Support" includes contributions in kind as well as sums of money. "Services" means tasks that Margarita Morin regularly performed that now will be a necessary expense to the Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin because of Margarita Morin's death.

<u>Surviving Adult Children</u>

16.    Plaintiffs Dan Morin, Donald Morin, Danny Morin, Diana Morin and Jennifer Gwin's mental anguish resulting from the death of their parent.  In determining the duration of this mental

pain and suffering, you must consider the life expectancies of the Plaintiffs Dan Morin, Donald

Morin, Danny Morin, Diana Morin and Jennifer Gwin and Margarita Morin.

*Source:* Fifth Circuit Pattern Jury Instruction, §§ 15.2, 15.3, 15.4 and 15.2, 1999.


\_\_\_\_\_ APPROVED        \_\_\_\_ REJECTED        \_\_\_\_ MODIFIED


_____
FILEMON VELA
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

## INTERROGATORY NO. 4

**Interrogatory No. 4:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Dan Morin, Donald Morin, Diana Morin, Danny Morin, and Jennifer Gwin for their injuries, if any, resulting from the death of Margarita Morin?

Consider the following elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element.

Answer separately, in dollars and cents, for damages if any.

A.    Dan Morin's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future. $_____

B.    Donald Morin's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future. $_____

C.    Dan Morin's mental anguish in the past. $_____

D.     Mental anguish that, in reasonable probability, Dan Morin will suffer in the future.
       $_____

E.     Danny Morin's loss of support and services, loss of companionship, mental anguish in the
       past and mental anguish that in reasonable probability he will suffer in the future.
       $_____

F.     Diana Morin's loss of support and services, loss of companionship, mental anguish in the
       past and mental anguish that in reasonable probability he will suffer in the future.
       $_____

G.     Jennifer Gwinn's loss of support and services, loss of companionship, mental anguish in the
       past and mental anguish that in reasonable probability he will suffer in the future.
       $_____

*Source:* 7.02(b) Texas Pattern Jury Charge.

_____ APPROVED        _____ REJECTED        _____ MODIFIED


_____
FILEMON VELA
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

## INTERROGATORY NO. 5

**Interrogatory No. 5:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Minor Plaintiffs Ruben Rios, Jr. and Brian Morin for their injuries, if any, resulting from the death of Delia Morin?

Consider the following elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element.

Answer separately, in dollars and cents, for o damages, if any.

A.    Ruben Rios, Jr.s loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future. $_____

B.    Brian Morin's loss of support and services, loss of companionship, mental anguish in the past and mental anguish that in reasonable probability he will suffer in the future. $_____

*Source:* 7.02(b) Texas Pattern Jury Charge.

_____ APPROVED      _____ REJECTED      _____ MODIFIED


_____
FILEMON VELA
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DAN MORIN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |
| | § | |
| **and** | § | |
| | § | |
| **DONALD MORIN, ET AL.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-00-104** |
| | § | |
| **CITY OF HARLINGEN, ET AL.** | § | |

## INTERROGATORY NO. 6

**Interrogatory No. 6:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Dan Morin for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

A.      Physical pain and mental anguish

B.      Loss of earning capacity

C.      Disfigurement

D.      Physical impairment

E.      Medical care

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Dan Morin.

Answer in dollars and cents for damages, if any, that were sustained in the past and that in reasonable probability will be sustained in the future.

ANSWER: $_____.

*Source:* 7.02(b) Texas Pattern Jury Charge.

_____ APPROVED     _____ REJECTED     _____ MODIFIED

_____
FILEMON VELA
UNITED STATES DISTRICT JUDGE