**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 0 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL. | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**RULE 56 MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE FILEMON VELA:

COMES NOW, Plaintiffs Dan Morin and Donald Morin, et al. and file this Response to Defendants' Rule 56 Motion for Summary Judgment and would show as follows:

David K. Sergi
Federal ID No. 74-2941105
State Bar No. 18036000
SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
Telephone: (512) 392-5010/Fax: (512) 392-5042

Jerry J. Trevino
Federal ID No. 15031
State Bar No. 20211228
LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi TX 78405
Telephone: (361) 882-5605/Fax: (361) 882-8355

ATTORNEYS FOR PLAINTIFFS

# **TABLE OF CONTENTS**

                                                                                                                                                     Page

I.     SUMMARY OF ARGUMENT ............................................. 1

II.    OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE ........ 2

III.   FACTUAL STATEMENT ................................................ 4

IV.   ARGUMENT AND AUTHORITIES ........................................ 5

V.    CONCLUSION ........................................................ 7

CERTIFICATE OF SERVICE ................................................... 8

# **TABLE OF AUTHORITIES**

Page

Cites:

*City of San Augustine v. Parrish,* 10 S.W.3d 734, 740 (Tex. App.–Tyler, 1999,
 reh. of petition for review den. 2001) .................................... 6

*Gonzales v. City of El Paso,* 978 S.W.2d 619, 623 (Tex. App.–El Paso, 19989) ............. 6

*Morin v. Moore, et al.,* 309 F.3d 316, 326-328 (5th Cir. 2002),
 reh. denied (5th Cir., Jan. 9, 2003) ..................................... 7

*Texas Department of Criminal Justice v. Miller,* 51 S.W.3d 583, 588 (Tex. 2001) ........... 6

Texas Civil Practice & Remedies Code Annotated:

Section 101.021 Civ. Prac. & Rem. Code ..................................... 5

Federal Rules of Civil Procedure:

Rule 56, Fed. R. Civ. P. ................................................. 2

Federal Rules of Evidence:

Rule 602 Fed. R. Evid. .................................................. 2

Rule 802 Fed. R. Evid. ................................................ 2, 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAN MORIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL. | § | |
| | § | |
| and | § | |
| | § | |
| DONALD MORIN, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL. | § | |

PLAINTIFFS' RESPONSE TO DEFENDANTS'
RULE 56 MOTION FOR SUMMARY JUDGMENT

I.
SUMMARY OF ARGUMENT

The affidavits and attachments to Defendant Harlingen's Rule 56 Motion for Summary Judgment and Defendant City of Harlingen's Response to Plaintiffs' Motion for Continuance to Respond to Rule 56 Motion for Summary Judgment show that both the AR-15 (.223) Colt rifle formerly owned by Dr. Pirtle and used to murder the Salinas plaintiffs, and the MAK-90 AK-47 (7.62mm) weapon used to murder and injure the Plaintiffs in this case, are both titled in different names[1] but used by the City of Harlingen. As a result, the trial testimony in Salinas indicated that the City of Harlingen owned the AR-15 as a constructive trustee since it had the "use" of this weapon and a jury could reasonably infer that, likewise, the AK-47 used in the crimes committed against the

---

[1] The Pirtle AR-15 used in the *Salinas* case shootings was titled in Dr. Pirtle's name, while the AK-47 used in this *Morin* case was titled in Captain Vasquez's name.

Morin family in this case was "used" by the City of Harlingen. As a result, these fact issues preclude the granting of Defendants' Motion for Summary Judgment.

## II.
## OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE

1. Plaintiffs object to Exhibit "A" Affidavit of Danny Carpenter attached to Defendants' Motion for Summary Judgment at page 2 in the last paragraph where the statement is made that "the attached Exhibits '1' and '2' are true, accurate and complete copies of original ATF records; these records were prepared in the official weapons trace performed by ATF to assist in the criminal investigation by the Texas Rangers" for the reason that, on page 1 of Mr. Carpenter's Affidavit, he acknowledges that he retired on June 3, 2000 and this Affidavit was not made until November 2, 2000, some five months after his retirement. There is no affidavit of business records from ATF to show that any of the attachments were, in fact, contained in ATF's official records.

2. Plaintiffs object to Exhibit "A" statement at the bottom of page 2 that "Exhibits '1' and '2' are true, accurate and complete copies of original ATF records" for the reason that Exhibit "2" is not sworn to in accordance with Rule 56, Fed. R. Civ. P., and therefore is not competent summary judgment evidence. The only conclusion made in the sworn affidavit of Mr. Carpenter ends at Item 3 on page 2 where the MAK-90 rifle is traced from Jerry Johnson to Joseph Bennett Vasquez, and there is no sworn statement by Mr. Carpenter that Mr. Vasquez sold that weapon to R.D. Moore.

3. Exhibit A/Exhibit 2 "Statement of Danny Carpenter" is objected to as containing hearsay in violation of Rule 802, Fed. R. Evid., and for its lack of personal knowledge, Rule 602 Fed. R. Evid., since it contains nothing more than the unsworn statement of Danny Carpenter of what someone else reported to him was the intention to sell and/or purchase the weapon. Harlingen has

offered no evidence from Jerry Johnson to support these contention and, therefore, this Exhibit 2 to Exhibit A Affidavit is objected to as stated above.

4.	Exhibit B "Affidavit of Joseph Bennett Vasquez" is objected to as the same as the affidavit of an interested witness and not subject to cross-examination for summary judgment purposes. Further, it contains hearsay, Rule 802, and in accordance with Exhibit 1 receipt attached to the affidavit is in conflict with his affidavit. Mr. Vasquez's affidavit states that he "paid $125.00 of my own money and traded my personally owned SKS . . . as the purchase price for this MAK 90 rifle." Yet, Exhibit 1 to Exhibit B Affidavit, which is the purported receipt from Mr. J. Johnson, contains the words "pd cash" with the initials "JJ" which indicate it was a cash transaction rather than a trade. No explanation is given for this conflict and this internal conflict with the Exhibit B Affidavit of Joseph Vasquez calls for the rejection of this Affidavit as evidence in summary judgment, since at best, it creates a fact issue.

5.	Exhibit C to Defendants' Motion for Summary Judgment Affidavit of Ralph Dwayne Moore is objected to as containing hearsay, Rule 802, and as being the affidavit of an interested witness not subject to cross-examination for summary judgment purposes. In particular, he shows in his Affidavit conflicting statements where he states that "I bought the MAK 90 rifle . . . from Joe Vasquez <u>for my son</u> Ernest with $225.00 of Ernest's money" and yet the Exhibit B Affidavit of Joseph Vasquez states that he sold the same MAK 90 assault rifle to "R.D. Moore for $225.00 cash," indicating that R.D. Moore rather than Ernest Moore was the purchaser. These conflicting statements in these affidavits show that they are not trustworthy and this Court should reject them as summary judgment evidence.

III.
FACTUAL STATEMENT

Defendants' summary judgment fails for the simple reason that in viewing the affidavits and attachments to Defendants' Motion for Summary Judgment and the affidavits and other attachments to Defendant City of Harlingen's Response to Plaintiff's Motion for Continuance to Respond to Rule 56 Motion for Summary Judgment there is a picture of two different assault rifles used in the commission of crimes against the *Salinas* plaintiffs and against the *Morin* family which merge on one critical issue, *viz.*, both weapons were possessed by Capt. Vasquez and transferred to Defendant R.D. Moore to be used by Officer Moore. In Defendant City of Harlingen's Response to Plaintiff's Motion for Continuance, Defendant City of Harlingen acknowledges that the AR-15 weapon was in fact City property. So Response to Plaintiff's Motion for Continuance, Exhibit 2, page 164, lines 3–5, in which the City of Harlingen's testimony is that the AR-15 was constructively possessed by the City of Harlingen. Thus, the use of this Pirtle AR-15 weapon (that belonged to someone else, *viz.*, Dr. Pirtle) was "used" by Capt. Joseph Vasquez the exact same way the *Morin* AK-47 weapon likewise was used by Capt. Joseph Vasquez. It is a fact question for the jury in this case to determine how Capt. Joseph Vasquez transferred both weapons to Detective R.D. Moore for "use" by the City of Harlingen. In particular, Jim Scheopner, the Police Chief at the time,[2] testified in the *Salinas* trial that the City of Harlingen had a policy regarding the use of weapons,[3] and the Defendant R.D. Moore was on City business because Defendant Moore was a police sharpshooter[4] and therefore the

---

[2]See Defendants' Response to Plaintiff's Motion for Continuance, Exhibit 2, p. 232.

[3]*Id.* at p. 305.

[4]*Id.* at 305.

assignment by Capt. Vasquez of the Pirtle AR-15 used in the *Salinas* shootings was official police business. However, Chief Sheopner also testified that both Capt. Vasquez[5] and Detective Moore[6] violated the City's policy on firearms.

In this case, Defendants' summary judgment merely shows that the use of the AK-47 in the *Morin* shootings occurred *exactly* the same as the use of the AR-15 in the *Salinas* shootings. Once again, Capt. Vasquez is providing this AK-47 to Detective Moore and, like the AR-15 used in the *Salinas* case, the provision of the AK-47 to Defendant R.D. Moore had fatal consequences to the Morin family. Clearly, a fact issue exists concerning whether or not the "use" of the AK-47 is the same as the use of the AR-15—i.e, for City business by City of Harlingen police officers. Plaintiffs request this Court deny Defendants' Motion for Summary Judgment.

## IV.
## ARGUMENT AND AUTHORITIES

Section 101.021(2) Civ. Prac. & Rem. Code provides that the City's sovereign immunity is waived for personal injury or death from the *use* of tangible personal property. In the instant case, as shown above, both the Pirtle AR-15 and the Morin AK-47 assault rifles are used by Capt. Joseph Vasquez and Defendant R.D. Moore in precisely the same fashion. Clearly, a jury can infer that just as the City of Harlingen allowed Capt. Vasquez to constructively "possess" its rifle in the AR-15 Pirtle weapon, the Morin AK-47, likewise, was constructively possessed by Vasquez and transferred to Defendant R.D. Moore in the same fashion as the Pirtle AR-15 and therefore was used by the City of Harlingen. As a result, if this AK-47 weapon was used against the Morin family for murder and

---

[5] *Id.* at 304.

[6] *Id.* at p. 304.

personal injuries in the same fashion as the Pirtle AR-15 was used against the *Salinas* plaintiffs, this constitutes property that actually caused the injury to the Morin family and is an issue for the jury in this case to decide, *Texas Department of Criminal Justice v. Miller,* 51 S.W.3d 583, 588 (Tex. 2001). "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *id.*

Defendants Vasquez and Moore, both acknowledged police officers of the City of Harlingen, were acting within the scope of their employment when they transferred possession and use of both the Pirtle AR-15 and the Morin AK-47 to R.D. Moore and R.D. Moore negligently entrusted it to his son, Ernest Moore to commit the brutal murders and injuries to the Morin family. As a result, sovereign immunity is waived, *Gonzales v. City of El Paso,* 978 S.W.2d 619, 623 (Tex. App.–El Paso, 1998). Defendants own evidence shows that these weapons were reportedly assigned to R.D. Moore by the City when their police chief, Jim Sheopner, see Exhibit 2, page 232 to Defendants' Response to Plaintiff's Motion for Continuance, testified the AR-15 in particular was "assigned" to R.D. Moore as "a sharpshooter team," Exhibit 2, page 305, lines 1–3, and this, of course, would be within the scope of both R.D. Moore's and Capt. Joseph Vasquez's employment. Moreover, Chief Sheopner's testimony that the City of Harlingen had a policy relating to assignment of weapons, Exhibit 2, p. 305, which was violated by both Capt. Vasquez and Detective Moore, Exhibit 2, p. 304, even though Moore was on a sharpshooter assignment by the City, Exhibit 2, p. 305, the City of Harlingen is liable for the negligent implementation of its weapon's policy, and its sovereign immunity is thus waived, *City of San Augustine v. Parrish,* 10 S.W.3d 734, 740 (Tex. App.–Tyler, 1999, reh. of petition for review den. 2001). As the Fifth Circuit has stated, where a rifle originates from Harlingen Police Department and was entrusted to R.D. Moore within the scope of his

employment, the same constitutes negligence and negligent entrustment, *Morin v. Moore, et al.,* 309 F.3d 316, 326-328 (5th Cir. 2002), *reh. denied* (5th Cir., Jan. 9, 2003).

V.
CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants' Motion for Summary Judgment in all things be denied and that the issue of "use" of the Morin AK-47 weapon be submitted to the jury.

Respectfully submitted,

SERGI & ASSOCIATES, P.L.L.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
Telephone: (512) 392-5010/Fax: (512) 392-5042

BY: _____
David K. Sergi
Attorney for Plaintiff
State Bar No. 18036000

Mr. Jerry J. Trevino
LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi TX 78405
ATTORNEY FOR DONALD MORIN, ET AL.
ALSO JOIN IN THIS MOTION

# CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the following in accordance with the Texas Rules of Civil Procedure on June 3, 2003.

**VIA CMRRR 7002 2030 0005 9874 6245**
Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, TX 78551
*Attorneys for Appellees City of Harlingen and Ralph D. Moore*

**VIA CMRRR 7002 0510 0001 1764 3533**
Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P.O. Drawer 3766
McAllen, TX 78502-3766
*Attorney for Appellee Ralph D. Moore, individually*

_____
DAVID K. SERGI