IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 21 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DAN MORIN | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

and

| | | |
|---|---|---|
| DONALD MORIN, ET AL. | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-104 |
| | { | |
| CITY OF HARLINGEN, ET AL. | { | |

**JOINT MOTION TO ENTER STIPULATED ORDER OF DISMISSAL AND UNOPPOSED MOTION TO APPROVE DISTRIBUTION OF MINORS' FUNDS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs DONALD MORIN, DANNY MORIN, DIANA MORIN, JENNIFER GWIN, RUBEN RIOS, SR. and MARIA LOPEZ and Defendants CITY OF HARLINGEN and R.D. MOORE and file this Joint Motion to Enter Stipulated Partial Order of Dismissal and Unopposed Motion to Approve Distribution of Minors' Funds and would respectfully show the Court as follows:

## I. CERTIFICATE OF CONFERENCE

Counsel have conferred there is no opposition to this Motion.

## II.

On June 6, 2003, this Court approved a settlement in this case, involving the claims of the minors, Ruben Rios, Jr. and Brian Morin. On the record in chambers, the court approved a settlement whereby (1) each minor would receive a total of $20,000.00 from Defendants City of Harlingen and R.D. Moore and (2) Plaintiffs Donald Morin, Danny Morin, Diana Morin, and Jennifer Gwyn would dismiss their claims with prejudice. Said parties move for a dismissal of all claims by stipulation under Rule 41. Plaintiff Dan Morin has previously moved for dismissal. Dkt #96.

## III.

Plaintiffs Ruben Rios, Sr. (as next friend of minor Ruben Rios, Jr.) and Maria Lopez (as next friend of minor Brian Morin) and Defendants City of Harlingen and R.D. Moore urge the court that there is no necessity for the appointment of a guardian ad litem or for further evidentiary hearing on the matter. First, the Court already heard evidence concerning the fairness of the settlement at the in-chambers hearing held on June 6, 2003. The hearing was attended by the parties and their counsel; the Court received evidence from the parties concerning the fairness of the settlement, given the nature of liability and that the children had incurred no medical expenses. Second, all that remains is to determine the rasonableness of legal fees and expenses; Plaintiffs and Defendants believe the Court can

adequately resolve those issues without the appointment of a guardian ad litem. Third, at this point, it appears there is no conflict of interest between the minors and their next friends. Ruben Rios, Sr. and Maria Lopez sought no claim for themselves and appeared only as next friends. The award to them is strictly to reimburse for legal fees and expenses for claims on behalf of the minors.

Plaintiffs Ruben Rios, Sr., as next friend of minor Ruben Rios, Jr. and Maria Lopez, as next friend of minor Brian Morin move the Court approve the amount from the settlement moneys to be paid to them as reimbursement for reasonable legal fees and litigation expenses and that the balance of the sums be deposited into the registry of the court for the use and benefit of the minors. See attached Exh. 1.

Specifically, Ruben Rios, Sr. would show the Court that the sum of $9,668.97 are the amounts of his reasonable legal fees and litigation expenses for pursuing the claims of the minor Ruben Rios, Jr. Maria Lopez would show the Court that the sum of $9,668.97 are the amounts of his reasonable legal fees and litigation expenses for pursuing the claims of the minor Brian Morin. Said Plaintiffs ask the Court award them those sums directly and that the balance of the amounts be deposited into the registry of the court. See attached Exh. 1.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs DONALD MORIN, DANNY MORIN, DIANA MORIN, JENNIFER GWYN, RUBEN RIOS, SR. and MARIA LOPEZ and Defendants CITY OF HARLINGEN and R.D. MOORE move the Court grant the relief requested.

Respectfully submitted,

By: _____
JERRY J. TREVIÑO
Admission ID No. 15031
State Bar No. 20211228
**LAW OFFICES OF JERRY J. TREVIÑO, P.C.**

1125 South Port Avenue
Corpus Christi, TX 78405
Telephone: 361/882-5605
Facsimile: 361/882-8355

Attorney For *Plaintiffs* DONALD MORIN, DANNY MORIN, DIANA MORIN, JENNIFER GWIN, RUBEN RIOS, SR. AS NEXT FRIEND OF MINOR RUBEN RIOS, JR., AND MARIA LOPEZ AS NEXT FRIEND OF MINOR BRIAN MORIN

By: _____
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: 956/428-7495
Facsimile: 956/428-2954

Attorneys for *Defendant* CITY OF HARLINGEN

By: _____ By Permission
WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400
**THE LAW OFFICE OF WALTER J.**
**PASSMORE, PC**
P. O. Drawer 3187
McAllen, TX 78502-3187
Telephone: 956/668-8750
Facsimile: 956/668-1714

Attorney for *Defendant* R.D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 19th day of November, 2003, to the following counsel of record and interested parties:

Attorney of record for *Plaintiff*, DAN MORIN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARGARITA FLORES:

Mr. David Sergi
**SERGI & ASSOCIATES**
109 E. Hopkins, Suite 200
San Marcos, TX 78666

Attorney For *Plaintiffs* DONALD MORIN, DANNY MORIN, DIANA MORIN, JENNIFER GWIN, RUBEN RIOS, SR. AS NEXT FRIEND OF MINOR RUBEN RIOS, JR., AND MARIA LOPEZ AS NEXT FRIEND OF MINOR BRIAN MORIN:

Mr. Jerry J. Treviño
**LAW OFFICES OF JERRY J. TREVIÑO, P.C.**
1125 South Port Avenue
Corpus Christi, TX 78405

Attorney for *Defendant* R.D. MOORE:

Mr. Walter J. Passmore
THE LAW OFFICE OF WALTER J. PASSMORE, PC
P. O. Drawer 3187
McAllen, TX 78502-3187

_____
ROGER W. HUGHES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| DONALD MORIN, ET AL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-104 |
| | § | |
| CITY OF HARLINGEN, ET AL | § | |

### ATTORNEY'S FEE AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

BEFORE ME the undersigned authority appeared JERRY J. TREVINO upon oath did depose and state the following:

"My name is JERRY J. TREVINO. I am a duly authorized attorney at law, licensed to practice law in the state courts of the State of Texas and the Federal Courts of the Southern District of Texas with offices in Corpus Christi, Nueces County and Harlingen, Cameron County, Texas. My firm is principally engaged in personal injury litigation in the South Texas region. Accordingly, I am familiar with the standards for practicing law and the usual and customary fees for civil litigation in South Texas. The usual and customary hourly rate for attorney's services in civil litigation and contingent fee contracts, such as the above-referenced cause. I have outlined below justifiable reasons for my attorney's fee of 40% from the settlement amount of $20,000.00 for the minor plaintiff, Brian Morin and 40% from the settlement amount of $20,000.00 for the minor plaintiff, Ruben Rios, Jr.:

a. I prepared and filed an Original Complaint on behalf of Plaintiffs, Donald Morin, et al, against the Defendants alleging a violation of 42 U.S.C.A. 1988 and the Texas Tort Claim Act, seeking damages for the wrongful deaths of Delia Morin and Margarita Flores.
b. I prepared numerous citations and had all Defendants served as provided by law. The Defendants filed a timely answer alleging numerous affirmative defenses including but not limited to governmental immunity, official immunity and common law defenses.
c. The Defendants filed a Motion to Dismiss pursuant to F.R.C.P. 12b(6) seeking a dismissal of all Federal and State causes of action alleged in Original Complaint. I reviewed their motion and prepared a timely response with authorities that was timely filed seeking a denial of Defendants' Motion to Dismiss.
d. The Honorable Magistrate entered his findings and recommended that all Federal and State Claim causes should be dismissed because Plaintiff

  failed to state lawful fact alleging a cause of action that they could recover damages.

e. I, on behalf of Plaintiffs, reviewed the Magistrate's findings and filed objections and a motion to reconsider the findings and recommendation. The Federal District Court accepted the recommendation of magistrate and granted the motion dismissing all claims.

f. On behalf of Plaintiffs, I filed a Notice of Appeal of the Federal District Court's order dismissing all claims to the Fifth Circuit Court of Appeals in New Orleans. Moreover, I requested all transcripts and records from the Federal District Clerk and filed same with the Fifth Circuit Court of Appeals. I spent numerous hours in researching the law regarding all of the claims that were dismissed and prepared a lengthy Appellants Brief with an extensive Appendix and timely filed Appellants Brief with the Fifth Circuit Court of Appeals. I prepared for the oral arguments for appeal together with Mr. David Sergi, attorney for Co-Plaintiff who also appealed the judicial order dismissing all claims and he presented the arguments to the Court of Appeals on behalf of all Plaintiffs.

g. The Fifth Circuit Court of Appeals affirmed in part and reversed the State's claims remanding them for trial.

h. I attended a pre-trial conference in the Federal District Court and conducted extensive discovery including oral depositions, issuing subpoenas, written depositions and filed all of the trial exhibits necessary for the trial of the case that was set for June, 2003.

i. I attended a court ordered mediation representing the Plaintiffs in the pending state claim and reached the settlement agreement giving rise to the contingent attorney fees sought in this case.

  I am of the opinion that 40% attorney fees would be a reasonable fee for services performed through the appeal filed in the Fifth Circuit of Appeals and to date in the trial court for the case that was remanded for trial, thus resulted in the above described settlement."

I have read the above and foregoing and it is true and correct."

_____
JERRY J. TREVINO

  SWORN TO and SUBSCRIBED before me by JERRY J. TREVINO on this 18 day of NOV., 2003.

_____
Notary Public in and for
the State of Texas

Affidavit
Page 2 of 2